NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATREICA SMITH, MATTIE HALLEY, and BARRY WEIN, On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 2:10-cv-03345 (SDW) |
| Plaintiffs, | **OPINION** |
| v. | |
| HONEYWELL INTERNATIONAL INC. and PPG INDUSTRIES, INC., | February 28, 2011 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is Defendant's, Honeywell International Inc. ("Honeywell" or "Defendant"), Motion to Dismiss Plaintiffs' Class Action Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **DENIES** Honeywell's Motion as to Counts 1 through 6 and **GRANTS** the Motion as to Count 7.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the Complaint, Defendants operated or are successors to companies that operated chromate production facilities in Jersey City, New Jersey. These facilities created waste materials that contained toxic chemicals which resulted in "wind, erosion and other airborne and waterborne release" within Jersey City. Plaintiffs, residents of Jersey City, allege that "[t]he hazardous substances were and are transported by wind and other natural and human

1

processes onto and into Plaintiffs' homes, property and person." Plaintiffs claim that they have suffered damages as a result of "Defendants' wrongful emission, release, discharge, handing, storage, transportation, processing, and disposal of their toxic and hazardous manufacturing by-product Chromium Ore Processing Reside ("COPR")."

The Complaint also alleges that up until September 2008, health and environmental regulators led Jersey City residents to believe that exposure to COPR and the chromium contained in COPR[1] did not present a cancer risk. In September 2008 "the U.S. Agency for Toxic Substances and Disease Registry ("ATSDR"), for the first time, determined that citizens of Jersey City in close proximity to COPR sites had as high as a 17% increase in the incidence of lung cancer." In addition, the presence of hexavalent chromium was detected for the first time in all homes studied in Jersey City in 2008.

Plaintiffs filed their Complaint with the Superior Court of New Jersey on May 17, 2010. They bring forth claims of private nuisance, strict liability, trespass, battery, negligence, civil conspiracy, and unjust enrichment. Defendants filed their notice of removal on June 29, 2010. On July 30, 2010, Defendant Honeywell filed the current motion to dismiss alleging that the statute of limitations has run on Plaintiffs' claims and that the claims are otherwise barred as the Complaint fails to state grounds upon which these claims may be granted.

---

[1] Hexavalent chromium, "a potent lung carcinogen," is contained in COPR along with "aluminum, antimony, barium, beryllium, cadmium, calcium, cobalt, copper, iron, lead, magnesium, manganese, nickel, potassium, silver, silicon, vanadium, zinc and titanium."

**DISCUSSION**

**Legal Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal citations omitted).  A pleading is sufficient if it alleges "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff must put forth enough information to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 at 231.

While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. De Kalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (holding that a court does not need to credit "bald assertions" or "legal conclusions" of a complaint when deciding a motion to dismiss).  Further, "[a] court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003).

**Statute of Limitations**

Plaintiffs' property damage claims are governed by a six-year statute of limitations while a two-year limitations period applies to their other tort claims.  *See* <u>N.J.S.A.</u> 2A:14-1; <u>N.J.S.A.</u>

2A:14-2. Under New Jersey law, "a cause of action ordinarily accrues when a plaintiff knows of his injuries and has sufficient facts to attribute those injuries to the fault of another." *Analytical Measurements v. Keuffel & Esser Co.*, 843 F. Supp. 920, 927 (D.N.J. 1993). The discovery rule "'postpon[es] the accrual of a cause of action' so long as a party reasonably is unaware either that he [or she] has been injured, or that the injury is due to the fault or neglect of an identifiable individual or entity." *Mancuso v. Neckles*, 163 N.J. 26, 29 (2000) (alterations in original). The question for this Court when dealing with the tolling of environmental claims is "whether there are enough indications of environmental contamination to put the plaintiff on reasonable notice of a need to investigate further." *New W. Urban Renewal Co. v. Viacom, Inc.*, 230 F. Supp. 2d 568, 573 (D.N.J. 2002).

As required by the legal standard, this Court has accepted all of the Plaintiffs' factual allegations as true for the purpose of deciding the motion to dismiss. Defendant has submitted several reports and newspaper articles discussing chromium contamination in Hudson County, New Jersey, and argues that these reports and articles should have put potential plaintiffs on notice. Some of these exhibits are dated as far back as 1984. However, a May 1990 report issued by the Industrial Health Foundation titled "Conclusions of the Expert Review Panel on Chromium Contaminated Soil in Hudson County, New Jersey," indicated that although hexavalent chromium is a human respiratory carcinogen "the panel had found no evidence of cancer from chronic environmental exposures." Defendant has also provided a press release issued in 1994 by the New Jersey Department of Health stating that the Health Commissioner was "confident that there is little danger to the health of residents of Hudson County from the chromium in their everyday environment." In addition, newspaper articles from 2007 reported that hexavalent chromium found in drinking water had been linked to cancer for the first time.

For the purpose of this motion, this Court accepts as true Plaintiffs' allegations that the injuries complained of in this action did not accrue until 2008, when they became aware of the incidences of lung cancer in Jersey City. Plaintiffs' claim is further supported by the conflicting information provided in the articles and reports currently before this Court. This Court cannot say that a reasonable person would have been aware that they were entitled to relief when the information available to the public denounced hexavalent chromium as toxic while at the same time denying its carcinogenic effects when introduced into the environment. Therefore, Plaintiffs' Complaint filed on May 17, 2010, is within both applicable statutes of limitations.

**Individual Claims**

**Private Nuisance**

Under New Jersey law "private nuisance involves an 'invasion of another's interest in the private use and enjoyment of land.'" *In re Lead Paint Litigation*, 191 N.J. 405, 427 (2007) (quoting Restatement (Second) of Torts §§ 821D, 821E, 822 (1979)). This claim has two elements: "1) unreasonable use by the defendant and 2) significant harm to the plaintiff." *Rowe v. E.I. Dupont De Nemours and Co.*, 262 F.R.D. 451, 459 (D.N.J. 2009). A harm is significant if "normal persons living in the community would regard the invasion in question as definitely offensive, seriously annoying or intolerable . . . ." *Id.* (quoting Restatement (Second) of Torts § 821F, cmt. d.). Here, Plaintiffs allege that Defendants' "acts and/or omissions, resulting in the depositing onto and/or failure to remove or properly dispose of COPR and allowing chromium contamination to remain on Plaintiffs' properties" has caused "annoyance, displacement, and economic loss." Plaintiffs have made sufficient factual allegations that, if proven to be true, would entitle them to relief. They claim that particles or chemicals produced by Defendants

5

have been deposited by these same Defendants onto their private property causing economic loss as a direct result.

**Strict Liability**

A landowner is strictly liable for damage caused to property for abnormally dangerous activity conducted on its property. *See T&E Indus., Inc. v. Safety Light Corp.*, 123 N.J. 371 (1991). New Jersey courts use the following six factors to determine if activity is abnormally dangerous:

> (a) the existence of high degree of risk of some harm to the person, land or chattel of others;
>
> (b) the likelihood that the harm that results from it will be great;
>
> (c) the inability to eliminate the risk by the exercise of reasonable care;
>
> (d) the extent to which the activity is not a matter of common usage;
>
> (e) the inappropriateness of the activity to the place where it is carried on; and
>
> (f) the extent to which its value to the community is outweighed by its dangerous attributes.
>
> [*Analytical Measurements v. Keuffel & Esser Co.*, 843 F. Supp. at 928.]

The determination of whether an activity is abnormally dangerous requires a case-by-case analysis "taking all relevant circumstances into consideration." *Id.*

Plaintiffs claim that Defendants' activities consist or consisted of chromium production; that they caused over a million tons of a known carcinogen to be released into the environment in a densely populated urban area; that they failed to dispose of COPR properly; and that they dumped toxic chemicals onto land. Further, this District has once before held that the release of COPR into the environment from a chromium production facility is considered "abnormally dangerous." *See Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 263 F.Supp.2d 796 (D.N.J.

2003). Thus, this Court concludes that Plaintiffs have provided Defendants with sufficient notice of their strict liability claim and the grounds upon which it rests.

### Trespass

"Trespass constitutes the unauthorized entry (usually of tangible matter) onto the property of another." *Rowe v. E.I. Dupont De Nemours & Co.*, 262 F.R.D. at 463. New Jersey courts have acknowledged that microscopic deposits onto the property of another without their consent can constitute trespass. *Ayers v. Jackson*, 106 N.J. 557, 618 (1987) (citing *Reynolds Metals Co. v. Martin*, 337 F.2d 780 (9th Cir.1964)). Plaintiffs here claim that dust particles containing chromium deposits were released by Defendants onto their land causing harm to their property. This allegation in the initial pleading is sufficient to overcome a motion to dismiss.

### Battery

Battery "is established by 'proof of an unauthorized invasion of the plaintiff's person, even if harmless.'" *Russo Farms v. Vineland Bd. of Educ.*, 144 N.J. 84, 105 (1996) (quoting *Perna v. Pirozzi*, 92 N.J. 446, 460-61 (1983)). The New Jersey Supreme Court clearly stated that "[a]ny non-consensual touching is a battery." *Id.* Plaintiffs claim that "by intentionally generating, discharging, transporting, disposing, failing to properly remediate or allowing the discharge of hazardous and toxic substances," Defendants caused an offensive contact with Plaintiffs. Plaintiffs have put forth enough information, at this point, to put Defendants on notice of Plaintiffs' accusations of battery.

### Negligence

A claim for negligence has four elements: duty, breach, causation, and injury. *Rowe v. E.I. Dupont De Nemours and Co.*, 262 F.R.D. at 464. A plaintiff has to show "that there was a duty on the part of the defendant towards the plaintiff, a breach of that duty, and evidence that

7

the breach was the proximate cause of the injury." *Id.* (quoting *MCI Worldcom Network Servs., Inc., v. Glendale Excavation Corp.*, 224 F.Supp.2d 875, 878 (D.N.J. 2002)).  Plaintiffs claim that "Honeywell clearly has a duty to properly abate the chromium so that plaintiffs and plaintiffs' properties are no longer exposed, and to warn plaintiffs of the dangers of exposure."  Further, Plaintiffs accuse Defendants of breaching that duty by exposing Plaintiffs to chromium "despite their knowledge of serious health and environmental effects."  Both Plaintiffs and Defendants have provided this Court with documents indicating that COPR is a human carcinogen and that chromium-contaminated sites in Hudson County have been linked to lung cancer.  The Complaint also contains factual allegations that "hexavalent chromium and other hazardous substances have entered" onto Plaintiffs' properties causing damage to both their persons and their property.  This Court is convinced that the factual allegations contained in the Complaint, supported by the articles and reports attached to the certifications, are sufficient to overcome the motion to dismiss as they set forth that Defendants had a duty to act reasonably and breached that duty by depositing toxins into the environment causing harm to Plaintiffs and their property.

**<u>Civil Conspiracy</u>**

"A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties "to inflict a wrong against or injury upon another," and "an overt act that results in damage."'" *Morgan v. Union County Bd. of Chosen Freeholders*, 268 N.J. Super. 337, 364-65 (App. Div. 1993).  New Jersey courts have explained that "[t] he gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" *Id.*  (quoting *Board of Educ. v. Hoek*, 38 N.J. 213, 238 (1962)).  A plaintiff does not have to provide direct evidence of the agreement and can rely on

circumstantial evidence. *Id.* "Thus, the question whether an agreement exists should not be taken from the jury in a civil conspiracy case so long as there is a possibility that the jury can 'infer from the circumstances [that the alleged conspirators] had a meeting of the minds and thus reached an understanding' to achieve the conspiracy's objectives." *Id.*

Plaintiffs allege that "Defendants reached an agreement to act in concert to release, discharge, store, handle, process, dispose of, dump and fail to properly remediate COPR and related contamination throughout Jersey City and the surrounding environment" in order to enable "Defendants to avoid taking all appropriate steps to properly remediate . . . or to mitigate dangers."  As proof of a conspiracy Plaintiffs state that:

a. Defendants shared information concerning the risks associated with exposure to chromium waste and its disposal.

b. Defendants jointly commissioned confidential studies and reports through industry organizations such as the Industrial Hygiene Foundation.

c. Defendants worked jointly to influence public health agency's rules, regulations and cleanup standards concerning chromium waste and related contamination in Jersey City, including but not limited to, the United States Public Health Service and the New Jersey Department of Environmental Protection.

Concrete proof of an agreement is not necessary to overcome a motion to dismiss.  The factual allegations made by Plaintiffs, when assumed to be true, provide a sufficient showing for Rule 12(b)(6) purposes of a conspiracy to commit unlawful acts.  Plaintiffs provide enough facts that when coupled with the other assertions raise a plausible claim for conspiracy and put Defendants on notice of the underlying wrongs and agreement alleged by Plaintiffs.

**<u>Unjust Enrichment</u>**

"[T]he tort of unjust enrichment rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Eli Lilly and Co. v. Roussel Corp.*, 23 F.Supp.2d 460, 496 (D.N.J. 1998).  The elements of unjust enrichment are: 1) the plaintiff

"expected remuneration from the defendant at the time it performed or conferred a benefit on defendant"; and 2) "the failure of remuneration enriched defendant beyond its contractual rights." *Id.* (quoting *VRG Corp. v. GKN Realty*, 135 N.J. 539, 554 (1994)). This "doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant." *Amgro, Inc. v. Lincoln Gen. Ins. Co.*, 361 Fed. Appx. 338, 346 (3d Cir. 2010).

Plaintiffs argue that they "were and remain entitled to remuneration from Defendants" because Defendants acquired financial gain from their activities, the retention of which would be unjust. Both this District and New Jersey state courts reject arguments for unjust enrichment when the plaintiff did not have a direct relationship with the defendant and did not or, if the true facts had been known, would not have expected remuneration at the time the benefit was conferred. *Fasching v. Kallinger*, 211 N.J. Super. 26, 36 (App. Div. 1986); *see also Hart v. Elec. Arts*, 2010 U.S. Dist. LEXIS 99622, 2010 WL 3786112 (D.N.J. Sept. 21, 2010). Although Plaintiffs allege that Defendants received a benefit, nowhere in their Complaint do they state that they expected or would have accepted payment for the benefit.

**CONCLUSION**

For the reason stated above, this Court denies Honeywell's Motion as to Counts 1 though 6 of the Complaint and grants as to Count 7.

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
cc:     Madeline Cox Arleo, U.S.M.J.
        Parties