NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATREICA SMITH, MATTIE HALLEY, and BARRY WEIN, On Behalf of Themselves and All Others Similarly Situated, | Civil Action No. 2:10-cv-03345 (SDW) |
| Plaintiffs, | **OPINION** |
| v. | |
| HONEYWELL INTERNATIONAL INC. and PPG INDUSTRIES, INC., | May 13, 2011 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is Defendant's, Honeywell International Inc. ("Honeywell" or "Defendant"), Motion for Reconsideration of February 28, 2011 Order on Motion to Dismiss or, in the Alternative, Certification for Interlocutory Appeal ("Motion"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **DENIES** Honeywell's Motion.

**LEGAL STANDARD**

Under Local Civil Rule 7.1, a party may serve and file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge" and concisely set forth the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). In order for a court to alter or amend a judgment, the party seeking reconsideration must establish one of the

1

following:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   Reconsideration is granted sparingly as it is considered an extraordinary remedy.  *J.J.C. Boats, Inc. v. Hlywiak,* 573 F. Supp. 2d 871, 873 (D.N.J. 2008).   Thus, such a motion will be granted where "dispositive factual matters or controlling decisions of law" were previously presented to but not considered by the court.  *Ivan v. County of Middlesex*, 612 F. Supp. 2d 546, 551 (D.N.J. 2009); see also *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d 542, 550 (D.N.J. 2000).  A motion for reconsideration will not be granted where the moving party is simply seeking to set forth the reasons why it disagrees with the court's decision or is asking "the court to analyze the same facts and cases it had already considered in reaching its original decision."  *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d at 550.

## DISCUSSION

### Motion for Reconsideration

As previously stated in this Court's February 28, 2011 Opinion ("Opinion"), when dealing with the tolling of environmental claims the question is "whether there are enough indications of environmental contamination to put the plaintiff on reasonable notice of a need to investigate further."  *New W. Urban Renewal Co. v. Viacom, Inc.*, 230 F. Supp. 2d 568, 573 (D.N.J. 2002).  Defendant agrees that this Court set forth the "the correct legal standard" but argues that this legal standard was misapplied.  Essentially, Defendant disagrees with this Court's legal analysis.

2

Defendant further contends that this Court inappropriately accepted Plaintiff's legal conclusions; applied the actual notice test rather than the constructive notice test; and finally argues that the documents cited within the February 28, 2011 Opinion are insufficient to support this Court's conclusions. To clarify, this Court's agreement with Plaintiffs' legal conclusions is not due to a misapplication of the law or because Plaintiffs' conclusions were simply accepted as correct but because this Court's legal analysis led to the determination that Plaintiffs' claims were not barred by statutes of limitations. Therefore, since Defendant has not put forth any legal standards that this Court has overlooked but instead disagrees with the application of the law, the motion for reconsideration will be denied. Further, Defendant has not detailed "an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

As far as the legal standard for motions to dismiss, this Court primarily cited *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Defendant argues that the Opinion did not cite *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010); and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009)[1]. In addition, Defendant states that "the allegations on which the Opinion relied are little more than formulatic recitations of elements" and further asserts that the allegations were not well-pleaded. Defendant indicates disagreement with this

---

[1] The United States Court of Appeals for the Third Circuit continues to cite to *Phillips* in conjunction with *Twombly* and has not indicated that *Phillips* is not in line with *Twombly*. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300 (3d Cir. 2010); *see also Cotter v. Newark Hous. Auth.*, 2011 U.S. App. LEXIS 7287 (3d Cir. Apr. 6, 2011).

Court's treatment of the conspiracy claim and argues that the use of the word "possibility" in a quotation in the Opinion exemplifies the inconsistency with *Twombly* and the "plausibility" standard.

Defendant chooses to ignore that this Court clearly states in the analysis that "Plaintiffs provide enough facts that when coupled with the other assertions raise a plausible claim for conspiracy and put Defendants on notice of the underlying wrongs and agreement alleged by Plaintiffs." Defendant does not indicate that the cases cited by this Court have somehow been overruled or that they are contrary to the holdings in the above named cases. Defendant's arguments have already been considered by this Court.

A motion for reconsideration cannot be based merely on a party's disagreement with the court's conclusions. As with the arguments raised in regard to the application of the New Jersey legal standard for constructive notice, Defendant has not put forth a change in the controlling law, new evidence, or a clear error of law. Therefore, reconsideration is denied as to this point as well.

**Request for Interlocutory Appeal**

Generally, "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk Indus. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). The Supreme Court has indicated that "[p]ermitting piecemeal, prejudgment appeals, . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Id.* The Court further advised that "immediate appeal must therefore be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Id.*

4

However, 28 U.S.C. § 1292(b) provides for interlocutory appeals when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." A controlling question of law is one that is "serious to the conduct of the litigation, either practically or legally. . . . [a]nd on the practical level, saving of time of the district court and of expense to the litigants." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001) (citations omitted). Further, other courts in this District have held that not all differences of opinion justify an interlocutory appeal but rather "the second Section 1292(b) factor, must arise out of genuine doubt as to the correct legal standard." *Biase v. Nevoso, Pivirotto & Foster, P.A.*, 2010 U.S. Dist. LEXIS 104623 (D.N.J. Sept. 30, 2010) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp.2d at 360). Disagreement with the district court's ruling does not constitute "a substantial ground for difference of opinion for Section 1292(b) purposes." *Id.*

As stated above, Defendant has not established divergent legal standards but a disagreement with this Court's application and analysis. Therefore, in light of the Court's preference for appeals after final judgments have been rendered, this Court denies Defendant's request for certification for interlocutory appeal because a "substantial ground for difference of opinion" has not been demonstrated.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
cc:     Madeline Cox Arleo, U.S.M.J.
        Parties

5