UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| LATRICIA SMITH, MATTIE HALLEY, and BARRY WEIN, et al., | Civil Action No. |
| | |
| | 10-CV-03345-ES-SCM |
| Plaintiff(s), | |
| v. | **[D.E. 182 & 187]** |
| HONEYWELL INTERNATIONAL, INC. and PPG INDUSTRIES, INC., | |
| | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

I.   **INTRODUCTION**

"A United States district court is a court of limited jurisdiction and possesses only those powers which are conferred on it by statute under Article III of the Constitution….   It cannot assume jurisdiction." *United States v. Drossner*, 179 F.2d 509, 510 (3d Cir. 1950).   Original jurisdiction cannot be conferred by waiver or consent of the parties. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389, 118 S.Ct. 2047, 2052 (1998).   Likewise, no court can ignore a jurisdictional defect; "rather a court, noticing the defect, must raise the

1

matter on its own." Id. at 389, 118 S.Ct. at 2052.  Accordingly, Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines <u>at any time</u> it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3)(emphasis added).  When "subject matter jurisdiction is called into question, `jurisdictional discovery should be allowed unless the plaintiff's claim is clearly frivolous." *Massachusetts School of Law at Andover, Inc. v. American Bar Assoc.*, 107 F.3d 1026, 1042 (3d Cir. 1997).

The question at issue is whether this Court has subject matter jurisdiction over this case, and allotted the parties an opportunity to present their respective positions on the issue. For the reasons set forth herein, it is respectfully recommended that this Court not decline subject matter jurisdiction over this case at this time.

## II.  <u>BACKGROUND</u>

Plaintiffs' original class action Complaint, as filed on May 17, 2010 in the Superior Court of New Jersey, Hudson County, sought class certification of two classes: A medical monitoring class and a property value diminution class. (D.E. 1-1, Complaint ¶ 66).  As stated in the Complaint, "[m]ore than two-thirds of the members of the proposed classes are citizens of the State of New Jersey." (D.E. 1-1, Complaint, at ¶ 13).

2

Defendant PPG is a Pennsylvania corporation with its principal place of business in Pennsylvania. (D.E. 1-1, Complaint, at ¶ 16). It is alleged to be the successor to an entity that owned and operated a chromate production facility in Jersey City from 1924 to 1963. (D.E. 1-1, Complaint, at ¶ 17).

Defendant Honeywell International ("Honeywell") is a Delaware corporation but has its principal place of business located in New Jersey. (D.E. 1-1, Complaint, at ¶ 14). It is alleged to be the successor to an entity that owned and operated a chromate production facility in Jersey City from 1895 to 1954. (D.E. 1-1, Complaint, at ¶ 15).

Plaintiffs allege that defendants were the only generators of chromium ore processing residue ("COPR") in Jersey City. (D.E. 1-1, Complaint, at ¶¶ 1, 15). It is further alleged that the COPR was used as fill in residential and commercial areas in Jersey City. (D.E. 1-1, Complaint, at ¶¶ 22-23). The COPR purportedly exposed the class members to hazardous materials and contaminated them and the surrounding properties. (D.E. 1-1, Complaint, at ¶ 28). For the purposes of this analysis, these facts will be accepted as true. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### III. __PROCEDURAL HISTORY__

On June 29, 2010, Defendant PPG Industries, Inc. removed this action to the United States District Court pursuant to the Class Action Fairness Act ("CAFA"). (D.E. 1, Defendant PPG Industries, Inc.'s Notice of Removal to the United States District for the District of New Jersey).  Its Notice of Removal alleged "damages aggregating in excess of five million dollars." (D.E. 1).  Plaintiff did not file a motion to remand.

On March 14, 2011, Defendant Honeywell filed its Answer, in which it admitted that its principal place of business is in New Jersey. (D.E. 40, Defendant Honeywell's Answer and Affirmative Defenses, ¶ 14; *see also* D.E. 125, Defendant Honeywell's Answer and Affirmative Defenses, ¶ 14 (answering amended complaint)).

On March 4, 2013, this Court expressed concern that the District Court may not have jurisdiction under 28 U.S.C. § 1332(d)(4)(A)(i)(II). A briefing schedule was then prescribed to examine the question of jurisdiction.

### IV. __ANALYSIS__

CAFA provides federal district courts with original jurisdiction over class actions that meet required criteria. See 28 U.S.C. § 1332(d).  Prior to CAFA many class actions were excluded from Federal courts because of the complete-diversity rule and prohibition against aggregating claims. *Kaufman v.*

4

*Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). Federal courts now have jurisdiction where (1) there are at least 100 members of the putative class; (2) the matter in controversy exceeds five million dollars, 28 U.S.C. § 1332(d)(2) and (6); and (3) any class member is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Id. at 149.

The Third Circuit evaluates the allegations in the notice of removal and the complaint in removal cases. *Kaufman*, 561 F.3d at 151. There is minimal diversity between the parties in this case because members of the proposed class are citizens of New Jersey, (D.E. 1-1, Complaint, at ¶¶ 10, 13) and Defendant PPG is a citizen of Pennsylvania. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Also, with respect to the amount in controversy, the Notice of Removal alleged "damages aggregating in excess of five million dollars." (D.E. 1). Thus, the threshold requirements of CAFA jurisdiction apply here.

Defendants' brief suggests that the time of filing rule should end the jurisdictional inquiry in this case. That rule is based upon a long standing policy that federal diversity jurisdiction is determined based upon the facts alleged at the time the suit was filed. *Kaufman v. Allstate N.J. Ins. Co.*, 561

5

F.3d at 152.  As discussed below, however, a review of the facts alleged at the time of the filing actually support remand.

Our jurisdictional discussion requires examination of CAFA's two mandatory exceptions. *Kaufman*, 561 F.3d at 149. Subsection (A) is the "local controversy" exception. Id. Subsection (B) has been termed the "home state" exception. Id.

### a. Local Controversy Exception

CAFA's local controversy exception restricts a district court's ability to exercise jurisdiction in limited circumstances.  *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009).  The relevant inquiry here, therefore, is whether the Court has been presented with one of the limited circumstances which would restrict this Court's ability to exercise its jurisdiction.

The local controversy exception requires a district court to decline to exercise its jurisdiction under paragraph (2) over a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same persons….

28 U.S.C. § 1332(d)(4)(A). According to the Fifth Circuit, the absence "of any one of the above elements would render remand improper…." *Williams v. Homeland Ins. Co. of NY*, 657 F.3d 287, 291 (5th Cir. 2011).

On the face of the Complaint, the elements of the local controversy exception are satisfied. First, it is alleged that "[m]ore than two-thirds of the members of the proposed classes are citizens of the State of New Jersey." (D.E. 1-1, Complaint at ¶13). Second, Defendant Honeywell is a defendant from whom significant relief is sought and it is also a citizen of New Jersey. See (D.E. 1-1, Complaint at ¶¶ 14, 15). Third, the principle injuries were incurred in the state in which the action was originally filed. Finally, the pleadings do not contain any reference to another class action asserting the same or similar allegations involving these parties.

Because the requirements are conjunctive, defendants focus upon the Subsection (A)(i)(I) requirement that "over two-thirds of *both* of the proposed medical monitoring and property damage

7

classes in their original Complaint "in the aggregate" be New
Jersey citizens." (D.Br. at 4)(emphasis in original)(citing 28
U.S.C. § 1332(d)(4)(A)(i)(I)). The district court may make "a
reasonable assumption" of CAFA's citizenship requirements from
evidence that indicates the "probable citizenship of the
proposed class". *Williams*, 657 F.3d at 291. However, naked
"allegations of residence are not sufficient for purposes of
establishing citizenship." *Anthony v. Small Tube Mfg., Corp.*,
535 F.Supp.2d 506, 515 (E.D.Pa. 2007)(quotation omitted).

Plaintiffs letter brief has not defended their allegation
that "[m]ore than two-thirds of the members of the proposed
classes are citizens of the State of New Jersey", (D.E. 1-1,
Complaint, at ¶ 13). See (D.E. 191). Defendants argue that
Plaintiffs could not credibly argue "that *two-thirds* of the tens
of thousands of persons who have *ever* lived, worked, or gone to
school for six months within the range of the many COPR sites in
Jersey City over a 115-year period, or who currently own *any*
property in the class, are New Jersey citizens." (D.E. 190,
D.Br. at 4).

Without facts to support the two-thirds allegations in the
pleadings, we are forced to conclude that the first element of
the local controversy exception is inapplicable. Therefore, it
is not necessary to address the other elements of the local
controversy exception.

8

**b. Home State Exception**

Under the home state exception, a district court must decline to exercise jurisdiction where

> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B). If an action meets these requirements, a district court must remand the case back to the state court where it was originally filed.

The two-thirds requirement for the home state exception is similar to that under the local controversy exception. As discussed above, Plaintiff does not currently have facts to support the two-thirds requirement. Therefore, it is not necessary to address the other elements of the home state exception.

**V. <u>CONCLUSION</u>**

For the reasons articulated herein, the undersigned recommends that CAFA jurisdiction exists and that jurisdiction not be declined at this time. It is further recommended that if the parties to this action change or the size of the proposed class changes, the Court revisit the issue of jurisdiction. 28 U.S.C. § 1332(d)(7)(citizenship of members of proposed class determined upon filing or complaint or amended complaint).

Pursuant to Local Civil Rule 72.1, the parties have fourteen days from receipt of this Report and Recommendation to file and serve any objections.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/17/2013 6:49:10 PM

Date: April 17, 2013