UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LATRICIA SMITH, MATTIE
HALLEY, and BARRY WEIN, et al.,

Plaintiff(s),

v.

HONEYWELL INTERNATIONAL,
INC. and PPG INDUSTRIES, INC.,

Defendants.

Civil Action No. 10-CV-03345-ES-JAD

**OPINION AND ORDER**

**JOSEPH A. DICKSON, U.S.M.J.**

Before the Court is Plaintiffs' Motion for Leave to File Their Fourth Amended Complaint ("Motion to Amend") (ECF no. 221). The Court has reviewed the parties' arguments as raised in their briefs and at its October 18, 2013 status conference. For the reasons detailed below, the Court GRANTS Plaintiffs' request to amend their complaint to re-define the plaintiff classes and name new class representatives, and DENIES Plaintiffs' request to change the dates of property ownership defining the plaintiff classes.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

This class action arises from Defendants' alleged failure to properly handle, store, dispose of, and remediate toxic waste generated by their chromate production facilities in Jersey City, New Jersey. *See* Amended Class Action Complaint and Jury Demand (ECF no. 124). According to the complaint, Defendants Honeywell International, Inc. ("Honeywell") and PPG Industries, Inc. ("PPG") are successors to companies that owned and operated chromate

1

production facilities. During their operations, Defendants allegedly generated toxic and hazardous chromium ore processing residue ("COPR") waste at their chromate production facilities. Defendants allegedly distributed a portion of the COPR waste to be used as fill material for construction and development projects in Jersey City, and removed COPR waste to COPR sites. According to the complaint, Defendants' operation of these facilities and dumping of hazardous waste in Jersey City exposed Plaintiffs and/or their properties to hazardous substances.

On July 14, 2011, the Court (Arleo, M.J.) entered its first[1] scheduling order for the case providing that "[a]ny motion to amend the pleadings as to class issues must be filed no later than October 17, 2011." *See* July 14, 2011 Scheduling Order (hereinafter "2011 Scheduling Order") (ECF no. 64). The Court subsequently extended that deadline to January 12, 2012,[2] and Plaintiffs moved to amend their complaint on January 23, 2012[3] (ECF no. 75). Subsequently, the parties conferred on the proposed amended complaint, and Plaintiffs agreed to change their proposed complaint to address Defendants' argument that it was deficient. *See* Consent Order, dated March 2, 2012 (ECF no. 81). On March 12, 2012, Plaintiffs moved for leave to file a second motion to amend (ECF no. 82), with Defendants consenting to the filing of the motion (ECF no. 80).[4]

---

[1] This scheduling order was amended on July 26, 2011 to correct a clerical error. The deadline for motions to amend remained the same.

[2] The parties jointly requested, and obtained an extension of this deadline to November 17, 2011 (ECF no. 69); December 16, 2011 (ECF no. 71); and January 12, 2012 (ECF no. 73).

[3] Although Defendants now complain that Plaintiffs filed their January 23, 2012 motion 11 days late, Defendants did not protest at the time in their opposition papers (*See* ECF nos. 77 and 78).

[4] The parties agreed to allow the Court to deny the January 2012 motion to amend without prejudice in order to reconcile the docket to allow for the new motion to amend. *See* Order, dated March 28, 2012 (ECF no. 87).

On May 14, 2012, the Court (Waldor, M.J.) held an in-person status conference during which the Court discussed with counsel the March 12, 2012 motion for leave to amend. (ECF no. 117). Plaintiffs agreed to withdraw their motion and file a new motion to amend by May 23, 2012 that refined the issues in the complaint, and Defendants did not oppose the new amendment. (ECF nos. 111, 113-115, 117, 120, 121). On June 14, 2012, the Court granted the Motion to Amend (ECF no. 122), and Plaintiffs filed their amended complaint on June 20, 2012. *See* Amended Class Action Complaint and Jury Demand (ECF no. 124).

Shortly after the May 14, 2012 status conference, the Court entered a scheduling order that "*replac[ed]* the July 26, 2011 Amended Pretrial Scheduling Order." *See* May 16, 2012 Scheduling Order (hereinafter "2012 Scheduling Order") (ECF no. 112) (emphasis added). The 2012 replacement scheduling order provided new deadlines for discovery and other items but did not provide a deadline for motions to amend. At the time the Court entered this scheduling order, the Court was expecting Plaintiffs to file a new motion to amend, which they filed on May 23, 2013. (ECF nos. 113, 117, 119). In the 2012 Scheduling Order, the Court provided that discovery would "remain open until 6 months from the date the Court issues its order regarding Plaintiffs' Motion for Leave to File Amended Class Action Complaint and Jury Demand" (ECF no. 112). Because the Court issued its Order on the motion to amend on June 14, 2012, discovery would remain open until December 14, 2012.

On April 3, 2013, the parties submitted a joint status update to the Court (Mannion, M.J.), indicating that the 2012 Scheduling Order expired and the parties were still conducting discovery.[5] *See* Parties' Joint Corrected Letter Itemizing Discovery Issues (ECF no. 189).

---

[5] The parties cited several discovery disputes that awaited resolution, including Plaintiffs' pending Motion to Compel (ECF no. 189).

3

Plaintiffs indicated that they anticipated moving to amend their complaint, and although the parties discussed that the 2012 Scheduling Order had expired, no party mentioned that the time for filing motions to amend expired with the 2011 Scheduling Order or any other order. Defendants stated only that they "reserve the right to respond to and/or oppose any Motion for Leave to Amend the Complaint." *Id.*

In response to the parties' status update indicating that the 2012 Scheduling Order had expired, the Court ordered the parties to submit a proposed new scheduling order. *See* April 9, 2013 Text Order (ECF no. 192). On April 19, 2013, the parties submitted a proposed scheduling order that included a new deadline for motions to amend (ECF no. 196). After making a few minor revisions,[6] the Court ultimately adopted and entered this scheduling order on May 21, 2013. *See* Order Granting Informal Motion to Amend Scheduling Order and Amended Scheduling Order (hereinafter "2013 Scheduling Order") (ECF no. 207). The 2013 Scheduling Order stated, in relevant part, that

> for good cause having been shown, it is…ordered that the Scheduling Order is hereby
> *amended* as follows:
>
> …
>
> **Motions to Amend or Add New Parties**: *Without prejudice to any argument by Defendants that such a motion is untimely under the deadlines set by previous court orders, any motion to amend pleadings or add new parties as to class certification issues must be filed by June 21, 2013* and made returnable no later than 7/15/2013. Counsel shall first seek consent for any amendment and provide Defendants with a redlined (track changes) version of the proposed pleading no later than June 7, 2013, and any request for leave of the Court to file a motion to amend must contain a redlined (track changes) version of the proposed pleading as an exhibit to the application.

---

[6] The Court revised the provisions of the proposed order regarding expert reports and the upcoming telephone conference.

*Id.* (emphasis added). In addition to providing a deadline of June 21, 2013 for motions to amend, this 2013 Scheduling Order also provided new deadlines of December 20, 2013 for completion of fact discovery as to class certification and June 20, 2014 for motions for class certification. *Id.*

On June 14, 2013, the parties submitted a status update to the Court in advance of a June 19, 2013 status conference. *See* Parties' Joint Letter Itemizing Discovery Issues (ECF no. 216). Plaintiffs indicated that they provided Defendants a copy of the proposed amended complaint and awaited response from Defendants on whether they would consent to the amendment by the scheduling order deadline of June 21, 2013. *Id.* Defendants responded that they had not reviewed the proposed amended complaint, but would advise Plaintiffs on whether they consented by June 21, 2013, the scheduling order deadline for motions to amend. *Id.*

On June 19, 2013, the Court held a status conference, during which the Court discussed with the parties the motion for leave to amend and the scheduling order deadline. *See* June 19, 2013 Status Conference Transcript, at 23 (ECF no. 220). The Court discussed that if Defendants did not consent, it would extend the scheduling order deadline from June 21, 2013 to June 30, 2013. *Id.* There was no discussion that the time for motions to amend expired in another scheduling order, or that another scheduling order controlled. No party represented to the Court that the June 21, 2013 deadline was not an actual scheduling order deadline.

> THE COURT: Is there consent to the amendment from defendants or not?
>
> MR. KATERBERG: Your Honor, Robert Katerberg for Honeywell. We're currently considering the proposed amended complaint. It makes some significant changes, both to the sites included, the way the classes are constructed, and perhaps most importantly, adds new plaintiffs, I believe drops a plaintiff or purports to drop a plaintiff. So we're in the process of considering it, talking it over with our client, and we expect to be able to advise plaintiffs whether we consent or not by later this week.

THE COURT: Okay. So I'll give defendants until Friday to tell plaintiffs whether or not they consent. If not, **I extend the time for plaintiffs to file their motion** until -- is June 30th good for plaintiffs?

MR. GERMAN: That's fine, Judge, thank you.

THE COURT: Okay. So I'll issue a text order on that. So either it'll be done on consent and you'll know that by Friday. **I should say either be submitted on consent; you'll know that Friday. Or *you'll file your motion by the 30th.***

*Id.* (emphasis added).

On June 28, 2013, Plaintiffs moved to amend the operative complaint to re-define the plaintiff classes, name new class representatives, and change the property ownership timeframe defining the plaintiff classes. *See* Plaintiffs' Notice of Motion for Leave to File their Fourth Amended Complaint (ECF no. 221). Defendants contend that the deadline for filing motions for leave to file an amended complaint expired with the deadline provided in the 2011 Scheduling Order, and that Plaintiffs fail to demonstrate good cause in failing to meet the deadline. *See* Defendant Honeywell's Opposition to Plaintiffs' Motion for Leave to File Their Fourth Amended Complaint, dated July 22, 2013 ("Defendant Honeywell's Opposition") (ECF no. 228); PPG's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to File Their Fourth Amended Complaint, dated July 22, 2013 ("Defendant PPG's Opposition") (ECF no. 229). Defendants further contend that Plaintiffs' Motion to Amend should be denied because of unfair prejudice, undue delay, and futility of the amendment. *Id.*

6

## II.   DISCUSSION AND ANALYSIS

### A.   Rule 16's "Good Cause" Standard

The threshold inquiry in deciding a motion to amend is whether the motion was filed within the deadline set by the scheduling order. *See White v. Smiths Detection, Inc., et al.*, No. 10-478, 2013 WL 1845072, at *11 (D.N.J. April 30, 2013). If the motion is not filed within the deadline, "Rule 16 requires a moving party to demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Schwartz v. Avis Rent a Car System, LLC*, No. 11-4052 (JLL), 2013 WL 2182078, at *2 (D.N.J. May 20, 2013) (internal citations and quotations omitted). If the Court determines there is good cause, the Court will then determine whether to grant the Motion to Amend under the standard set out in Rule 15. *See id.* A Rule 16 "good cause" analysis is unnecessary where a party moved to amend its pleading within the scheduling order deadline. *See, e.g., Watson v. Sunrise Senior Living Services, Inc.*, No. 10-230 (KM), 2013 WL 103966, at *10 (D.N.J. Jan. 8, 2013).

### 1.   The Scheduling Order Deadline for Motions to Amend is not January 12, 2012.

Defendants argue that Plaintiffs' motion is late because the deadline for motions to amend (hereinafter "amendment deadline") derives from the 2011 Scheduling Order and passed long ago on January 12, 2012.[7] *See* Defendant Honeywell's Opposition, at 7 (ECF no. 228). Defendants further argue that Plaintiffs fail to demonstrate good cause in failing to comply with this deadline. Plaintiffs argue that "the operative CMO [i.e., scheduling order] is that of May 2[1],

---

[7] For convenience, the Court refers to the Defendants' separate arguments as "Defendants' arguments" rather than identifying the proponent of each argument.

2013," and that they filed their motion to amend within the deadline set in that scheduling order. *See* Plaintiffs' Reply Brief, dated July 29, 2013, at 11 (ECF no. 230).

In advocating their position that the amendment deadline is found in the 2011 Scheduling Order rather than the 2013 Scheduling Order, Defendants state that there was a clause in the 2013 Scheduling Order that allowed for Defendants to make an argument, without prejudice, that Plaintiffs' motion to amend pleadings was untimely under deadlines set by previous court orders (hereinafter referred to as the "without prejudice" clause).[8] *See* 2013 Scheduling Order (ECF no. 207) ("*Without prejudice to any argument by Defendants that such a motion is untimely under the deadlines set by previous court orders*, any motion to amend pleadings or add new parties as to class certification issues must be filed by June 21, 2013") (emphasis added). Defendants do not provide analysis on the meaning or effect of this clause. They only implicitly ask the Court to discard or ignore the amendment deadline in the 2013 Scheduling Order – presumably because of this clause.

The Court finds that the deadline is not January 12, 2012. The 2011 Scheduling Order from which Defendants derive the amendment deadline is null. In fact, that 2011 Scheduling Order was expressly replaced by the 2012 Scheduling Order. *See* 2012 Scheduling Order (ECF no. 112) (stating that it "*replac[ed]* the July 26, 2011 [] Scheduling Order."). The 2012 Scheduling Order was then amended by the 2013 Scheduling Order, which is currently the operative scheduling order. *See* 2013 Scheduling Order (ECF 207) (stating that the prior scheduling order was "hereby *amended*" by the 2013 Scheduling Order) (emphasis added).

---

[8] Honeywell's counsel also clarified, at oral argument, that Judge Mannion did not grant leave. *See* June 19, 2013 Status Conference Transcript, at 7-8 (ECF no. 220) ("I think it a little bit obscures the record to say that Judge Mannion granted leave. I mean, this was all contingent upon our having the ability to object to it as untimely").

Furthermore, the 2011 Scheduling Order was the first scheduling order that the court set in this case,[9] which commenced approximately three and a half years ago.

**2.      Because the Motion to Amend was Timely Filed, No "Good Cause" Analysis is Necessary.**

As the Court has rejected Defendants' argument that the amendment deadline is January 12, 2012, the Court now turns to Plaintiffs' argument that the scheduling order deadline derives from the 2013 Scheduling Order, which provided a deadline of June 21, 2013 and was extended by the Court to June 30, 2013. Plaintiffs argue that their motion is timely and no "good cause" analysis is necessary because they filed their motion on June 28, 2013. However, Plaintiffs do not discuss the effect of the "without prejudice" clause associated with the 2013 Scheduling Order deadline.

The Court need not determine the effect of the "without prejudice" clause to determine whether it must conduct a Rule 16 "good cause" analysis. In other words, even assuming that the "without prejudice" clause nullified the June 21, 2013 amendment deadline, leaving the Court with no explicit amendment deadline, the Court can still determine whether a Rule 16(b)(4) analysis is necessary. *See Nissen v. Rozsa*, No. 08-5563 (JLL), 2011 WL 5240833, at *5 n. 3 (D.N.J. Oct. 31, 2011). Where a scheduling order sets no amendment deadline, courts have looked to when discovery closes to determine whether the motion to amend is untimely under Rule 16. *See Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6-7 (D.N.J. Oct. 27, 2006). Rule 16(b) applies to a motion to amend even when there is no scheduling order deadline, if "any possibility to amend the pleadings would expire when discovery closed."

---

[9] Defendants argue that the amendment deadline should be drawn from the July 26, 2011 Scheduling Order. The Court entered its first scheduling order on July 14, 2011, and amended it on July 26, 2011 to correct a clerical error. The deadline for motions to amend remained the same.

9

*Nissen*, 2011 WL 5240833, at \*5 n.3 (citing *Phillips*, 2006 WL 3069475, at \*6-7). In *Phillips*, former Chief Judge Garrett Brown found that Rule 16(b) applied even though the scheduling order did not set a deadline. Then-Magistrate Judge Patty Schwartz denied the plaintiff's motion to amend for lack of good cause, and the plaintiff appealed the order. *Id.* at \*1. The plaintiff argued that no deadline for a motion to amend was set forth in the scheduling orders, and therefore, the Rule 15(a) standard should have been applied. *Id.* at \*5. The Court noted that plaintiff moved to amend his complaint near the close of discovery. In affirming the magistrate judge's application of the Rule 16 standard despite the absence of a scheduling order deadline, the Court noted that "it was certainly clear that any possibility to amend the pleadings would expire when discovery closed." *Id.* at \*6.

Here, the Court finds that the motion to amend was timely filed. First, assuming that the "without prejudice" clause nullified the amendment deadline in the 2013 Scheduling Order, the Court will look to the immediately preceding scheduling order, *i.e.*, the 2012 Scheduling Order, to determine if the amendment is untimely.[10] As happened in *Phillips*, the 2012 Scheduling Order in this case did not provide an amendment deadline. Second, because the 2012 Scheduling Order did not include an amendment deadline, the Court would normally go back to the prior scheduling order for the deadline. Here, however, the Court cannot revive the 2011 Scheduling Order because the 2012 Scheduling Order expressly stated that it was "replacing the July 26, 2011 Amended Pretrial Scheduling Order." *See* 2012 Scheduling Order (ECF no. 112). Third, although the 2012 Scheduling Order did not provide an amendment deadline, it provided for discovery to close "6 months from the date the Court issues its Order" on the pending motion to

---

[10] Because the 2013 Scheduling Order only "amended" the 2012 Scheduling Order, if the provision for motions to amend is struck, any provision in the 2012 scheduling order would be revived.

amend. *See* 2012 Scheduling Order (ECF no. 112). Thus, a motion to amend filed roughly six months prior to the close of discovery, without more, would appear timely. The discovery deadline at the time Plaintiffs moved to amend was December 20, 2013. Six months before December 20, 2013 is June 20, 2013. Therefore, the Court finds that Plaintiffs' motion to amend was timely filed.[11]

### 3. Even if Plaintiffs' Motion to Amend had been Untimely, Implicating "Good Cause" Analysis, the Court Finds that Plaintiffs Demonstrate Good Cause.

Even if "good cause" analysis were required, the Court finds that Plaintiffs demonstrate good cause for seeking an extension of the scheduling order deadline for motions to amend. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "[T]he fixing of time limits serves to stimulate litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material." Fed. R. Civ. P. 16, Advisory Committee Notes (1983 Amendment) (internal citations and quotations omitted). Rule 16 thus allows courts to "actively manage [the] timetable of case preparation to expedite speedy and efficient disposition of cases." *Monroe v. City of Hoboken*, No. 11-2556, 2012 WL 1191177, at *5 (D.N.J. April 10, 2012) (citing *Newton v. A.C. & S., Inc.*, 918 F. 2d 1121, 1126 (3d Cir. 1990)).

"Whether good cause exists under Rule 16(b) depends upon the diligence of the party seeking to modify the scheduling order." *Id.* at *6 (internal citations omitted). It is the moving party's burden to "show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614

---

[11] Based on the 2012 Scheduling Order, the "constructive deadline" for motions to amend was June 20, 2013. Although Plaintiffs filed their motion to amend on June 28, 2013, the Court finds that the motion was timely. Not only is June 20, 2013 a constructive deadline, but Plaintiffs only filed on this date after obtaining permission from the Court to have several additional days to file their motion, if necessary, after Defendants notified them whether they would consent to the filing of the motion.

F. 3d 57, 84 (3d Cir. 2010). In assessing diligence, courts ask "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Grasso v. Consolidated Rail Corp., et al.,* No. 12-398 (KM), 2013 WL 3167761 (D.N.J. June 20, 2013), \*5 (internal citations omitted).

Plaintiffs argue that they obtained voluminous new materials in discovery since they filed their last amended complaint, and that these materials prompted the amendment. *See* Joint Letter, at 2 (ECF no. 239). They argue that they were diligent in seeking these materials, issuing a subpoena to obtain the records of the site administrator[12] and wading through 2.6 million pages of a rolling document production. *Id.* at 2-3. They point to discovery disputes that delayed production of some of these materials. *See* October 18, 2013 Status Conference Transcript, at 9. They claim that the new discovery materials assisted their experts in identifying the areas most impacted by the chromate production. *See* Joint Letter, at 3. Additionally, they argue that the proposed amended classes are more reflective of the location of the waste and the impact of the waste on the surrounding community. *See* October 18, 2013 Status Conference Transcript, at 8 (ECF no. 220).

Defendants do not argue that Plaintiffs lacked diligence in reviewing discovery or that they are seeking to delay the timetable for the case. Instead, Defendants argue that Plaintiffs fail to demonstrate good cause because they do not identify new information learned during discovery that motivated the amendments. *See* Defendant Honeywell's Opposition, at 10 (ECF no. 228); Joint Letter, at 3 (ECF no. 239). The Court disagrees. Plaintiffs identify several

---

[12] Defendant PPG initially blocked the subpoena, but the parties ultimately came to an agreement regarding the materials sought.

12

materials that they received since they filed their last complaint that informed their analysis.

They state that they received from Defendants

> [N]umerous aerial photos, Production Data Sheets, operational histories, information concerning the status of prior and/or ongoing remedies at the chromium Sites, information concerning breaches in Interim Remedial Measures, regulatory reports, and information concerning chromium testing and monitoring.

*See* Joint Letter, at 3 (ECF no. 239). Additionally, they claim that the production from the Site

Administrator influenced their analysis of the case; they did not receive the complete production

until May of 2013, one month before they moved to amend their complaint.[13] *Id.* Those

materials included information about

> Ongoing environmental releases of chromium from certain chromium sites, notes of meetings with NJDEP concerning a wide array of chromium remediation issues, notes of discussions with technical experts, results of residential inspections for the presence of chromium, and a substantial assortment of documents bearing on residents' fears and concerns.

*Id.* Plaintiffs are not required to divulge to Defendants the analysis they conducted of the 2.6

million pages, or the specific documents their attorneys found that informed their analysis, as

such information may implicate attorney work product doctrine. Plaintiffs' specific

identification of materials is sufficient.

The Court finds that Plaintiffs have met their burden of demonstrating good cause.

Plaintiffs were diligent in obtaining discovery and in reviewing the new discovery materials, and

they moved to amend their complaint promptly after receiving and analyzing the materials.

Furthermore, the Court finds that this amendment will streamline and simplify the case. While

---

[13] At the October 18, 2013 status conference, Plaintiffs also discussed that they obtained "internal studies that Honeywell did that demonstrate that chromium blowing off of these sites migrates into these class areas." *See* October 18, 2013 Status Conference Transcript, at 14 (ECF no. 237). Additionally, they discussed receiving the "results of the questionnaires that PPG's public relations staff and the independent site administrator had in its files," maps, environmental data, and information about the chemical composition of the waste. *Id.* at 15-16.

this result does not factor into the Court's "good cause" analysis, the Court notes that such a result is consistent with Rule 16's purpose of "stimulat[ing] litigants to narrow the areas of inquiry and advocacy to those they believe are truly relevant and material." *See* Fed. R. Civ. P 16, Advisory Committee Notes (1983 Amendment) (internal citations and quotations omitted).

**B.     Amendment Under Rule 15**

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing an amendment either through the court's leave or through obtaining the opposing party's written consent. Under the liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also* Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 92 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); *see also Sabatino v. Union Township*, No. , 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). In the absence of unfair prejudice, futility of amendment, undue delay, bad

14

faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.*, 292 F. 3d 103, 108 (3d Cir. 2002); *see also Arthur v. Maersk, Inc.*, 434 F. 3d 196, 204 (3d Cir. 2006) (stating that generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust."). This "liberal amendment philosophy limits the district court's discretion to deny leave to amend." *Avatar Business Connection Inc., v. Uni-Marts. Inc.*, No. 04-1866 (June 30, 2006), at *2 (allowing certain amendments even though plaintiff moved for leave to file on the eve of oral argument on motions for summary judgment). The non-moving party has the burden of demonstrating substantial or undue prejudice. *Heyl & Peterson International, Inc. v. F.D. Rich Housing, Inc*, 663 F. 2d 419, 426 (3d Cir. 1981).

### 1.    Unfair Prejudice

"[P]rejudice to the non-moving party is the touchstone for denial of an amendment." *United States Fire Insurance Co. v. Kelman Bottles*, No. 12-2270, 2013 WL 5303261, at *8 (3d Cir. Sept. 23, 2013) (internal citations and quotations omitted). "To justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Voilas et al. v. General Motors Corp., et al.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). "[F]rustrated expectations [do not] constitute undue prejudice sufficient to overcome the Rule 15(a) right to amend a pleading." *See Long v. Wilson*, 393 F. 3d 390, 400 (3d Cir. 2004) (internal citations and quotations omitted). In determining what constitutes unfair prejudice, courts consider whether allowing the amended pleading would (1) require the non-moving party to expend significant resources to conduct discovery and prepare for trial, (2) significantly delay resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *Id.* (internal citations omitted).

Generally, courts have not found unfair prejudice when a party moves to amend while discovery is still open. *See, e.g., Transweb v. 3M Innovative Properties Co., et al.,* No. 10-4413 (FSH), 2011 WL 2181189, at *9 (D.N.J. June 1, 2011) (finding no unfair prejudice where schedule would not be impacted and several months of fact discovery remained); *Leibholz v. Hariri and Celgene Corp.,* No. 05-5148 (DRD), 2007 WL 2177386, at *6 (D.N.J. July 27, 2007) (granting amendment where discovery was still open and final pretrial conference had not been set, among other factors). In contrast, "[i]f the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law." *Voilas,* 173 F.R.D. at 396 (internal citations and quotations omitted).

Courts have also not found unfair prejudice where the non-moving party had notice of the amendment through earlier motions to amend. *See id.* In *Voilas,* plaintiffs in a class action moved to amend their complaint to add 176 new plaintiffs to the existing six plaintiffs after they were denied class certification. Plaintiffs had previously moved to amend the complaint to add over 160 plaintiffs, but this motion had never been ruled upon by the court. The defendant, General Motors, argued that the amendment would be prejudicial because the action was filed over two years ago, the case was at a late stage in litigation, and discovery as to the six original plaintiffs was near completion. The Court held that the defendants' argument of prejudice was "without merit" because defendants had been on notice of many of these potential additional plaintiffs since plaintiffs filed their prior motion to amend (which was never ruled upon by the Court) to add over 160 plaintiffs. Furthermore, when plaintiffs moved for class certification, approximately a year and a half before they filed

their pending motion to amend, defendants also had notice that there may be additional claimants.

Here, Defendants argue that the amendment would prejudice them because the newly defined classes would sweep in new properties that were not in the class definition in the operative complaint. *See* Defendant Honeywell's Opposition, at 13 (ECF no. 228). However, as in *Voilas,* Defendants have been on notice that these areas may be part of the litigation since Plaintiffs first proposed including many of these areas in prior motions to amend.[14] Defendants were well acquainted with Plaintiffs' prior motions to amend, negotiating and conferring with Plaintiffs extensively to arrive at the current operative complaint. In these prior motions to amend, Plaintiffs' class definitions incorporated many of the same areas that are now being proposed in their new amendment. Similar to the *Voilas* defendants, Defendants in this case had notice of many of the potential new plaintiffs and properties in the proposed amendment through Plaintiffs' prior motions to amend.

Even if Defendants did not have notice, the Court finds that the change in the scope of the properties included in the class definitions will not result in unfair prejudice. Although Defendants argue that the amendment will require additional discovery, the inconvenience of new interrogatories or additional discovery alone does not amount to unfair prejudice. *See Voilas*, 173 F.R.D. at 396 (internal citations and quotations omitted). Furthermore, Plaintiffs represent that no additional discovery will be needed aside from discovery of the three new plaintiffs.

---

[14] Plaintiffs also argue that Defendants had notice because their complaint informs Defendants that "to the extent revealed by discovery and investigation, there may be additional appropriate classes and/or subclasses from the above class definitions which are broader and/or narrower in time or scope of exposure." *See* ECF no 230, at 9.

THE COURT: But will there be new document demands based on this if I grant the motion?

MR. GERMAN: No, not – not to the parties, no.

THE COURT: And will there be a letter to the parties suggesting they supplement their discovery responses based on the amendment?

MR. GERMAN: No, Your Honor.

*See* October 18, 2013 Status Conference Transcript, at 35 (ECF no. 237); Plaintiffs' Reply Brief, at 9-10. The Court finds that Defendants would not be significantly burdened by taking three additional plaintiff depositions.

Defendants' remaining arguments pertain to wasted efforts. Defendants complain that Plaintiffs have changed their class definitions numerous times, causing Defendants to redo their strategy each time. *See* Defendant Honeywell's Opposition, at 12 (ECF no. 228). They complain that the class action has been pending for over three years and that Plaintiffs are on their fifth complaint.[15] *Id.* They also complain that the discovery and expert analysis they obtained would be wasted, and that they may need to find new experts and take additional discovery. *Id.*

The Court's review of the procedural history reveals that, to date, there have been two complaints in this case: the original complaint and an amended complaint that the Court ordered Plaintiffs to file on June 14, 2012. *See* Class Action Complaint, dated May 17, 2010 (ECF no. 1); Amended Class Action Complaint, dated June 20, 2012 (ECF no. 124). The original

---

[15] The Court notes that although Plaintiffs have filed only their original complaint and an amended complaint, Plaintiffs in the instant motion to amend have inaccurately entitled their proposed new complaint, "Fourth Amended Class Action Complaint." While Plaintiffs may have moved to amend four times, Plaintiffs withdrew two of those motions. Therefore, the proposed amended complaint is more accurately described as a second amended class action complaint.

18

complaint was amended only once, on June 20, 2012. Because Plaintiffs' prior motions to amend were withdrawn or denied at the request of both parties, any changes in strategy as a result of these motions would have been unnecessary. In other words, the filing of motions to amend alone should not have caused a change in strategy.[16] Only when the Court grants a motion to amend does the operative complaint actually change. Therefore the Court finds that Defendants did not suffer unfair prejudice from decisions to change their strategy when the operative complaint was not amended until June 20, 2012.

As for Defendants' argument of wasted consultation with experts, the Court finds that Defendants' assertion of inconvenience, with nothing more, does not amount to unfair prejudice. While Defendants' expectations regarding strategizing with their experts may have been frustrated, "frustrated expectations [do not] constitute undue prejudice sufficient to overcome the Rule 15(a) right to amend a pleading." *Long v. Wilson*, 393 F. 3d 390, 400 (3d Cir. 2004). In their briefs and submissions, the parties represent that they are in the midst of discovery. Plaintiffs state that they received approximately 2.6 million pages of discovery between June 2012 and June 2013, and moved to amend as soon as they digested the information and felt they had analyzed sufficient information on the COPR sites. *See* Joint Letter, at 2 (ECF no. 239). A calculated, and perhaps prudent, decision to retain experts long before discovery concludes cannot equate to unfair prejudice thereby precluding the filing of amended pleadings.

---

[16]As discussed previously, Plaintiffs' prior motions to amend were withdrawn or denied at the request of both parties.

19

## 2.    Undue Delay

Delay, to become a legal ground for denying a motion to amend, must result in prejudice to the non-moving party. *Long v. Wilson*, 393 F. 3d 390, 401 (3d Cir. 2004). Delay alone is an insufficient ground to deny a motion to amend. *Lyon v. Goldstein*, No. 04-3458 (MLC), 2006 WL 2352595, at *4 (D.N.J. Aug. 15, 2006) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001)). "A delay becomes undue when it places an unfair burden on the non-moving party or the court." *Id.* A delay may also become undue where the moving party "has had prior opportunities to amend the pleading and has not done so." *Id.*

Although Defendants do not expressly argue that there is undue delay, they imply that Plaintiffs unduly delayed moving to amend their complaint to change the property ownership time frame from owners as of May 17, 2010 to owners "on or after September 30, 2008." *See* Joint Letter, at 4 (ECF no. 239); Joint Letter, Ex. 1 (ECF no. 239-1). Defendants argue that "Plaintiffs have been fully aware of the September 30, 2008 date since they first filed this lawsuit nearly three and half years ago," implying that Plaintiffs' amendment to change the property ownership timeframe should be denied because of undue delay. Id. Defendants argue that they have "spent over two years conducting discovery based on a proposed class of individuals who owned property as of May 17, 2010," and that the increased cost and lengthened discovery that would result from changing the record ownership date would prejudice them. See Defendant PPG's Opposition, at 10 (ECF no. 229). Plaintiffs do not explain why they did not change the property ownership timeframe earlier. Plaintiffs only argue that they designed these amendments after consulting with environmental and real estate experts. See Joint Letter, at 3 n. 2 (ECF no. 239).

Here the Plaintiffs ask too much. All of the other proposed amendments appeared to rationally tie the claims into the newly available discovery. The change in property ownership timeframe, in contrast, does not appear to be related to the newly available discovery, and Plaintiffs completely fail to explain their undue delay in seeking this amendment.[17] Furthermore, Plaintiffs fail to explain why additional homeowners should be swept into the class at this stage of the proceedings. Therefore, the Court denies Plaintiffs' request to amend the property ownership time frame in its class definitions.

### 3. Futility

"A court will consider an amendment futile if it is frivolous or advances a claim or defense that is legally insufficient on its face." *White v. Smiths Detection, Inc., et al.*, No. 10-4078, 2013 WL 1845072, at *11 (April 30, 2013) (internal citations and quotations omitted). A proposed amendment may be denied based on futility if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (internal citation omitted). Moreover, in determining whether a proposed amendment is futile, "the court looks only to the pleadings." *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000).

---

[17] Under a Rule 16 "good cause" analysis, which the Court held was not required, *see infra* at section A.2., the Court would have denied this amendment as well, as Plaintiffs fail to demonstrate due diligence in seeking the amendment.

"[D]ismissal of class certification allegations should be ordered only in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Ehrhart v. Synthes*, No. 07-01237 (SDW), 2007 WL 4591276 (D.N.J. Dec. 28, 2007) (internal citations omitted). Moreover, because a court's decision on class certification as a practical matter should be based on more information than what is in the complaint, "courts frequently have ruled that discovery relating to the issue of whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis." *Association of New Jersey Chiropractors, et al. v. Aetna, Inc.*, No. 09-3761(JAP), 2011 WL 2489954 (D.N.J. June 20, 2011) (internal citations omitted).

Defendants argue that the proposed class definitions are futile because they are not readily ascertainable and based on objective criteria, and therefore, would not be certifiable. *See* Defendant PPG's Opposition, at 5 (ECF no. 229). Defendants argue that Plaintiffs have drawn arbitrary lines around their proposed class areas that "bear no objective relationship to PPG's alleged activities or conduct," and that "Plaintiffs have provided no basis to demonstrate that every property within their proposed class definitions were affected by chromium exposure from PPG or Honeywell" or that all people within the boundary lines described in the class definitions have a claim. *Id.* at 6. Plaintiffs argue that it is premature to determine whether the proposed classes are certifiable. The Court agrees. The amended complaint itself does not demonstrate that the requirements for maintaining a class action cannot be met, and Defendants do not argue this is the case, but argue only that the classes are not certifiable. Furthermore, because courts often look to discovery to determine whether to allow a class action to proceed, and because this case is in the middle of discovery, it is too early for the court to determine whether

this action could continue on a class basis. Thus, the Court cannot conclude at this time that the proposed class definition would be futile.

III. **CONCLUSION**

In conclusion, the Court GRANTS Plaintiffs' request to amend their complaint to re-define the plaintiff classes and name new class representatives, and DENIES Plaintiffs' request to change the property ownership timeframe defining the plaintiff classes. Plaintiffs should file their amended complaint by January 30, 2014.

Joseph A. Dickson, U.S.M.J.

cc:     Hon. Esther Salas, U.S.D.J.