**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER OPINION**

May 29, 2014

*All counsel of record via ECF*

**Re:**   **Halley v. Honeywell (10-cv-3345-ES-JAD)**

Dear Counsel:

The Court writes in response to Plaintiffs' Motion for Clarification on its Order regarding the AECOM subpoena (ECF no. 322). As an initial matter, the Court reminds the parties that pursuant to its Scheduling Order, "No motions are to be filed without leave from the Court."[1] *See* Amended Scheduling Order No. 1 (ECF no. 263). The Court's Order regarding the AECOM subpoena (ECF no. 318) is based on its findings regarding which topics are relevant to class certification, as outlined in greater detail below.

Regarding Topic 1, the Court finds that air monitoring data is relevant to the commonality requirement of class certification, as the information sought may tend to show that the members of the class have a common nucleus of operative facts concerning liability. Plaintiffs assert that discovery to date has revealed that air monitoring data showed that hexavalent chromium was migrating offsite, from Disposal Area B to the surrounding

---

[1] Both PPG in filing its Motion to Quash and Plaintiffs in filing their Motion for Clarification violated the Court's Order.

1

community. *See* Plaintiffs' Opp. Br. at 13 (ECF no. 280). The Court notes, from the map attached to the AECOM subpoena at ECF no. 275-3, that Disposal Area B appears centrally located within Class Area B. Air monitoring data, therefore, would be relevant to whether there is a common injury to members of Class B, who live in proximity to Disposal Area B and who are part of the community surrounding Disposal Area B. In contrast, the Court finds that the subjects related to the Air Monitoring Program, such as development of this remediation program, do not appear relevant to class certification. Plaintiffs fail to provide specific arguments indicating how subjects such as the development, design or implementation of this remedial Air Monitoring program relate to whether any of the plaintiff classes should be certified.

Topic 5 seeks information on the "delineation of the nature and extent of chromium contamination" at several Hudson County COPR sites. While information regarding the nature and extent of chromium contamination at the properties within the *class areas* may be relevant to class certification, Plaintiffs offer no specific reason why information regarding chromium contamination *at COPR sites* relate to whether one or more classes should be certified. More specifically, Plaintiffs do not provide any link between chromium contamination at these COPR sites and chromium contamination at the properties in any of the Class areas.[2] Plaintiffs only argue generally in their supplemental letter brief[3] that "the nature and extent of contamination" is

---

[2] Plaintiffs argue that the reasons Topic 5 is relevant are the same as the reasons why Topic 4—remedial investigations -- is relevant. *See* Plaintiffs' Opp. Br. at 17. Plaintiffs also argue generally that remedial investigations delineate the nature and extent of the damage and determine where chemicals of concern might be migrating. *Id.* However, Plaintiffs do not provide any indication that any of the remedial investigations conducted showed any migration of chemicals. To the extent that the air monitoring data is considered to be part of a remedial investigation, the Court has already allowed discovery on that subject.

[3] The Court notes that Plaintiffs' supplemental letter, which exceeded two pages, violated the Court's Order (ECF no. 310). Not only did the Court limit the number of pages at the in-person status conference, but it also included the page limitation in its written Order. Items included in Court Orders are not suggestions.

2

relevant to certification of Plaintiffs' claims. *See* Plaintiffs' supplemental letter at 3 (ECF no. 314). Plaintiffs' argument that "the past and present amounts of contamination in Disposal Area B...bears on the past and ongoing presence of chromium contamination in the Disposal and Class Areas" is conclusory and fails to explain *how* information regarding contamination in the Disposal Area might bear on contamination in residential properties in the *class areas. Id.* at 2.

Topic 6 seeks information regarding remediation of Hudson County COPR Sites 114, 121, 132, 133, 135, 143, 186, and 207. While Plaintiffs argue that such information "can provide significant information concerning the nature and extent of the waste dumped by PPG," this reason does not address why or how information concerning waste in these COPR sites is linked to waste at the properties within any of the class boundaries. While Plaintiffs also argue that PPG's "remediation activities have been conducted in a manner that has resulted in the offsite migration of chromium and ongoing exposure to the Class," *see* Plaintiffs' Opp. Br. at 18 (ECF no. 280), Plaintiffs fail to provide any actual support for this argument. Plaintiffs only cite deposition testimony that PPG's remediation activities may present opportunities for offsite migration. *Id.* Plaintiffs do not cite any information revealed in discovery that suggests that any chemicals actually migrated offsite. To the extent that the air monitoring data falls under this topic, the Court has already allowed discovery on that subject because Plaintiffs sufficiently demonstrated why such information would be relevant to class discovery. *See infra* (discussion on Topic 1).

Topic 7 seeks information concerning "soil sampling for hexavalent chromium in the Class Area B boundaries and the results of such sampling." The Court permitted limited discovery of Topic 7 to the extent that the soil sampling would reflect sampling of properties within Class Area B. More specifically, the Court prohibited deposition questioning regarding

3

soil sampling in Disposal Area B, because sampling in this non-residential area would not appear related to class certification. Plaintiffs fail to provide any information suggesting that hexavalent chromium or other toxic substances are migrating from the soil in Disposal Area B to the soil in properties within Class Area B.

Topic 9 seeks information concerning "Any indoor or outdoor investigations, tests or sampling undertaken to determine the presence of chromium in Class Area B and the results of such investigations, tests or sampling." The Court limited Topic 9 in the same way that it limited Topic 7, and for the same reasons.

In conclusion, the Court notes that while Plaintiffs seek "reasoning behind [the Court's] decision to better guide the parties in developing their cases," this Letter Opinion is not an advisory opinion. The Court in its Order regarding AECOM had a particular issue at hand, i.e., the AECOM subpoena, and considered the arguments of the parties related to that issue in rendering its rulings in the Order (ECF no. 318). This letter opinion merely explains the reasoning behind its Order (ECF no. 318) and should not be considered an advisory opinion on what evidence will be considered for class certification, which will be determined by a fair vetting of the issues at the time the motions for class certification are filed.

As the Motion for Clarification (ECF no. 322) was filed without permission from the Court, and as the Court has explained its reasoning for its Order (ECF no. 318) herein, the Clerk of the Court shall terminate Plaintiffs' Motion for Clarification (ECF no. 322).

**SO ORDERED.**

_____
Hon. Joseph A. Dickson, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.