# ATTACHMENT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MATTIE HALLEY, SHEM ONDITI, LETICIA MALAVÉ, and SERGIO de la CRUZ,** | |
| **On Behalf of Themselves and all Others Similarly Situated,** | **Civil Action No. 2:10-cv-3345 (ES) (JAD)** |
| **Plaintiffs,** | |
| **v.** | |
| **HONEYWELL INTERNATIONAL, INC. and PPG INDUSTRIES, INC.,** | |
| **Defendants.** | |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Settlement Agreement is entered into by Plaintiff Shem Onditi ("Plaintiff" or "Class Representative of Class A"), Plaintiff Sergio de la Cruz ("Plaintiff" or "Class Representative of Class C") (together the "Settlement Class Representatives"), both individually and on behalf of the Settlement Classes defined herein, Plaintiff Mattie Halley, and Plaintiff Leticia Malave (collectively, the "Named Plaintiffs") and Honeywell International Inc. ("Honeywell"). The Named Plaintiffs and Honeywell collectively are referred to herein as "the Parties." Subject to approval by the Court, the Parties hereby agree to the following terms in full settlement of the above captioned action (the "Action").

I.      **CASE HISTORY AND PREAMBLE**

1.      On May 17, 2010, three plaintiffs, two of whom are no longer part of this Action, filed this lawsuit on behalf of themselves and other similarly situated persons alleging that their properties had been impacted by chromium ore processing residue ("COPR") and related

chemical contaminants and that plaintiffs were and continued to be exposed to these contaminants. Plaintiffs alleged that the COPR contamination migrated from two former manufacturing facilities in Jersey City, New Jersey:  (1) a manufacturing facility located on Route 440 that was operated by the Mutual Chemical Company from 1895 to 1954 and (2) a manufacturing facility located on 880 Garfield Avenue that was formerly owned and operated by the Natural Products Refining Company and Pittsburgh Plate and Glass Company from 1924 to 1963. Plaintiffs alleged that Honeywell is the corporate successor to the Mutual Chemical Company and that PPG Industries, Inc. ("PPG") is the corporate successor to the Pittsburgh Plate and Glass Company and the Natural Products Refining Company.

2.     Plaintiffs alleged that COPR and related chemical contaminants were disposed of and transported to various "COPR sites" throughout Jersey City. Plaintiffs' original complaint alleged that plaintiffs, the class members they sought to represent, and/or their properties had been damaged by COPR and alleged related contamination emanating from 136 COPR sites in Jersey City. The original complaint encompassing these 136 COPR sites sought certification of two classes. The first class was a medical monitoring class seeking relief on behalf of all persons who, on or before May 17, 2010, for six consecutive months or greater, ever resided, worked, and or attended school on any parcel of land any part of which is located within 500 feet of any COPR site located in Jersey City, New Jersey. The second class was a property damages class seeking relief on behalf of all persons who, on or before May 17, 2010, owned any parcel of land any part of which is located within one quarter mile of any COPR site located in Jersey City, New Jersey. On behalf of the medical monitoring class, Plaintiffs alleged they faced a significantly increased risk of contracting serious latent disease, including various forms of cancer. On behalf of the property damages class, Plaintiffs alleged that hexavalent chromium

and other hazardous substances had entered Plaintiffs' property, and had contaminated their property, air, land, dwelling and surrounding environment, thereby causing Plaintiffs and the property damages class to suffer damage to property and loss of use and enjoyment of property.

3.      In June 2012, Plaintiffs filed an amended complaint which dropped their request for medical monitoring.  At that time, Plaintiffs' counsel sent a letter to named plaintiffs and some putative class members advising them that medical monitoring was no longer being pursued and advising them that the statute of limitations for medical monitoring might no longer be tolled.  A copy of the letter, which is attached hereto as **Exhibit A**, was also posted on Plaintiffs' counsel's website regarding this litigation.

4.      After a series of amendments to the Complaint, including substitutions of named Plaintiffs, Plaintiffs filed a Fourth Amended Complaint on January 28, 2014.  The Fourth Amended Complaint alleges property damages stemming from the alleged presence of COPR, hexavalent chromium, or other COPR related contaminants (a) at several properties known as New Jersey Department of Environmental Protection Chromium Site Study Area 5, Study Area 6 North, Study Area 6 South, Study Area 7 and Site 119 and (b) at or near the Class properties, and asserts causes of action for trespass, private nuisance, negligence, strict liability, and civil conspiracy against Honeywell and civil conspiracy against PPG.   The Fourth Amended Complaint also contains claims against PPG related to other chromium sites.

5.      In the Fourth Amended Complaint, Plaintiffs assert claims on behalf of three Classes, identified as Class A, Class B, and Class C:

a.   Class A as defined in the Fourth Amended Complaint consists of:

All persons who, as of May 17 2010, the date on which the original Complaint was filed, owned any real property not zoned for industrial use exclusively and any part of which is located within the area shaded green on the attached map.

3

    b.   Class B as defined in the Fourth Amended Complaint consists of:

All persons who, as of May 17, 2010, the date on which the original Complaint was filed, owned any real property not zoned for industrial use exclusively and any part of which is located within the area shaded red on the attached map.

    c.   Class C as defined in the Fourth Amended Complaint consists of:

All persons who, as of May 17, 2010, the date on which the original Complaint was filed, owned any real property not zoned for industrial use exclusively and any part of which is located within the area shaded yellow on the attached map.

    6.    The Parties have engaged in protracted, arms length, and good faith settlement negotiations.  The Parties now desire to implement their negotiated resolution and to enter into a Settlement Agreement that is final and binding without the expense and uncertainty of further litigation.  If approved by the Court, after notice and a fairness hearing, this Settlement Agreement will result in a Final Judgment incorporating the terms of the Settlement Agreement resolving all the pending claims between the Parties.

    7.    The Court has not made any finding that Honeywell is liable for the conduct alleged in the Complaint, and Honeywell expressly denies any wrongdoing whatsoever. Honeywell expressly denies that COPR from the operations of the Mutual Chemical Company in Jersey City is present in, on, or at the properties within the Settlement Classes as defined herein. Neither this Settlement Agreement nor the Final Judgment shall constitute or be used in this or any other case or action as evidence of negligence, trespass, nuisance, conspiracy, strict liability, or violation of any federal, state or local law, regulation, or order, or of any other form of actionable misconduct or omission by Honeywell.  If for any reason the Settlement Agreement is not effectuated, no evidence of this Settlement Agreement or the contemplated Final Judgment shall be admissible for any purpose in this or any other action.  Moreover, the Settlement Agreement shall not constitute an admission by Honeywell as to any issue of fact or law related

4

to the litigation, including, but not limited to, the suitability for class action treatment of these and/or any other claims under Federal Rule of Civil Procedure 23, if the Court does not grant final approval to this Settlement Agreement and the settlement contemplated herein.  Honeywell consents to the Court's approval of the Settlement Classes as proposed herein solely for settlement purposes on the terms established herein.

## II.    DEFINITIONS

When used in this Settlement Agreement, the following terms shall have the following meanings:

1. "Action" means the case currently styled *Halley v. Honeywell International Inc., et al.*, Civil No. 2:10-cv-3345 pending in the United States District Court for the District of New Jersey.

2. "Claims Administrator" means The Garden City Group, Inc. or such other claims administrator approved by the Court to administer the Settlement Agreement, including but not limited to, providing Notice to potential members of the Settlement Classes, processing Claim and Release Forms and verifying property ownership information, distributing payments to eligible members of the Settlement Classes and incentive awards or compensation to the Settlement Class Representatives, serving as "administrator" of the Settlement Fund within the meaning of Treasury Regulation section 1.468B-2(k)(3), and other aspects of administering the Settlement Agreement.

3. "Claims Administration Expenses" means the expenses incurred by the Claims Administrator in the administration of the Settlement Agreement, including but not limited to, expenses incurred in providing Notice to potential members of the Settlement Classes, processing Claim and Release Forms and verifying property ownership information, distributing payments to eligible members of the Settlement Classes and incentive awards or compensation to the Settlement Class Representatives, fees charged by the Escrow Agent and any other costs reasonably incurred in administration of the Settlement Agreement.   All such Claims Administration Expenses shall be paid from the Settlement Fund.

4. "Class B" means persons who, as of May 17, 2010, the date on which the original Complaint was filed, owned any real property not zoned for industrial use exclusively and any part of which is located within the area shaded red on the attached map and identified therein as "Class B."

5. "Class Counsel" means individually and collectively JANET JENNER & SUGGS LLC, Howard A. Janet, Robert K. Jenner, and Kenneth M. Suggs, 1777 Reisterstown Road, Suite 165, Baltimore, Maryland 21208, telephone: (410) 653-3200; GERMAN

RUBENSTEIN LLP, Steven J. German and Joel Rubenstein, 19 West 44th Street, Suite 1500, New York, New York 10036, telephone: (212) 307-2020 and National Legal Scholars Law Firm, P.C. and Anthony Z. Roisman, 394 Skyline Drive, Weathersfield, Vermont, 05156, telephone (802) 885-4162.

6. "Class Member," for purposes of settlement only, means a Person who falls within the definition of either Settlement Class A or Settlement Class C and who does not timely exclude himself, herself or itself from the Settlement Classes.

7. "Class Ownership Period" means May 17, 2010 up to and including October 1, 2014.

8. "Complaint" means the original Class Action Complaint filed in the Action on May 17, 2010, the Amended Class Action Complaint filed on June 20, 2012, and the Fourth Amended Class Action Complaint filed on January 28, 2014.

9. "Conspiracy Claim" means the claim for civil conspiracy asserted against Honeywell and PPG in the Complaint.

10. "Court" means the United States District Court for the District of New Jersey.

11. "Defendant" or "Honeywell" means and shall include for all purposes of the Settlement Agreement Defendant Honeywell International Inc. and its predecessors, successors, affiliates, assigns, and any related or affiliated companies or other entities, and the employees and agents of each of them.  The terms "Defendant" or "Honeywell" do not include PPG.

12. "Effective Date" means the first date by which all of the following have occurred: (1) the Court has entered a Final Judgment incorporating the terms of this Settlement Agreement, in the form of a final and appealable judgment; (2) the time for appeal of the Final Judgment, including the period during which the time for appeal may be extended, has either run without an appeal having been filed or any appeal (including any requests for rehearing *en banc* or petitions for *certiorari* or other appellate review) has been finally resolved, and the time for filing any further appeal or request for review has expired.

13. "Escrow Agreement" means the agreement, attached hereto as **Exhibit B**, to be executed by the Parties and the Claims Administrator to establish the Settlement Fund, as an escrow account, to facilitate the performance of the deposit, payment and related obligations set forth in this Settlement Agreement.

14. "Final Approval" means the date the Final Judgment is entered by the Court.

15. "Mutual Facility" means the former Mutual Chemical Company chromium manufacturing facility located on Route 440 in Jersey City, New Jersey.

16. "Non-Conspiracy Claims" means all those claims asserted by Plaintiffs in the Complaint at any time, excluding the Conspiracy Claim.  "Non-Conspiracy Claims" include Plaintiffs' current claims for trespass, private nuisance, negligence, and strict

liability that the Settlement Class Representatives have asserted against Honeywell and PPG in the Complaint.

17. "Final Judgment" means the judgment to be entered in this case.  The Parties will present the form of Judgment attached as **Exhibit C** to the Court for Final Approval.

18. "Named Plaintiffs" means Sergio de la Cruz, Shem Onditi, Mattie Halley, and Leticia Malave and any class representatives added or substituted by Plaintiffs prior to Final Approval.

19. "Notice" means the forms of notice to the Class titled "Notice of Proposed Class Action Settlement and Your Rights," in the form attached hereto as **Exhibits D-1** and **D-2** or such other form as the Court may order, to be sent via first class mail. Notice will also be provided by publication in the Jersey Journal, which is a newspaper of general circulation in Jersey City, New Jersey, once a week for four consecutive weeks commencing on the Notice Date.  That "Publication Notice" will be in the form of **Exhibit E**, or other such form as the Court may order.

20. "Notice Date" means the date on which the Claims Administrator first mails the Notice to eligible members of the Settlement Classes.

21. "Opt-Out and Objection Deadline" means the date 60 days after the Notice Date, by which opt-out notices and/or objections must be post-marked.

22. "Party" or "Parties" means Honeywell and the Settlement Class Representatives. "Party" or "Parties" does not include PPG.

23. "Person" shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  The definition of "Person" is not intended to include any governmental agencies or governmental actors.

24. "PPG" shall mean PPG Industries, Inc. and its predecessors, successors, affiliates, assigns, and any related or affiliated companies or other entities.

25. "Preliminary Approval Date" or "Preliminary Approval" means the date upon which preliminary approval of this Settlement Agreement is granted by the Court.  The Parties will submit a proposed Order Granting Preliminary Approval of Proposed Settlement in the form attached hereto as **Exhibit F** along with their Joint Motion for Preliminary Approval.

26. "Release" means the release as specifically set forth in Paragraph IV.10 of this Settlement Agreement.

27. "Released Claims" means any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, loss of use and

enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever arising out of the ownership of 1-4 family residential property in Settlement Class A area or Settlement Class C area, including without limitation punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of this Agreement, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES, that arise out of the release, migration or impacts or effects of COPR, hexavalent chromium, or other chemical contamination (a) originating from the Mutual Facility at any time through the date of this Agreement or (b) present on or released or migrating at or from Study Area 5, Study Area 6 South, Study Area 6 North, Study Area 7, or Site 119 at any time through the date of this Agreement, including but not limited to property damage, remediation costs, diminution of value to property, including stigma damages, loss of use and enjoyment of property, fear, anxiety, or emotional distress as a result of the alleged contamination.  Released Claims include claims for civil conspiracy asserted by the members of Settlement Classes A and C.  Personal injury, bodily injury, and medical monitoring claims (if any) are not Released Claims.  Plaintiffs are not releasing any claims they may have against PPG except as explicitly stated in this agreement.

28. "Remaining Funds" means the amount of the Settlement Fund remaining after the following payments and disbursements have been made in order of priority: (i) approved attorneys' costs and expenses; (ii) approved fee award; (iii) approved Claims Administration Expenses; (iv) approved incentive awards or other compensation to the Settlement Class Representatives; (v) payments to eligible Class A and Class C Members; and (vi) the use of any Unclaimed Funds towards the Community Project.

29. "Settlement Class A" means Persons who, at any time during the Class Ownership Period, owned or own real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class A" on the attached map. Settlement Class A is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River.  Settlement Class A includes properties located on both sides of the boundary streets contained in the class definition.

30. "Settlement Class C" means Persons who, at any time during the Class Ownership Period, owned or own residential real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class C" on the attached

map.   Settlement Class C is generally comprised of the residential development community known as "Society Hill", which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North.  Settlement Class C includes properties located on both sides of the boundary streets contained in the class definition.

31. "Settlement Classes" refers collectively to Settlement Class A and Settlement Class C.

32. "Settlement Class Property" means any Class 2 Residential real property that falls within the definition of either Settlement Class A or Settlement Class C.

33. "Settlement Class Representatives" means Shem Onditi and Sergio de la Cruz.

34. "Settlement Fund" means a claims-based fund that is established by the Defendant in the amount of Ten Million Seventeen Thousand Dollars ($10,017,000.00).  From this Settlement Fund, the following payments will be made, in order of priority (i) approved attorneys' costs and expenses; (ii) approved fee award;  (iii) approved Claims Administration Expenses; (iv) incentive awards or other compensation to the Settlement Class Representatives; (v) payments to eligible Class A and Class C Members; (vi) any Unclaimed Funds donated towards the Community Project and (vii) any Remaining Funds as payments to eligible Class A and Class C Members. The Settlement Fund represents the limit and extent of Defendant's monetary obligations under this Settlement Agreement for the payments to Class A and Class C Class Members, Claims Administration Expenses, the fee award, the Community Project, and incentive awards or other compensation to the Settlement Class Representatives.  The Settlement Fund shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.

35. "Unclaimed Funds" means any funds that are available for recovery by eligible members of Settlement Class A and Settlement Class C but that are not claimed, whether due to a failure to complete and return the Claim and Release Form or due to incomplete documentation evidencing record title ownership to Settlement Class Property during the Class Ownership Period.  Up to $100,000 of any Unclaimed Funds may be used to fund a Community Project as defined herein.

## III.   CLASS CERTIFICATION

1.      Solely for purposes of settlement, the Parties agree to certification of the following Classes under Fed. R. Civ. P. 23(b)(3):

Settlement Class A:

Persons who, on or after May 17, 2010 and up to and including October 1, 2014, own or owned any real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class A" on the attached map. Settlement Class A is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River. Settlement Class A includes properties located on both sides of the boundary streets contained in the class definition.

Settlement Class C:

Persons who, on or after May 17, 2010, and up to and including October 1, 2014, own or owned any real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class C" on the attached map. Settlement Class C is generally comprised of the residential development community known as "Society Hill", which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North. Settlement Class C includes properties located on both sides of the boundary streets contained in the class definition.

Excluded from Settlement Class A and Settlement Class C is Honeywell and its officers, directors, management, employees, subsidiaries, or affiliates and PPG and its officers, directors, management, employees, subsidiaries, or affiliates. Also excluded from Settlement Class A and Settlement Class C are the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

2.     To facilitate the provision of notice, the Parties agree to provide the Claims Administrator with the information that each has compiled with respect to mailing addresses of Settlement Class A members and Settlement Class C members.

## IV.    SETTLEMENT PROCESS

1.    **Preliminary Approval.** The Parties shall jointly move the Court to grant preliminary approval of this Settlement Agreement, to preliminarily certify Settlement Class A and Settlement Class C, to enter the Order Granting Preliminary Approval of Settlement, and to approve the Notice and Publication Notice attached hereto as **Exhibits D-E**, and to approve the Escrow Agreement, within fourteen (14) days of execution of this Agreement.

2.    **Honeywell Payment of the Settlement Fund.**  Within thirty (30) days of the Court granting such preliminary approval, the Parties and the Claims Administrator shall execute the Escrow Agreement, and Honeywell shall establish and fund the Settlement Fund as an escrow account, at a federally chartered bank in the amount of $10 Million Seventeen Thousand Dollars ($10,017,000.00).  Such Settlement Fund shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.  The Claims Administrator shall have the right to draw on the Settlement Fund to make payments related to this Settlement Agreement in accordance with the schedule and payment formula set forth in Paragraph 5 below after the Court has approved such payments.  If this Settlement Agreement terminates pursuant to Section VII below, the Settlement Fund shall be returned to Honeywell within sixty (60) days of termination of the Settlement Agreement, minus any funds approved by the Court for expenses incurred by the Claims Administrator for Claims Administration Expenses prior to termination.

3.    **Notice.**  Within thirty (30) days of the Court granting Preliminary Approval to the proposed settlement, the Notices in the form of **Exhibits D-1 and D-2**, or as modified by the Court, will be sent by first class mail to the current owners of record, and any eligible prior owners of record, of Settlement Class Property during the Class Ownership Period, whose names

11

and current mailing addresses can be identified by the Claims Administrator with reasonable effort. If it appears, based on best available public data, that the Settlement Class Property is not currently owner-occupied, the Claims Administrator will make reasonable attempts to mail the Notice both to the current mailing address of the property owner as well as to the address of the subject property. Notices that are returned by the United States Postal Service with a forwarding address will be re-mailed to the new address.

      a. The individual mailed Notice will provide general information as to the settlement terms and instructions on how to opt out of the proposed settlement. A URL address will be provided in the Notice to an online complete copy of this Settlement Agreement which will be maintained by the Claims Administrator through the Effective Date.

      b. Publication Notice will also be provided in the Jersey Journal, which is a newspaper of general circulation in Jersey City, New Jersey, once a week for four consecutive weeks commencing on the Notice Date. Publication Notice will be in the form of **Exhibit E**, or other such form as the Court may order. The Notice will direct those persons who believe they may be in Settlement Class A or Settlement Class C to contact the Claims Administrator to request that a Claim and Release Form be sent to them.

      c. Commencing on the Notice Date, Notice shall be also provided on a website, which shall be administered by the Claims Administrator and shall include the ability to file Claim and Release Forms online. The website shall be maintained only until final distribution of Settlement Funds, at which point it shall be taken down by the Claims Administrator. The Notice on the Website shall be substantially in the form of **Exhibit G** attached hereto.

      d. The Parties may further agree upon additional methods of delivering notice and distributing information within the community to explain the Settlement Agreement and encourage participation by eligible members of the Settlement Classes, including one or more public information sessions to be held at locations within the geographic boundaries of the Settlement Classes. Honeywell reserves the right to attend and participate in any such public information sessions.

      e. The procedures and deadlines for opt-out and exclusion requests and objections will be set forth in the Publication and individual mailed Notices. The period for opt-out or exclusion requests will be sixty (60) days from the Notice Date. Opt-out or exclusion requests must be mailed to the Claims Administrator and will be considered timely if postmarked on or before the expiration of the 60-day period.

    f.    The procedures and deadlines for filing a claim for settlement payments, including a Claim and Release Form in the form of **Exhibits H-1 and H-2**, will be included with the Publication and individual mailed Notices.  To receive settlement benefits, the Class Member must return the properly completed Claim and Release Form with ownership documentation to the Claims Administrator within the same 60-day period provided for opt-out and exclusion requests.

    g.    If the Class Member does not opt out by the opt-out deadline, the Class Member will be bound by the terms of the Settlement Agreement, whether or not the Class Member completes and returns the Claim and Release Form.

    h.    The Claims Administrator will review the completed Claim and Release Form and supporting documentation to determine whether the proper information has been provided to establish an ownership interest in the Settlement Class Property during the Class Ownership Period.  If additional information is needed from the Class Member, the Claims Administrator will make reasonable attempts to contact the Class Member to obtain the information.

    i.    The Claims Administrator will disburse settlement proceeds to those Class Members meeting all of the settlement payment requirements within the time period provided for in Paragraph 5 below.

4.  **CAFA Notice**.  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Settlement Agreement is filed with the Court, Defendant shall serve upon the Attorneys General of each U.S. State in which a class member resides, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law. Expense of such CAFA Notice shall be borne by Honeywell and shall not be deducted from the Settlement Fund.

5.  **Settlement Payments.**  Payments made from the Settlement Fund shall be made within fifteen (15) days after the Effective Date and shall be made in accordance with the following formula:

    a.  **Initial Distributions.**  The approved Claims Administration Expenses, attorneys' costs and expenses, fee award, and any incentive payments to the Settlement Class Representatives shall first be deducted from the Settlement Fund after any such awards have been approved by the Court.  The Claims Administrator may make periodic applications to the Court for approval of Claims Administration Expenses.

b.  **Initial Allocation of Payments to Class Members.**  After such initial distributions pursuant to sub-paragraph (a) are made, the Settlement Fund shall be allocated to the Settlement Classes.  This amount allocated to the Classes shall hereinafter be referred to as "Settlement Class Funds."

1.   Each Settlement Class Property shall be assigned an equal share of the Settlement Class Funds.  For example, if Settlement Class Funds consist of $6.3 million, each of the estimated 3,400 Settlement Class Properties would be allocated a share worth approximately $1,850.  Settlement Class Funds allocated to Settlement Class Properties for which no valid claims have been made shall constitute Unclaimed Funds and shall be allocated as set forth in sub-paragraph (c) below.

2.  To the extent record title ownership of a property in the Settlement Classes has changed during the Class Ownership Period, the Parties agree that the current owners of Settlement Class Property and any prior owners who held title to the property during the Class Ownership Period are each entitled to a time-weighted pro rata amount of the single share of the Settlement Class Funds for that property.  For example, if the Class Ownership Period is four and one half years (4.5 years) and owner X owned Settlement Class Property for 27 months and Y owned the same Settlement Class Property for 27 months, each would receive one-half of the single share.  Record title ownership and the time period of ownership are subject to verification through the claims administration process.

3.  To the extent there are multiple owners of record title at the same time for a single Settlement Class Property, a single payment for the property will be issued to all record title owners as a group.  Any subsequent allocation of that payment among those record title owners will be for the record title owners to determine and will not be determined in the claims administration process.

4.  All payments issued to Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  To the extent that a check issued to a Class Member is not cashed within ninety (90) days after the date of issuance, the check will be void, and such funds shall revert to the Settlement Fund, to be distributed as Unclaimed Funds in accordance with sub-paragraph (c) below.

c.  **Distribution of Unclaimed Funds and Remaining Funds.**

1.  **Unclaimed Funds and Community Project.**  To the extent that no claim is made for a Settlement Class Property within the 60-day time period, up to $100,000 of any unclaimed proceeds (the "Unclaimed Funds") may be used as a donation for community purposes (the "Community Project").  The Parties shall jointly move the Court, prior to Final Approval of the Settlement, setting forth the details of any such Community Project and seeking Court approval.  The Parties agree that

14

should the Court approve any such Community Project, that the Settlement Class Representatives, Class Counsel, and Honeywell are each entitled to be involved in the process and that each party is entitled to receive appropriate acknowledgment for their respective participation.  If the Parties do not pursue a Community Project or if the Community Project is not approved by the Court, the "Unclaimed Funds" will be considered "Remaining Funds" to be distributed to eligible Class A and Class C Members consistent with sub-paragraph (c)(2) below.

2.  **Remaining Funds.**  If, after donating any Unclaimed Funds in an amount not to exceed $100,000 to the Community Project, any Unclaimed Funds remain, those remaining funds (the "Remaining Funds") shall be distributed to the eligible Class A and Class C Members pursuant to the allocation formula specified in Section (b) above.  Unless the Settlement Agreement is terminated pursuant to Section VII, no Settlement Funds shall revert to Honeywell.

6.  **Commitments by Members of the Settlement Classes.**  Prior to receiving any payments under the Settlement Agreement, each Class Member must execute and deliver to the Claims Administrator a Claim and Release Form in the form attached as **Exhibits H-1 and H-2** ("Claim and Release Form"), along with documentation evidencing proof of record title ownership during the Class Ownership Period.  The following documentation is deemed presumptively sufficient to evidence proof of record title ownership subject to the Claims Administrator's authority under Section V:

    a.   Deed

    b.   Notice of Property Tax Assessment

    c.   Property Tax Bill

    d.   Printout from the website of the New Jersey Association County Boards (http://www.njactb.org/) identifying the results of a search of the Current Owners/Assessment List database.

    e.   Copy of HUD-1 Settlement Statement

    f.   Affidavit of ownership

7. If the Claims Administrator determines that additional information is needed from the Class Member to verify record title ownership during the Class Ownership Period, the Claims Administrator will attempt to contact the Class Member to obtain the information.

8. If an eligible member of Settlement Class A or Settlement Class C is the sole owner of a Settlement Class Property during the Class Ownership Period, and if s/he opts out, fails to complete the Claim and Release Form, or provides a Claim and Release Form with incomplete or inaccurate ownership documentation and fails to correct or supply such information after given reasonable notice of and an opportunity to do so, the settlement payment that such eligible member would have been entitled to will be considered "Unclaimed Funds" to be distributed in accordance with Paragraph IV(5)(c) above.

9. If an eligible member of Settlement Class A or Settlement Class C is not the sole owner of a Settlement Class Property during the Class Ownership Period, and if s/he opts out, fails to complete the Claim and Release Form, or provides a Claim and Release Form with incomplete or inaccurate ownership documentation and fails to correct or supply such information after given reasonable notice of and an opportunity to do so, the settlement payment that such eligible member would have been entitled to will be distributed on a time-weighted, pro rata basis to the other, eligible Class Member(s) who owned the same Settlement Class Property during the Class Ownership Period.

10. **Releases.**  The Named Plaintiffs and Settlement Class Representatives agree to, and shall, on or before the Effective Date, file with the Court such papers necessary to effectuate the following:

    a.    The Settlement Class Representatives on behalf of themselves and the Class Members of Settlement Class A and Settlement Class C agree to dismissal

with prejudice of all Non-Conspiracy and Conspiracy Claims alleged against Honeywell and PPG.

b.      The Named Plaintiffs who are not Settlement Class Representatives and who are not members of Settlement Class A or Settlement Class C agree to dismissal without prejudice of the Conspiracy Claim against Honeywell and PPG with respect to themselves.  Named Plaintiffs and Class Counsel further expressly acknowledge that a claim for civil conspiracy by any Class B putative class member is not anticipated to recover any damages or relief in addition to that otherwise available under plaintiffs' or putative class members' non-conspiracy claims.

c.      The Named Plaintiffs expressly state that they do not assert any claims with respect to Class B against Honeywell other than the Conspiracy Claim.

d.      Each Class Member who has not timely opted out of the Settlement Classes fully, finally, and forever releases, remises, acquits, waives and forever discharges Honeywell of and from any and all Released Claims and shall be forever enjoined from prosecuting all Released Claims against Honeywell.

e.      Each Class Member who does not timely opt out of the Settlement Classes hereby stipulates and agrees, with respect to any and all Released Claims, that, the Class Member shall be conclusively deemed to, and by operation of the Final Judgment shall, waive and relinquish any and all rights or benefits they may now have, or in the future may have, under any law relating to the Released Claims.

      f.      Each Class Member who has not timely opted out of the Settlement Classes acknowledges that the foregoing release of claims including but not limited to claims for punitive damages, was separately bargained for and a key element of this Settlement Agreement.

## V.   CLAIMS ADMINISTRATOR

1.      Subject to the approval of the Court, The Garden City Group, Inc. has been selected by Class Counsel as the Claims Administrator for this Settlement Agreement. Authorized Claims Administration Expenses will be paid out of the Settlement Fund.  As directed by the Court or Class Counsel, the Claims Administrator will:

    a.  Effectuate individual mailed Notice and Publication Notice to potential members of the Settlement Classes in accordance with the procedures outlined in Paragraph IV.3 above;

    b.  Provide and staff a toll-free phone number and website for the purpose of providing settlement information to class members and potential class members;

    c.  Receive opt out notices and Claim and Release Forms from potential members of the Settlement Classes and any other submissions by persons claiming ownership interests in any Settlement Class Property;

    d.  Distribute settlement proceeds as set forth in this Settlement Agreement;

    e.  Administer the class settlement as requested by Class Counsel and approved by the Court, including but not limited to evaluating and rendering equitable, informed decisions — to resolve any disputed property interests or to allocate the consideration owed on any property between and among multiple persons with valid legal claims to ownership interests in accordance with the terms of this Agreement.  Decisions of the Claims Administrator shall be final and shall only be appealed to the Court on the basis that the Claims Administrator incorrectly calculated a settlement payment under the provisions of this Settlement Agreement.

    f.  Employ reasonable procedures to screen claims for abuse or fraud, and reject a Claim and Release Form, or any part of a claim for a payment reflected therein, where there is evidence of abuse or fraud;

g.  Provide weekly written status reports to all counsel as to the progress of the claims administration process until such time as the disbursement process concludes; and

h.  Otherwise administer the Settlement Agreement as requested by Class Counsel and approved by the Court.

i.  Honeywell shall participate in the administration only to the extent agreed to by Class Counsel or required by the Court.

## VI.   ATTORNEY'S FEES AND COSTS

1.  **Class Counsel**.  Solely for purposes of effectuating this Settlement Agreement, the Parties consent to the Court appointing Howard A. Janet, Robert K. Jenner, and Kenneth M. Suggs of JANET JENNER & SUGGS LLC, Steven J. German and Joel Rubenstein of GERMAN RUBENSTEIN LLP and Anthony Z. Roisman of  National Legal Scholars Law Firm, P.C. as Class Counsel.

2.  **Expense and Fee Award**.  The Parties have not attempted to negotiate a fee award to Class Counsel.  Honeywell shall not oppose any petition for fee award by Class Counsel.

3.  **Timing of Fee Award**.  Within thirty (30) days of Preliminary Approval, Class Counsel shall file a petition for fees and costs with the Court, and shall promptly post the petition on a publicly accessible website.  The URL for the fee petition shall also be included in the Notice to the potential members of the Settlement Classes.

4.  **Payment of the Fee Award.**  Payment of the fee award shall be made from the Settlement Fund within seven days of the Effective Date, unless appealed, and shall constitute full satisfaction of any obligation on the part of Honeywell to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of the Settlement Classes in this Action.

19

5.      **Incentive Payment**.  In addition to any award to which they may be entitled under the Settlement Agreement, Class Counsel may request that the Court award an incentive payment to Settlement Class Representatives Sergio de la Cruz and Shem Onditi individually in the amount of $10,000.  Such incentive awards and compensation will be subject to Court approval.  Honeywell agrees that it will not oppose such awards or compensation.  The Claims Administrator shall pay such awards or compensation via check from the Settlement Fund to the Named Plaintiffs, such checks to be sent care of Class Counsel, within fifteen (15) days after the Effective Date.

## VII.    TERMINATION OF THE SETTLEMENT AGREEMENT

1.  This Settlement Agreement shall terminate without further action of the Parties if (a) the Court does not enter preliminary approval of the settlement or one or both of the Settlement Classes; (b) the Court does not enter final approval of the settlement or one or both of the Settlement Classes; or (c) the Court's final approval is overturned on appeal before the Effective Date.

2.  Honeywell shall have the right to terminate this Settlement Agreement if (a) eligible claims have been filed on fewer than 50% of all Settlement Class Properties; or (b) eligible claims have been filed on fewer than 50% of the properties in either Settlement Class A or Settlement Class C.  If Honeywell elects to terminate this Settlement Agreement, Honeywell shall send written notice of such election to Plaintiffs and Class Counsel prior to the Parties seeking Final Approval of the Settlement Agreement and Settlement Classes from the Court.

## VIII.   OPT-OUTS AND OBJECTIONS

1.      **Requirements for Opting Out**.  Any Class Member who wishes to opt out of this Settlement Agreement must mail to the Claims Administrator a written, signed, and dated

statement that he or she is opting out of Settlement Class A or Settlement Class C and understands that he or she will receive no payments from the settlement of this Action.  An opt-out notice must contain the following identifying information: "*Halley v. Honeywell International Inc.*, Case No. 10-cv-3345."  To be effective, this opt-out statement must be postmarked no later than sixty (60) days after the Notice Date.  The Settlement Classes will not include any individuals who send timely and valid opt-out statements, and individuals who opt out are not entitled to any monetary award under this Settlement Agreement.

       2.      **Requirements for Objecting.**  Any member of Settlement Class A or Settlement Class C who wishes to object to this Settlement Agreement, including the fee petition, must mail to the Court, Class Counsel, and counsel for Honeywell, at the addresses listed in the Notice provisions set forth below, a written, signed, and dated objection, which must contain a detailed description of all bases for the objection and any supporting papers, briefs, evidence or arguments.  If the person filing the objection wishes to present argument in support of the objection at the Final Approval Hearing, a request to that effect must be included in the objection.  An objection must contain the following identifying information: "*Halley v. Honeywell International Inc.*, Case No. 10-cv-3345."  To be effective, an objection must be received by the Court no later than sixty (60) days after the Notice Date.  No one may present argument at the Final Approval Hearing for the purpose of objecting to the Settlement Agreement or otherwise object to the Settlement Agreement without having properly served a timely objection in accordance with the terms of this paragraph.

       3.      **Waiver of Objections**.  Except for members of the Settlement Classes who opt out of the Settlement Classes in compliance with the foregoing paragraph, all Class Members will be deemed to be members of the Settlement Classes in the Action for all purposes under this

Settlement Agreement, the final approval order, the Final Judgment, and the releases set forth in this Settlement Agreement and, unless they have timely asserted an objection to this Settlement Agreement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

4.   **No Encouragement of Objections.**   Neither Class Counsel, Honeywell, Honeywell counsel, nor any person acting on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement Agreement or encourage anyone to appeal from any order of the Court that is consistent with the terms of the Settlement Agreement.

## IX.   FINAL APPROVAL AND DISMISSAL WITH PREJUDICE

1.   The Parties shall jointly move the Court for final approval of the Settlement Agreement no later than fourteen (14) days before the Final Approval Hearing set by the Court, and request that the Court enter a Final Judgment in the form attached as **Exhibit C**.  The Final Judgment will (among other things):

a.   find that the Court has personal jurisdiction over all members of the Settlement Classes and that the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto;

b.   approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the members of the Settlement Classes; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other  proceedings maintained by or on behalf of the Settlement Class Representatives and all other members of the

Settlement Classes and their heirs, executors and administrators, successors and assigns;

c.  find that the Notices and the procedures for Notice implemented pursuant to the Settlement Agreement (1) constituted the best practicable notice under the circumstances, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement Agreement and to appear at the Final Approval Hearing, (3) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice, and (4) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

d.  find that the Settlement Class Representatives and Class Counsel adequately represented the Settlement Classes for purposes of entering into and implementing the Settlement Agreement;

e.  dismiss with prejudice the Non-Conspiracy Claims and the Conspiracy Claim against Honeywell and PPG with respect to the Settlement Class Representatives on behalf of themselves and the Class Members of Settlement Class A and Settlement Class C;

f.  dismiss without prejudice the Civil Conspiracy Claim with respect to allegations related to Class B against Honeywell and PPG on behalf of Named Plaintiffs (Halley and Malave) who are not Settlement Class Representatives;

g.  issue a finding that Plaintiffs have not asserted any claims other than civil conspiracy against Honeywell with respect to Class B;

h.  incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge Honeywell as set forth herein;

i.  permanently bar and enjoin all members of the Settlement Classes who have not been properly excluded from the Settlement Classes from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

j.  confirm that the Court retains continuing jurisdiction over the "qualified settlement fund," as defined in Section 468B(d)(2) of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Section 1.468B-1, created under the Settlement Agreement;

k.  without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

l.  incorporate any other provisions as the Court deems necessary and just.

m.  In the event the Final Judgment is reversed or the Settlement Agreement does not become final and binding, the Parties agree that (1) the Court shall vacate any dismissal with prejudice and the Parties shall return to the positions they occupied before entering into this Settlement Agreement, including retaining all rights, claims and defenses they had prior to entering the Settlement Agreement; and (2) the Settlement Agreement, any motions to approve the Settlement Agreement and

24

the settlement negotiations shall be without prejudice to the rights of any party, shall not be used by any Party in this Action for any purpose whatsoever and shall be inadmissible in this or any other Action for any purpose.

2.      **Final Approval Hearing**.   The Court shall hold a hearing to consider final approval of this Settlement Agreement (the "Final Approval Hearing"), and to rule on Plaintiff's Petition for the Award of Attorneys' Fees, at any time 90 days or more after the Notice Date.

## X.      GENERAL PROVISIONS

2.      **No Admission of Liability, No Collateral Use.**   The Parties acknowledge and agree that this Settlement Agreement is a voluntary and mutually acceptable resolution of the Action.   By entering into this Settlement Agreement, Honeywell does not admit wrongdoing or liability as to any matter whatsoever, and Plaintiffs, Class Representatives and Class Members do not admit that Honeywell has not engaged in wrongdoing and has not caused them considerable harm.   Honeywell denies the claims set forth in Plaintiffs' Complaint, and Plaintiffs, Class Representatives and Class Members deny the defenses asserted in Honeywell's Answer to Plaintiffs' Complaint.   Honeywell and Plaintiffs agree that the amount of this settlement represents a compromise of the claims being dismissed pursuant to Section IV.9.a. and b., above, and of Honeywell's defenses with respect to those claims and does not fully vindicate or represent either Plaintiffs' theory of the case or Honeywell's theory of defense.   This Settlement Agreement shall not be cited, offered, or construed as an admission or evidence (including but not limited to an admission or evidence of the propriety or feasibility of certifying a class for purposes other than settlement) in this Action or any other action or proceeding except for purposes of seeking approval, fulfillment, or enforcement of this Settlement Agreement if finalized, effectuated and approved by this Court.   Notwithstanding the foregoing, this

25

Settlement Agreement may be used in any proceeding in the Court to enforce or implement any provision of this Settlement Agreement or implement or enforce any orders or judgments of the Court entered into in connection with this Settlement Agreement.

3.       **Absence of Approval.**   In the event that this Settlement Agreement does not become final and binding, no Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, any and all claims or objections to class certification, or claims or defenses on the merits.   Each party reserves the right to prosecute or defend this Action in the event that the Settlement Agreement does not become final and binding.

4.       **Cooperation.**   The Parties agree that they will cooperate to effectuate and implement the terms and conditions of this Settlement Agreement.

5.       **Effect of Prior Agreements.**   This Settlement Agreement constitutes the entire agreement and understanding of the Parties with respect to the settlement of this Action, contains the final and complete terms of the settlement of the Action and supersedes all prior agreements between the Parties regarding settlement of the Action.   The Parties agree that there are no representations, understandings, or agreements relating to the settlement of this Action other than as set forth in this Settlement Agreement.

6.       **No Drafting Presumption**.   All Parties hereto have participated, through their counsel, in the drafting of this Settlement Agreement, and this Settlement Agreement shall not be construed more strictly against any one Party than the other Parties.   Whenever possible, each term of this Settlement Agreement shall be interpreted in such a manner as to be valid and enforceable.   Headings are for the convenience of the Parties only and are not intended to create substantive rights or obligations.

7.     **Notices**.  All notices to the Parties or counsel required or desired to be given under this Settlement Agreement shall be in writing and sent by electronic mail and U.S. Mail as follows:

*To Plaintiffs:*

JANET, JENNER & SUGGS, LLC
Howard A. Janet, Esq.
1777 Reisterstown Road
Commerce Center East, Suite 165
Baltimore, MD 21208
Facsimile: (410) 653-6903
hjanet@myadvocates.com

GERMAN RUBENSTEIN LLP
Steven J. German, Esq.
19 West 44th Street, Suite 1500
New York, NY 10036
Facsimile: (212) 704-2020
sgerman@germanrubenstein.com

*To Honeywell:*

Michael D. Daneker
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax:  (202) 942-5999

Michael R. McDonald
Gibbons, PC
One Gateway Center
Newark, NJ 07102-5310
Email: Mmcdonald@gibbonslaw.com
Fax:  973-639-6295

*Attorneys for Honeywell*

8.     **Modifications**.  No modifications to this Settlement Agreement may be made without written agreement of all Parties and Court approval.

27

9.       **No Third Party Beneficiaries**.  This Settlement Agreement shall not inure to the benefit of any third party.

10.     **Execution in Counterparts**.  This Settlement Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Settlement Agreement. Each signatory warrants that the signer has authority to bind his party.

## XI.     MISCELLANEOUS PROVISIONS

1.       To the extent that either side desires to issue a press release or press statement, they may do so.  No press release, press statement, or public statements shall include statements disparaging either side, or statements contravening any term of this Settlement Agreement.

## <u>SIGNATURES ON FOLLOWING PAGE</u>

AGREED this ____ day of _____ 2014:

_Sergio de la Cruz_ 11/7/14
Sergio de la Cruz, individually and as class representative


_____
Shem Onditi, individually and as class representative


_____
Leticia Malave, individually


_____
Mattie Halley, individually


APPROVED :


_____


AGREED: this ____ day of _____ 2014:


_____
For Honeywell International Inc.,

Its:_____


APPROVED:


_____

Michael D. Daneker, Attorney for Honeywell International Inc.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax:  (202) 942-5999

AGREED this _____ day of _____ 2014:


_____
Sergio de la Cruz, individually and as class representative


_____
Shem Onditi, individually and as class representative


_____
Leticia Malave, individually


_____
Mattie Halley, individually


APPROVED :


_____


AGREED: this _____ day of _____ 2014:


_____
For Honeywell International Inc.,

Its:_____


APPROVED:


_____

Michael D. Daneker, Attorney for Honeywell International Inc.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax:  (202) 942-5999


29

AGREED this _____ day of _____ 2014:


_____
Sergio de la Cruz, individually and as class representative


_____
Shem Onditi, individually and as class representative


_____
Leticia Malave, individually

X   _Mattie Halley_
_____
Mattie Halley, individually


APPROVED :


_____


AGREED: this _____ day of _____ 2014:


_____
For Honeywell International Inc.,

Its:_____


APPROVED:


_____

Michael D. Daneker, Attorney for Honeywell International Inc.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax:  (202) 942-5999

AGREED this 7 day of November 2014:

_____

Sergio de la Cruz, individually and as class representative

_____

Shem Onditi, individually and as class representative

_____

Leticia Malave, individually

_____

Mattie Halley, individually

APPROVED :

_____

Steven J German

AGREED: this ____ day of _____ 2014:

_____

For Honeywell International Inc.,

Its:_____

APPROVED:

_____

Michael D. Daneker, Attorney for Honeywell International Inc.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax:  (202) 942-5999

29

AGREED this _____ day of _____ 2014:


_____
Sergio de la Cruz, individually and as class representative


_____
Shem Onditi, individually and as class representative

_____
Leticia Malave, individually

_____
Mattie Halley, individually

APPROVED :

_____


AGREED: this  7th  day of  November  2014:

_____
For Honeywell International Inc.,

Its:  Associate General Counsel / Associate General Counsel

APPROVED:

_____

Michael D. Daneker, Attorney for Honeywell International Inc.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax:  (202) 942-5999

AGREED this _____ day of _____ 2014:


_____
Sergio de la Cruz, individually and as class representative


_____
Shem Onditi, individually and as class representative

_____
Leticia Malave, individually

_____
Mattie Halley, individually

APPROVED :


_____


AGREED: this _____ day of _____ 2014:


_____
For Honeywell International Inc.,

Its:_____

APPROVED:

_____
Michael D. Daneker, Attorney for Honeywell International Inc.
Arnold & Porter LLP
555 12th Street NW
Washington, DC 20004
Email: Michael.Daneker@aporter.com
Fax: (202) 942-5999

# EXHIBIT A

## Janet, Jenner & Suggs, LLC
### ATTORNEYS AT LAW

Howard A. Janet, P.C.* | Kenneth M. Suggs♦ | Robert K. Jenner, P.C.*± | Dov Apfel*± | Stephen C. Offutt*±≈ | Giles H. Manley, M.D., J.D.*

Gerald D. Jowers, Jr.• | Sharon R. Guzejko* | Brian D. Ketterer∆ | Francis M. Hinson, IV• | Hal J. Kleinman∆‡ | Tara J. Posner*±† | Elisha N. Hawk*
Justin A. Browne* | Joyce E. Jones* | Ace McBride* | Jessica H. Meeder*± | Leah K. Barron* | Lindsey M. Craig* | Jason B. Penn*± | Seth L. Cardeli §≠

OF COUNSEL
John C. Hensley, Jr.º | Steven J. German§≠± | Joel M. Rubenstein§≠ | Thomas G. Wilson■†♦

BAR MEMBERSHIPS
* Maryland | • South Carolina | ± District of Columbia | ≈ Minnesota | ∆ Pennsylvania
‡ Illinois | † Florida | º North Carolina | § New York | ≠ New Jersey | ■ West Virginia | ♦ California

June 21, 2012

**Re:**   *Smith, et al. v. Honeywell International Inc., et al.*
     **Class action lawsuit concerning chromium contamination**

Dear Potential Class Member:

     This letter is being sent to inform you of recent developments that may affect your legal rights and potential claims related to chromium contamination in Jersey City, New Jersey.

     On May 17, 2010 we filed the class action lawsuit, *Smith, et al., v. Honeywell International, Inc., et al*. against both Honeywell and PPG concerning their disposal of toxic chromium waste in Jersey City.  The lawsuit was brought by several individual plaintiffs, on behalf of themselves and "all others similarly situated."  You may have been considered a member of at least one of the classes of plaintiffs described in the original complaint.

     On June 20, 2012 we filed an Amended Class Action Complaint for this lawsuit.  You can review both the original Class Action Complaint and the Amended Class Action Complaint at our website, www.jerseycitylawsuit.com.

     We write today to inform you of three major changes made in the Amended Class Action Complaint and to explain how these changes may affect your legal rights.

## 1.   WITHDRAWAL OF MEDICAL MONITORING CLAIMS

     The original complaint sought "medical monitoring" for persons who may have been exposed to hexavalent chromium.  This means that the original complaint claimed that the defendants (Honeywell and PPG) should pay for the costs of medical tests designed to detect serious latent diseases linked to chromium exposure.  As attorneys for the putative class members, however, we have concluded that, with respect to this case, continuing a class action in federal court for medical monitoring would neither be practical nor effective.

MARYLAND OFFICE
Commerce Centre East | 1777 Reisterstown Road, Suite 165 | Baltimore, Maryland 21208
410-653-3200 | Fax 410-653-9030 | 1-877-692-3862 | 1-877-MY-ADVOCATES
info@MyAdvocates.com | MyAdvocates.com

Maryland | South Carolina | New York | North Carolina | Washington, D.C.

Janet, Jenner & Suggs, LLC
—— ATTORNEYS AT LAW ——

**Therefore, the Amended Complaint does not seek medical monitoring relief.**  This does not mean that you or members of your family cannot seek medical monitoring as a relief.  It simply reflects our decision not to pursue medical monitoring as a relief in this class action.  **If you are interested in seeking medical monitoring relief, you must do so in a separate lawsuit, and you must do so within the statute of limitations time period (as explained below).**

### 2.   RE-DEFINING OF THE PROPERTY DAMAGE CLASS

Like the original Complaint, the Amended Complaint sets forth a claim for property damages caused by chromium contamination.  Specifically, it seeks compensation for both the loss in property value caused by chromium contamination and the impact the chromium contamination has had on property owners' ability to use and enjoy their property.  However, the Amended Complaint slightly re-defines the class of persons for whom we are seeking such recovery.  For instance, properties located near certain chromium sites are no longer a part of this suit.  Additionally, properties zoned exclusively as industrial properties are also no longer a part of the suit.  To determine whether you still have a claim for property damages, you may review the Amended Complaint at www.jerseycitylawsuit.com.  If you specifically want to see a list of the sites that are part of the suit, see Attachment A to that Amended Complaint.

If you or members of your family are not included in the class of persons for whom property damage relief is being sought in the Amended Complaint, this does not mean that you or members of your family do not have a valid claim for property damage.  **However, you must bring any such claim in a separate lawsuit, and you must do so within the statute of limitations time period (as explained below)**.

### 3.   WITHDRAWAL OF BATTERY CLAIMS

The Amended Complaint also drops all claims for battery.  Our decision not to pursue battery claims does not mean that you or members of your family do not have a valid claim for battery.  **However, if you are interested in pursuing such a claim, you must do so in a separate lawsuit, and you must do so within the statute of limitations time period (as explained below)**.

### 4.   WARNING REGARDING THE STATUE OF LIMITATIONS

If you or members of your family still wish to pursue any withdrawn or revised claim(s) for medical monitoring, property damage, or battery associated with chromium contamination in Jersey City, you should be aware that the "statute of limitations" may prevent you from doing so.  A "statute of limitations" refers to the time allowed to bring a lawsuit.

In New Jersey, claims for medical monitoring and for battery must generally be brought within two years from the date of injury and/or exposure.  Claims for property damage in New Jersey must be brought within six years from the date your injury began.

Janet, Jenner & Suggs, LLC
——— ATTORNEYS AT LAW ———

The filing of a class action temporarily "tolls" the statute of limitations, meaning that while a class action is pending, the statute of limitations clock is stopped. As of the filing of the Amended Complaint, however, the withdrawn medical monitoring and battery claims, as well as certain property damage claims are no longer pending before the court in this lawsuit. Therefore, tolling protection no longer exists, and the clock is again running on the statute of limitations.

**If you are interested in pursuing withdrawn claims for medical monitoring, property damage, or battery, it is recommended that you contact another attorney IMMEDIATELY to protect your legal rights.** After the statute of limitations has passed, if you have not filed a separate lawsuit, you will be barred from pursuing any recovery.

We have argued in court that the statute of limitations for these matters began to run in September, 2008. The statute was tolled on May 17, 2010, when we filed the original complaint. The Amended Complaint became effective on June 20, 2012, and so the statute of limitations began to run again on that date.

As a result, adults now have approximately **four months left to file a separate medical monitoring or battery suit. Any adult's lawsuit filed after October 20, 2012 could be barred by the statute of limitations.** Children who have not yet reached the age of eighteen will have two years from their eighteenth birthday to file such a suit. **Adults might have four years to bring a property damage claim, but we highly recommend that any such claim also be brought within four months**.

## 5. LEGAL TEAM

The team of experienced law firms representing plaintiffs in this matter include German Rubenstein L.L.P., Janet, Jenner & Suggs LLC, and the National Legal Scholars Law Firm.[1] For more information regarding the experience of these firms and their attorneys, please see our website at www.jerseycitylawsuit.com.

Additionally, please let us know if you have any questions about this letter or wish to discuss any of the issues set forth above. To reach one of our attorneys, please contact Raquel Villagra at 212-704-2020 or Tiara Woodford (toll free) at 1-888-463-3529.

Very truly yours,

Steven J. German

---

[1] Please note that the firms of Williams, Cuker, and Berezofsky and Kanner & Whitely, L.L.C. are no longer actively involved in this lawsuit.

# EXHIBIT B

## ESCROW AGREEMENT

This Escrow Agreement (the "Escrow Agreement") is entered into and shall be effective as of _____, 2014, by and among Honeywell International Inc. ("Honeywell"), the law firms of Janet Jenner & Suggs LLC, German Rubenstein LLP, and National Legal Scholars Law Firm, P.C. ("Settlement Class Counsel") acting on behalf of Settlement Class Representatives Sergio de la Cruz and Shem Onditi and Named Plaintiffs Leticia Malave and Mattie Halley, who have initiated a lawsuit against Honeywell asserting against causes of action for trespass, private nuisance, negligence, strict liability, and civil conspiracy for alleged property damages stemming from the alleged presence of chromium ore processing residue ("COPR"), hexavalent chromium, or other COPR related contaminants originating at or emanating from several properties known as New Jersey Department of Environmental Protection Chromium Site Study Area 5, Study Area 6 North, Study Area 6 South, Study Area 7 and Site 119 ; [XXXXXX], in its capacity as escrow agent (the "Escrow Agent"); and The Garden City Croup, Inc. ("GCG"), in its capacity as administrator ("Administrator") (collectively, the "Parties").  (Any capitalized terms not defined herein are used as defined in the Settlement Agreement.)

## RECITALS

WHEREAS, Honeywell and Class Counsel have reached a settlement agreement to fully, finally, and forever resolve, discharge, and settle all claims asserted by the Settlement Class Representatives and Settlement Class Members against Honeywell (the "Settlement Agreement");

WHEREAS, this Escrow Agreement sets forth the terms and conditions whereby the funds that Honeywell deposits, or causes to be deposited, into the escrow account (the "Settlement Escrow") established pursuant to this Escrow Agreement will be retained, invested, and distributed therefrom to effectuate the terms of the Settlement Agreement;

WHEREAS, the Settlement Agreement contemplates that the Settlement Escrow shall be, and shall be operated as, a "qualified settlement fund" within the meaning of Section 1.468-B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code (the "Treasury Regulations");

WHEREAS, the Settlement Escrow has been approved by, and is subject to the continuing jurisdiction of, the United States District Court for the District of New Jersey (the "Court");

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

## AGREEMENT

I.      PURPOSE OF THE ESCROW AGREEMENT

The purpose of this Escrow Agreement shall be to facilitate the performance of the deposit and payment obligations and related obligations set forth in the Settlement Agreement.

II.     APPOINTMENT OF ESCROW AGENT

[XXXXX] is hereby appointed to act as Escrow Agent in accordance with the terms hereof, and [XXXXX] hereby accepts such appointment.  The Escrow Agent shall have all the rights, powers, protections, duties, and obligations expressly provided herein.

III.    APPOINTMENT OF ADMINISTRATOR

The Garden City Group, Inc. ("GCG"), is hereby appointed to act as Administrator in accordance with the terms hereof, and GCG hereby accepts such appointment.   The Administrator shall serve as the "administrator" of the Settlement Escrow as "qualified settlement fund" within the meaning of Treasury Regulation section 1.468B-2(k)(3), and shall have all such additional rights, powers, protections, duties, and obligations expressly provided herein.

IV.     ACCOUNTS WITHIN SETTLEMENT ESCROW

The Settlement Escrow shall initially be comprised of one  account (the "Settlement Escrow Account"), to be used solely for such purposes as are set forth in Section I above.  With approval of Honeywell and Class Counsel, the Escrow Agent may establish one or more additional accounts in the Settlement Escrow for purposes of this Escrow Agreement.

V.      DEPOSITS INTO SETTLEMENT ESCROW

A.      Deposit of Assets.  Honeywell shall deposit, or cause to be deposited, into the Settlement Escrow only such settlement consideration, and at such time, as provided in the Settlement Agreement (the "Settlement Amount"), and further provided that all deposits shall be made in immediately available funds.  The Settlement Amount that Honeywell deposits, or causes to be deposited, into the Settlement Escrow pursuant to this Section V shall be held in the Settlement Escrow Account until such time as the Escrow Agent receives instructions pursuant to Section VI to distribute such amounts from the Settlement Escrow. The amount of all deposits into the Settlement Escrow, and the interest, net realized gains, and other earnings accrued on such deposits are collectively referred to herein as the "Escrowed Funds".

B.      Acceptance of Assets.  To further the purposes of this Escrow Agreement, the Escrow Agent agrees to accept the Settlement Amount that Honeywell deposits, or causes to be deposited, into the Settlement Escrow, and any earnings thereon, and the Escrow Agent and the Administrator assume such liability and

2

responsibility for the administration and distribution of the Escrowed Funds, in accordance with and subject to the terms of this Escrow Agreement.

VI.  DISTRIBUTION OF ESCROWED FUNDS

A.  Distribution of Escrowed Funds.  The Parties acknowledge that the Escrowed Funds are to be distributed solely in the manner and at the times as set forth in this Escrow Agreement.  Upon authorization by Honeywell and Class Counsel pursuant to the signature by an authorized person (an "Authorized Person") for Honeywell and Class Counsel, that the requirements set forth in the Settlement Agreement have been met, the Administrator shall, subject to the availability of funds deposited pursuant to Section V, distribute from the Settlement Escrow Account the amount for (1) any approved Claims Administration Expenses (including Escrow Agent fees); (2) any approved Fee Award ; (3) any approved incentive payments to the Settlement Class Representatives; (4) payments to eligible Class A and Class C Class Members; (5) any Unclaimed Funds donated towards the Community Project; and (6) any Remaining Funds as payments to eligible Class A and Class C Members.

Honeywell shall not be responsible for or liable for Claims Administration Expenses beyond payment of the Settlement Amount to the Settlement Escrow.

Provided further, that upon written notification by an Authorized Person for Honeywell that the Settlement Agreement has terminated as provided in the Settlement Agreement, the Administrator shall return all Escrowed Funds to Honeywell, as well as all income earned thereon, minus any funds approved by the Court for expenses incurred by the Claims Administrator for Claims Administration Expenses prior to termination, within sixty (60) days of termination.

Under no circumstances shall there be a reversion to Honeywell.

B.  Authorized Persons.  The names of the Authorized Persons for Honeywell and Class Counsel, together with their specimen signatures, shall be provided to the Escrow Agent, and may be amended from time to time.

VII.  INVESTMENT OF ESCROWED FUNDS

A.  Investment; Preservation of Principal.  The Escrow Agent shall invest and reinvest from time to time the Escrowed Funds in: (i) United States Agency, Government Sponsored Enterprises ("GSEs") or Treasury securities or obligations (or a mutual fund invested solely in such instruments), (ii) cash equivalent securities, and/or (iii) certificates of deposit, provided all said certificates of deposit are fully insured by the FDIC.  The Escrow Agent shall be responsible for any and all investment related decisions pursuant to these terms and conditions, such that the following investment policy is implemented: (i) safety of principal;

3

and (ii) zero bank balance exposure.  Any investment losses realized by investment of Escrowed Funds or any portion thereof shall be charged to the Escrowed Funds.  To the extent the Escrow Agent invests any funds in the manner provided for in this Section VII, the Escrow Agent shall not be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment).

B.   <u>Use of Interest or Investment Income</u>.  All interest on or income realized by investment of the Escrowed Funds or any portion hereof shall be accumulated and added to the Escrowed Funds.

## VIII.   <u>TAX MATTERS</u>

A.   <u>Settlement Escrow as a Qualified Settlement Fund</u>.  The Settlement Escrow is structured and shall be operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B of the Internal Revenue Code of 1986, as amended (the "Code") and Treasury Regulation sections 1.468B-1, *et seq*.  Specifically, (1) the establishment of the Settlement Escrow under the terms and conditions of this Escrow Agreement is subject to Court approval, and no deposits into or distributions from the Settlement Escrow shall be made until such Court approval is obtained; (2) the Settlement Escrow is subject to the continuing jurisdiction and supervision of the Court; (3) the Settlement Escrow is established to resolve or satisfy claims of alleged tort or violation of law arising out of alleged chromium contamination at certain residential properties in Jersey City, New Jersey; and (4) the Settlement Escrow is an escrow account, and its assets are, and will be, segregated from the general assets of Honeywell and deposited herein.  The Settlement Escrow constitutes a single qualified settlement fund.  Consistent with the terms of the Settlement Agreement and this Escrow Agreement, the Administrator shall take all actions, and the Escrow Agent agrees to make the Settlement Escrow take all actions necessary to create and maintain the Settlement Escrow's status as a qualified settlement fund, and the Administrator and Escrow Agent agree not to take any action that will adversely affect the qualification of the Settlement Escrow as a qualified settlement fund.  The Administrator shall serve as the "administrator" within the meaning of Treasury Regulation section 1.468B-2(k)(3).

B.   <u>Tax Preparation, Payment, Reporting, and Withholding Requirements</u>.  In its role as "administrator" of the Settlement Escrow within the meaning of Treasury Regulation section 1.468B-2(k)(3), the Administrator shall be responsible for the timely and proper performance of the undertakings specified herein and in the regulations promulgated under section 468B of the Code, including, but not limited to, the obtaining of an employer identification number for the Escrow Account; the filing of all required federal, state or local tax and information returns, including in accordance with the provisions of Treasury Regulation section 1.468B-2(k)(l); any required withholding of tax; the payment of any federal, state or local taxes (including estimated taxes) and associated tax-related

4

penalties and interest for which the Settlement Escrow may be liable, with such amounts payable from the Settlement Escrow Account subject to Section VI.A; responding to any questions from or audits regarding such taxes by the Internal Revenue Service or any state or local tax authority; and compliance with any other tax-related requirements. The Administrator may retain and compensate independent, certified public accountants to consult with and advise the Administrator with respect to the preparation of any and all appropriate income tax returns, information returns or compliance withholding requirements, with such amounts payable from the Settlement Escrow Account subject to Section VI.A. In no event shall Honeywell have any liability or responsibility for any amounts payable or withholdable from the Settlement Escrow pursuant to this Section VIII, and Honeywell shall be indemnified and held harmless for such amounts by the Settlement Escrow.

C.   Savings Provision; Failure to Qualify as a Qualified Settlement Fund.

1.   Notwithstanding anything herein to the contrary, in the event that any portion of this Escrow Agreement shall at any time be considered cause for the Escrow Account to fail to qualify as a qualified settlement fund section 468B of the Code together with any and all Treasury Regulations and Internal Revenue Service Rulings, Notices, Announcements, directives, and guidance thereunder, such offending portion of this Escrow Agreement shall be considered null, void, and of no effect, without any action by any court or by the Administrator, so that this Escrow Account continues to qualify as a qualified settlement fund in compliance with section 468B of the Code and the applicable administrative authority and announcements thereunder. In the event that this Section VIII.C applies to render an offending Section null, void, or of no effect, the remainder of this Escrow Agreement shall not be affected thereby, and each remaining term and Section of the Agreement shall be valid and enforced to the fullest extent permitted by law.

IX.   ADDITIONAL MATTERS RELATING TO DUTIES, LIABILITIES, AND RIGHTS OF ESCROW AGENT AND ADMINISTRATOR

A.   Compensation. Both the Escrow Agent and Administrator will be paid pursuant to a schedules of fees approved pursuant to Section VI.A and promptly reimbursed for such fees, costs, and expenses incurred in connection with the performance of their respective duties and obligations hereunder and approved by the Court. All such fees, costs, and expenses shall be subject to approval by the Court, and paid from the Settlement Escrow Account in accordance with Section VI.A.

B.   Preparation of Financial Statements and Audited Financial Records. The Escrow Agent shall, upon request of any of the Parties, within ten days of any such

5

request, produce financial statements for the Settlement Escrow, including receipts, disbursements and earnings.

C.    <u>No Implied Duties</u>.  This Escrow Agreement expressly and exclusively sets forth the respective duties, responsibilities and obligations of the Escrow Agent and Administrator with respect to any and all matters pertinent hereto and no additional duties, responsibilities, or obligations shall be read into this Escrow Agreement.

D.    <u>Indemnification</u>.  The scope of any indemnification provision will be determined upon selection of the Escrow Agent.

E.    <u>Reliance</u>.  The scope of any reliance provision will be determined upon selection of the Escrow Agent.

F.    <u>Resignation and Removal of Escrow Agent; Appointment of Successor</u>.

1.    Resignation and Removal.  The Escrow Agent or any successor may resign by a written notice delivered to Honeywell and Class Counsel specifying the effective date of such resignation, which date shall not be earlier than one hundred twenty (120) days following the receipt by both Honeywell and Class Counsel of the notice of resignation.  Such resignation shall take effect on the date specified on the notice of resignation, unless a successor agent has been appointed in accordance with the provisions of this Section IX.F and has accepted such appointment on an earlier date, in which case such resignation shall take effect immediately upon receipt by such successor escrow agent of the Escrowed Funds.  The Escrow Agent may be removed by the joint action of Honeywell and Class Counsel, with or without cause at any time upon thirty (30) days' prior written notice to Escrow Agent, which notice may be waived by Escrow Agent, and the Escrow Agent's removal shall be effective upon the expiration of such thirty (30) days or upon the Escrow Agent's waiver of such notice.

2.    Appointment of Successor.  If at any time Escrow Agent shall resign, be removed, or otherwise become incapable of acting as escrow agent pursuant to this Escrow Agreement, or if at any time a vacancy shall occur in the office of Escrow Agent for any other cause, a successor agent shall be appointed by Honeywell and Class Counsel by a written instrument delivered to the successor agent.  Upon the appointment and acceptance of any successor agent hereunder, the former Escrow Agent shall transfer the Escrowed Funds to its successor.

G.    <u>Resignation and Removal of Administrator; Appointment of Successor</u>.

1.    Resignation and Removal.  The Administrator or any successor may

6

resign by a written notice delivered to Honeywell and Class Counsel specifying the effective date of such resignation, which date shall not be earlier than sixty (60) days following the receipt by both Honeywell and Class Counsel of the notice of resignation.  Such resignation shall take effect on the date specified on the notice of resignation, unless a successor has been appointed in accordance with the provisions of this Section IX.G and has accepted such appointment on an earlier date.  The Administrator may be removed by the joint action of Honeywell and Class Counsel, with or without cause at any time upon thirty (30) days' prior written notice to the Administrator, which notice may be waived by Administrator, and the Administrator's removal shall be effective upon the expiration of such thirty (30) days or upon the Administrator's waiver of such notice.  By motion of Honeywell or Class Counsel, the Administrator may be removed for cause, with approval of the Court.

2.      Appointment of Successor.  If at any time the Administrator shall resign, be removed, or otherwise become incapable of acting pursuant to this Escrow Agreement, or if at any time a vacancy shall occur in the office of Administrator for any other cause, a successor shall be appointed by Honeywell and Class Counsel by a written instrument delivered to the successor.

## X.      TERMINATION OF SETTLEMENT ESCROW

The Settlement Escrow will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of Section VI (the "Termination").  Upon Termination of the Settlement Escrow in accordance with this Section X, Escrow Agent and the Administrator shall be relieved of any and all further obligations and released from any and all liability under this Escrow Agreement, except as otherwise specifically provided herein.

## XI.     MISCELLANEOUS

A.      Notices.  Any notice of other communication hereunder must be given in writing and either: (i) delivered in person; (ii) transmitted by any telecommunications mechanism, provided that any notice to be given by any telecommunications mechanism is also mailed as provided in clause (iii); (iii) mailed by registered, express, or certified mail, postage prepaid return receipt requested; or (iv) delivered by a generally recognized courier or messenger service that provides written acknowledgement of receipt by addressee, postage prepaid as follows:

If to Honeywell, to:

Michael D. Daneker, Esquire
Arnold & Porter LLP
555 12th Street NW

7

Washington, DC 20004
Facsimile:  202-942-5999
Michael.Daneker@aporter.com

If to Settlement Class Counsel, to:

**JANET, JENNER & SUGGS, LLC**
Howard A. Janet, Esq. (*pro hac vice*)
1777 Reisterstown Road
Commerce Center East, Suite 165
Baltimore, MD 21208
Telephone: (410) 653-3200
Facsimile: (410) 653-6903


If to the Escrow Agent, to:




If to the Administrator, to:


B.    Jurisdiction.  The Parties acknowledge that the Court shall retain jurisdiction over the implementation, enforcement, and performance of this Escrow Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Escrow Agreement or to the applicability of this Escrow Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

C.    Entire Agreement.  This Escrow Agreement constitutes the entire agreement and understanding of the Parties hereto in respect of the matters discussed herein. Any modification of this Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto.  This Escrow Agreement shall be construed so as to be consistent with the terms of the Settlement Agreement and, in the event of any conflict between the terms of this Escrow Agreement and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

D.    Assignment.  This Escrow Agreement is binding upon and will inure to the benefit of the Parties hereto and their respective successors and permitted assigns, but will not be assignable, by operation of law or otherwise, by any Party hereto without the prior written consent of the other Party.

8

E.    <u>Sections and Other Headings</u>.  Sections or other headings contained in this Escrow Agreement are for reference purposes only and will not affect in any way the meaning or interpretation of this Escrow Agreement.

F.    <u>Amendments; Waivers</u>.  All Parties must approve any amendment to this Escrow Agreement in writing.  Any waiver of any right or remedy provided for in this Escrow Agreement requires the consent of the Party waiving such right or remedy.  Every amendment or waiver of any provision of this Escrow Agreement must be made in writing and designated as an amendment or waiver, as appropriate.  No failure by any party to insist on the strict performance of any provision of this Escrow Agreement or to exercise any right or remedy hereunder, will be deemed a waiver of such performance right or remedy or of any other provision of this Escrow Agreement.  This Escrow Agreement shall not be modified or amended in any way that could jeopardize, impair, or modify the Escrow Account's qualified settlement fund status.

G.    <u>Counterparts</u>.  This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

H.    <u>Severability</u>.  If any provision of this Escrow Agreement is held to be unenforceable for any reason, it will be adjusted rather than voided, if possible, to achieve the intent of the Parties to the extent possible.  In any event, all other provisions of this Escrow Agreement will be deemed valid and enforceable to the extent possible.

I.    <u>Confidentiality</u>.  All information disclosed by any Party (or its representatives), whether before or after the date hereof, in connection with the transactions contemplated by or the discussion and negotiations preceding this Escrow Agreement, to any other Party (or its representatives) will be kept confidential by such other Party and its representatives and will not be used by any such persons other than as contemplated by this Escrow Agreement, expect to the extent that such information: (a) was known by the recipient when received; (b) is or hereafter becomes lawfully obtainable from other sources; (c) is necessary or appropriate to disclose to a governmental entity having jurisdiction over the Parties, or as may otherwise be required by applicable law or by the Court; or (d) to the extent such duty as to confidentiality is waived in writing by the other Party.

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Escrow Agreement to be executed on the day and year first above written.

9

**SO AGREED ON BEHALF OF SETTLEMENT CLASS COUNSEL:**

By:    _____

     **JANET, JENNER & SUGGS, LLC**
     Howard A. Janet, Esq. (*pro hac vice*)
     1777 Reisterstown Road
     Commerce Center East, Suite 165
     Baltimore, MD 21208
     Telephone: (410) 653-3200
     Facsimile: (410) 653-6903

**SO AGREED ON BEHALF OF HONEYWELL:**

By:    _____

     Michael D. Daneker, Esquire
     Arnold & Porter LLP
     555 12th Street NW
     Washington, DC 20004
     Facsimile:  202-942-5999
     Michael.Daneker@aporter.com

**SO AGREED ON BEHALF OF XXXXX, AS ESCROW AGENT**

**By:**    _____

     Name:
     Title:
     Address:

**SO AGREED ON BEHALF OF THE GARDEN CITY GROUP, INC., AS ADMINISTRATOR**

**By:**    _____

10

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTIE HALLEY, SHEM ONDITI, LETICIA MALAVÉ, and SERGIO de la CRUZ,**<br><br>**On Behalf of Themselves and all Others Similarly Situated,**<br><br>       **Plaintiffs,**<br>**v.**<br><br>**HONEYWELL INTERNATIONAL, INC. and PPG INDUSTRIES, INC.,**<br><br>       **Defendants** | **Civil Action No. 2:10-cv-3345 (ES) (JAD)** |

## ORDER AND JUDGMENT APPROVING CLASS-ACTION SETTLEMENT

WHEREAS, Plaintiffs in the above-captioned class action (the "Action") and Honeywell International Inc. ("Honeywell") entered into a Class Action Settlement Agreement (the "Settlement Agreement"), as of October 1, 2014 (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement); and

WHEREAS, Honeywell and the Plaintiffs in the Action moved under Federal Rule of Civil Procedure 23(b) for an order certifying the class for settlement purposes, and under Rule 23(e) for an order preliminarily approving the proposed settlement of the Settlement Class Members' claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Settlement Agreement;

WHEREAS, in its Order entered on _____, 2014 (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action on behalf of the following settlement classes:

Settlement Class A defined as:

      Settlement Class A:

      Persons who, on or after May 17, 2010 up to and including October 1, 2014, owned or own real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class A" on the attached map. Settlement Class A is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River. Settlement Class A includes properties located on both sides of the boundary streets contained in the class definition.

      Settlement Class C:

      Persons who, on or after May 17, 2010 up to and including October 1, 2014, owned or own real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class C" on the attached map. Settlement Class C is generally comprised of the residential development community known as "Society Hill", which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North. Settlement Class C includes properties located on both sides of the boundary streets contained in the class definition.

      WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to potential members of the Settlement Classes and directed that appropriate notice of the Settlement be given to potential members of the Settlement Classes;

      WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Claims Administrator caused to be mailed to potential members of the Settlement

Classes the Notice of Proposed Class Action Settlement and Your Rights("Notice") on _____,

caused to be published the Notice of Proposed Class Action Settlement ("Publication Notice"),

and published a copy of the Notice on a website maintained by the Claims Administrator; (2) an

Affidavit of Mailing the Notice and Publication of the Publication Notice was filed with the

Court prior to this hearing; and (3) the Affidavit of Mailing and Publication filed with this Court

demonstrates compliance with the Preliminary Approval Order with respect to the Notice and the

Summary Notice and, further, that the best notice practicable under the circumstances was, in

fact, given;

WHEREAS,  in accordance with the Settlement Agreement and the Preliminary Approval

Order, on _____, Honeywell established and funded an escrow account at a federally chartered

bank in the amount of $10 Million Seventeen Thousand Dollars ($10,017,000.00) as the

Settlement Fund;

WHEREAS, on __, 2014 at __:__ __, this Court held a hearing on whether the Settlement

Agreement is fair, reasonable, adequate and in the best interests of the Class Members (the

"Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the

Parties and of such persons as chose to appear at the Fairness Hearing; having considered all of

the files, records, and proceedings in the Action, the benefits to the Class Members under the

Settlement Agreement, and the risks, complexity, expense, and probable duration of further

litigation; and being fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and

    personal jurisdiction over the Plaintiffs, the Class Members, and Honeywell.

3

2. The Settlement Class Representatives and their counsel fairly and adequately represent the interests of the Class Members in connection with the Settlement Agreement.

3. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Plaintiffs and their counsel, and Honeywell and its counsel, and the representatives of the Plaintiffs and Honeywell were represented by capable and experienced counsel.

4. The form, content, and method of dissemination of the notice given to potential members of the Settlement Classes, including both published notice and individual notice to all potential members of the Settlement Classes who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

5. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

6. Class Members shall be permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

7. The certification of the Settlement Classes, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed.

8. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

9. After this Order and Judgment has become Final, and all periods for appeal or request for review have either expired or have been resolved (hereafter "the Effective Date"), Honeywell and its predecessors, successors, affiliates, assigns, and any related or

affiliated companies or entities and the employees and agents of each of them shall be released from any and all claims that any Class Member had, has, or may have in the future related to any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, loss of use and enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever arising out of the ownership of 1-4 family residential property in Settlement Class A area or Settlement Class C area, including without limitation punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of this Agreement, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES, that arise out of the release, migration or impacts or effects of COPR, hexavalent chromium, or other chemical contamination (a) originating from the Mutual Facility at any time through the date of this Agreement or (b) present on or released or migrating at or from Study Area 5, Study Area 6 South, Study Area 6 North, Study Area 7, or Site 119 at any time through the date of the Settlement Agreement, including but not limited to property damage, remediation costs, diminution of value to property, including stigma damages, loss of use and enjoyment of property, fear, anxiety, or emotional distress as a result of the alleged contamination ("Released Claims").  Released Claims include claims for civil conspiracy asserted by the members of Settlement Classes A and C.  Personal injury, bodily injury, and medical monitoring claims (if any) are not Released Claims.  Plaintiffs

are not releasing any claims they may have against PPG except as explicitly stated in the Settlement Agreement.

10. Upon the Effective Date, all Class Members (whether or not they file a claim) shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims.

11. The Non-Conspiracy Claims and the Civil Conspiracy Claim against Honeywell and PPG with respect to the Settlement Class Representatives on behalf of themselves and the Class Members of Settlement Class A and Settlement Class C are hereby dismissed with prejudice.

12. The Civil Conspiracy Claim against Honeywell and PPG with respect to allegations related to Class B brought by Named Plaintiffs who are not Settlement Class Representatives are hereby dismissed without prejudice.

13. Plaintiffs have not asserted any claims other than Civil Conspiracy against Honeywell with respect to Class B.

14. The expenses of administering the Settlement Agreement shall be paid to the Claims Administrator from the Settlement Fund in the manner set forth in the Settlement Agreement.

15.  Incentive awards to the Settlement Class Representatives in the following amount are reasonable and are approved:_____.  These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

16.  Attorneys Fees for Class Counsel in the following amount xxxxxxxxxx are reasonable and are approved.  These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

17. The Community Project proposed by the Parties as a component of the Settlement is hereby approved.  The monies for the Community Project will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

18. Each Class Member who has submitted a timely and complete Claim and Release Form to the Claims Administrator shall be paid the amount determined by the Claims Administrator to be awarded to that Class Member in accordance with the terms of the Settlement Agreement.  A Class Member may appeal his, her, or its award by filing a letter of appeal with this Court within thirty (30) days of the entry of this Order.  Appeals may be made solely on the basis that the Claims Administrator has incorrectly calculated the amount of the award under the terms of the Settlement Agreement.

19. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the parties to the Settlement Agreement, including Honeywell and all Class Members, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

20. If this Order and Judgment is not a final judgment as to all claims presented in the Action, the Court hereby determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the appeal of all claims as to which final judgment is entered.

IT IS SO ORDERED.

_____

Honorable Esther Salas
United States District Judge

_____, 2014.

8

# EXHIBIT D-1

Long-Form Notice - Class A

# United States District Court
## for the District of New Jersey

## *Mattie Halley, et al. v. Honeywell International, Inc., et al.*

### <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND YOUR RIGHTS</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- A settlement has been reached in a class action involving the residential properties in and around Route 440 on the west side of Jersey City, New Jersey. These residential properties are located in neighborhoods in the vicinity of certain historical "chromium sites." The "chromium sites" are properties located along Route 440 where chromium chemical products were manufactured and on which chromium ore processing residue ("COPR") was disposed of between approximately 1895 and 1954. These sites are in various stages of remediation being performed by Honeywell International Inc. ("Honeywell"). The New Jersey Department of Environmental Protection has designated these chromium sites as "Study Areas 5, 6, and 7" and "Site 119."

- **The settlement will pay eligible owners of residential real property identified in the areas indicated on the attached map to settle claims related to alleged loss of use and enjoyment, and other property damages, of surrounding properties caused by the presence of these chromium sites and related hexavalent chromium contamination that plaintiffs allege was released from these sites.** The payments will be made in exchange for agreement to a release of claims against Honeywell International, Inc. ("Honeywell") as more fully set forth in this notice.

**In accordance with the settlement agreement, Honeywell must place Ten Million Seventeen Thousand Dollars ($10,017,000.00) in a court-administered fund to settle this matter.** The settlement provides for a monetary payment to the owners of each eligible property. The exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating, and it will be calculated by the Claims Administrator based on the duration of ownership during the period May 17, 2010 through October 1, 2014. However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment.

| Your Legal Rights and Options in the Settlement | |
|---|---|
| Submit a Claim and Release Form Along with Proof of Property | This is the only way you can get a payment. A Claim and Release Form is enclosed and must be returned with proof of property ownership within 60 days of the date of this letter. |

Long-Form Notice - Class A

| Ownership | |
|---|---|
| **Exclude Yourself or "Opt-Out" from the Settlement** | **If you exclude yourself or "opt out," you get no money from the settlement.** Excluding yourself or "opting out" is the only option that allows you to ever be part of any other lawsuit against Honeywell about the legal claims in this case. |
| **Object** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement. |
| **Go to a Hearing** | If you object, you may also ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | If you do nothing, you will get no payment. You will also give up your rights to ever sue Honeywell about the legal claims in this case. |

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement. Please be patient.

Long-Form Notice - Class A

## BASIC INFORMATION

**1.   WHY IS THERE A NOTICE?**

You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is called *Mattie Halley, et al. v. Honeywell International, Inc., et al.*, Civil Action No. 2:10-cv-3345. In this notice, the people who sued are called the Plaintiffs, and one of the companies they sued, Honeywell International Inc. is called Honeywell.

**2.   WHAT IS THIS LAWSUIT ABOUT?**

On May 17, 2010, three plaintiffs filed this lawsuit on behalf of themselves and as the representative of a class of similarly situated persons, asserting nuisance and other claims, alleging their properties have been adversely impacted by a chrome ore processing plant and the generation, disposal and alleged historical failure to properly remediate hexavalent chromium contamination and COPR within the Settlement Class boundaries and at several locations along Route 440 in Jersey City known as Study Areas 5, 6, and 7 and Site 119.   The COPR and alleged related hexavalent chromium contamination came from a chromium manufacturing facility formerly operated by the Mutual Chemical Company on Route 440 in Jersey City, New Jersey from 1895 until 1954.   These three plaintiffs alleged that the generation, disposal and historical failure to properly remediate these chromium sites and associated contamination adversely impacted their use and enjoyment of and caused other property damage to their properties.

**3.   WHY IS THIS A CLASS ACTION?**

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  A judge can determine that people who have similar claims are members of a class, except for those who exclude themselves from the class. U.S. District Judge Esther Salas in the United States District Court for the District of New Jersey is in charge of this class action.

**4.   WHY IS THERE A SETTLEMENT?**

There has been no trial. Instead, the Plaintiffs and Honeywell agreed to settle this case to avoid the costs and risks of trial. The Settlement provides the opportunity for payment to eligible Class members.  In exchange, under the Settlement, Class Members each give a release, which releases Honeywell for certain claims related to COPR or chromium contamination at Study Areas 5, 6, 7 and Site 119 and within the Settlement Class Boundaries.

Long-Form Notice - Class A

## WHO IS IN THE SETTLEMENT

To see if you can get money from the Settlement, you first have to determine if you are a Class Member.

**5.**     **HOW DO I DETERMINE IF I'M IN THE CLASS?**

If you received this notice in the mail without requesting it, land records show you may be a current or former owner of residential property covered by this case. That would make you a class member. A map showing the area covered by this case is attached.

The Settlement Class is divided into two Classes: "Class A" and "Class C." Land records show that you may be a member of "Class A".

The area of the properties covered in **Class A** is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River. Class A includes properties located on both sides of the boundary streets.

If you are still not sure if you are in the Class, you can call 1-844-322-8243 to see if your property is included in the Settlement.

**6.**     **WHAT SHOULD I DO IF I MOVE?**

If you move after receiving this notice and before the Settlement is finalized, in order to receive additional important notices including your payment if you are eligible for one, you must call the Claims Administrator at 1-844-322-8243 and give your new address.

## THE SETTLEMENT

**7.**     **WHAT DOES THE SETTLEMENT PROVIDE?**

The Settlement Agreement, available at the website, www.honeywelljerseycitysettlement.com, describes the details about the Settlement.

In general, the settlement requires Honeywell to place $10,000,017,000 into a settlement fund to be distributed (after payment of certain expenses) to eligible class members. Thus, the settlement provides for a monetary payment to the owners of each eligible property in Class A and Class C.

## BENEFITS

**8.**     **WHAT CAN I GET FROM THE SETTLEMENT?**

The Settlement will provide cash payments to those who qualify. The amount of money you will receive will depend on how many people file a claim form seeking payment. The

Long-Form Notice - Class A

exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating. However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment.

The amount any individual property owner receives will be calculated by the Claims Administrator and will be based on the duration of ownership during the period May 17, 2010 through October 1, 2014. If you were the sole property owner during this time period, you will receive the entire amount allocated to your property. If you owned the property during this period, but someone else owned the property either before or after you and also during this time period, payments for your property will be divided among you and the other owner.

## 9. <u>WHAT IF I DID NOT OWN MY PROPERTY FOR THE ENTIRE TIME?</u>

In order to be included in the settlement, you must have owned your property at any time during the period **May 17, 2010** through **October 1, 2014**.

If you owned property during this period, but someone else owned the property either before or after you and also during this time period, payments for your property will be divided among you and the other owner based on how long you each owned the property.

## 10. <u>WHAT IF I INHERITED MY PROPERTY?</u>

If you can demonstrate that you owned the property during the period **May 17, 2010** through **October 1, 2014** then you will be eligible to receive a payment.

## 11. <u>WHAT IF THERE ARE MULTIPLE OWNERS OF MY PROPERTY AT THE SAME TIME?</u>

If you file a valid claim, the Claims Administrator will write a single check payable to all co-owners of the property. The check will be mailed in care of the person to whom this notice was mailed.

## 12. <u>WHAT AM I GIVING UP TO STAY IN THE CLASS?</u>

Unless you exclude yourself from the Settlement (see Question 16), you can't sue, continue to sue, or be part of any other lawsuit against Honeywell to obtain any recovery for injury to property as a result of the disposal, presence, or migration of COPR on, at or from the chromium sites known as Study Areas 5, 6, and 7 and Site 119. It also means that all of the Court's decisions will bind you.

## THE CLAIMS PROCESS

## 13. <u>HOW CAN I GET A PAYMENT?</u>

You must complete and return the enclosed Claim and Release Form along with proof that you owned the property at any time during the period May 17, 2010 through October 1, 2014. The Claim and Release Form explains the types of documents that you can submit to show proof of ownership. You can also submit the Claim and Release Form at the website www.honeywelljerseycitysettlement.com. Please carefully read the Claim and Release Form. If you still have questions about it or the documentation it requests,

Long-Form Notice - Class A

you can call 1-844-322-8243.  If you submit an incomplete Claim and Release Form or provide incomplete documentation, someone may reach out to you to get additional information.

**14.   WHEN WILL I GET MY PAYMENT?**

The Court will hold a hearing on **Month Day, Year** at **Time x.m.** to decide whether to give final approval to the Settlement (*see* Question 23). If the Court approves the Settlement, and the Claims Administrator has determined that you have a valid claim, you should expect to receive your payment within 15 days of when the Settlement becomes final.

**15.   WHAT IF I DISAGREE WITH THE AMOUNT OF MY PAYMENT?**

You have the right to ask the Claims Administrator or the Court to reconsider the decision on your claim if you believe that the Claims Administrator has incorrectly calculated the amount of any payment. Please review the letter carefully when you receive it because there are specific time limitations regarding the reconsideration process. More details are available in the Settlement Agreement, which is available at www.honeywelljerseycitysettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement, and you want to keep the right to sue Honeywell on your own about the issues in this case, then you must take steps to exclude yourself or "opt out".  This is the only way to avoid giving Honeywell a Release.

**16.   HOW DO I GET OUT OF THE SETTLEMENT?**

To exclude yourself or "opt out" from the Settlement, you must send a letter to the Claims Administrator that includes the following:

- Your name and address.
- The names and current addresses of any co-owners of land you own or owned identified as being in the Settlement Class.
- A statement saying that you want to be excluded from the Class,
- The address of the property at issue.
- Your signature.
- You must mail your exclusion request, postmarked no later than **Month Day, Year**, to:

Honeywell Jersey City Claims Administration
c/o GCG
PO Box 10122
Dublin, OH 43017-3122

Long-Form Notice - Class A

**17.**   **IF I DON'T EXCLUDE MYSELF, CAN I SUE HONEYWELL FOR THE SAME THING LATER?**

No. Unless you exclude yourself, you give up the right to sue Honeywell for the claims that the Settlement resolves.

**18.**   **IF I EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I STILL GET A PAYMENT?**

No. You will not get any money if you exclude yourself from the Settlement.

### THE LAWYERS REPRESENTING YOU

**19.**   **Do I have a lawyer in the case?**

Yes. The Court has appointed the lawyers and firms listed below as "Class Counsel," meaning that they were appointed to represent you and all Class Members:


Howard A. Janet,
Robert K. Jenner,
Kenneth M. Suggs
JANET, JENNER & SUGGS, LLC

and

Steven J. German,
Joel Rubenstein
GERMAN RUBENSTEIN LLP

Anthony Z. Roisman
NATIONAL LEGAL SCHOLARS LAW FIRM, P.C.


You will not be charged for these lawyers. Their fees will be paid out of the settlement fund, as explained below.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**20.**   **HOW WILL THE LAWYERS BE PAID?**

The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for an award to cover costs and expenses, as well as for a fee award of $2,504,250, or 25% of the total amount recovered for the Classes.  Class Counsel will also request that $10,000 be paid to each of the two Class Representatives who helped the lawyers on behalf of the whole Class, for a total of $20,000.  To review the attorneys' request for fees in this case, go to www.honeywelljerseycitysettlement.com.

### OBJECTING TO THE SETTLEMENT

**21.**   **HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?**

Long-Form Notice - Class A

If you are a Class Member, you can object to the Settlement or to requests for fees and expenses by Class Counsel. To object, you must send a letter to the Court that includes the following:

- Your name and address,
- The title of the case, *Mattie Halley, et al. v. Honeywell International, Inc., et al.*
- A statement saying that you object to the Settlement in *Mattie Halley, et al. v. Honeywell International, Inc., et al.*
- The reasons you object, and
- Your signature.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than **Month Day, Year**, to the Court at the following address:

**Hon. Esther Salas, United States District Judge**

**Martin Luther King Building
& U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101**

## 22.   WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND ASKING TO BE EXCLUDED?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement.  If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses. You may attend and, if you submit a written objection and a Notice of Intention to Appear, you may ask to speak, but you do not have to speak.

## 23.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing at **Time x.m.** on **Month Day, Year**, at the United States District Court for the District of New Jersey in Courtroom ###, before United States District Judge Esther Salas.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.honeywelljerseycitysettlement.com.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

Long-Form Notice - Class A

**24.   DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions Judge Salas may have. But, you may come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, to the proper address, the Court will consider it.

You may also pay your own lawyer to attend, but it's not necessary.

**25.   MAY I SPEAK AT THE HEARING?**

If you submitted a written objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

- Your name and address,
- The title of the case,
- A statement that this is your "Notice of Intention to Appear," and
- Your signature.
- You must mail your Notice of Intention to Appear, postmarked no later than **Month Day, Year**, to the Claims Administrator

### IF YOU DO NOTHING

**26.   WHAT HAPPENS IF I DO NOTHING AT ALL?**

If you do nothing you will be bound by what the court decides and you will give up your right to sue Honeywell for any of the claims in this lawsuit.  **You will also not get any money from the Settlement.**

### GETTING MORE INFORMATION

**27.   HOW DO I GET MORE INFORMATION?**

You can visit the website at www.honeywelljerseycitysettlement.com, where you will find answers to common questions about the Settlement and other information to help you determine whether you are a Class Member and whether you are eligible for a payment. If you still have questions, you can call 1-844-322-8243 toll-free or write to The Garden City Group, Inc. at  www.honeywelljerseycitysettlement.com.  Please do not contact the Court for further information.

# EXHIBIT D-2

Long-Form Notice - Class C

# United States District Court
## for the District of New Jersey

### *Mattie Halley, et al. v. Honeywell International, Inc., et al.*

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND YOUR RIGHTS**</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- A settlement has been reached in a class action involving the residential properties in and around Route 440 on the west side of Jersey City, New Jersey.  These residential properties are located in neighborhoods in the vicinity of certain historical "chromium sites."  The "chromium sites" are properties located along Route 440 where chromium chemical products were manufactured and on which chromium ore processing residue ("COPR") was disposed of between approximately 1895 and 1954. These sites are in various stages of remediation being performed by Honeywell International Inc. ("Honeywell").  The New Jersey Department of Environmental Protection has designated these chromium sites as "Study Areas 5, 6, and 7" and "Site 119."

- **The settlement will pay eligible owners of residential real property identified in the areas indicated on the attached map to settle claims related to alleged loss of use and enjoyment, and other property damages, of surrounding properties caused by the presence of these chromium sites and related hexavalent chromium contamination that plaintiffs allege was released from these sites.**  The payments will be made in exchange for agreement to a release of claims against Honeywell International, Inc. ("Honeywell") as more fully set forth in this notice.

**In accordance with the settlement agreement, Honeywell must place Ten Million Seventeen Thousand Dollars ($10,017,000.00) in a court-administered fund to settle this matter.**  The settlement provides for a monetary payment to the owners of each eligible property.  The exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating, and it will be calculated by the Claims Administrator based on the duration of ownership during the period May 17, 2010 through October 1, 2014.  However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment.

| Your Legal Rights and Options in the Settlement | |
|---|---|
| Submit a Claim and Release Form Along with Proof of Property | This is the only way you can get a payment. A Claim and Release Form is enclosed and must be returned with proof of property ownership within 60 days of the date of this letter. |

**Questions?  Call 1-844-322-8243 or Visit www.honeywelljerseycitysettlement.com**
**PLEASE DO NOT CONTACT THE COURT**

Long-Form Notice - Class C

| Ownership | |
|---|---|
| **Exclude Yourself or "Opt-Out" from the Settlement** | **If you exclude yourself or "opt out," you get no money from the settlement.** Excluding yourself or "opting out" is the only option that allows you to ever be part of any other lawsuit against Honeywell about the legal claims in this case. |
| **Object** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement. |
| **Go to a Hearing** | If you object, you may also ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | If you do nothing, you will get no payment.  You will also give up your rights to ever sue Honeywell about the legal claims in this case. |

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement.  Please be patient.

Long-Form Notice - Class C

## BASIC INFORMATION

### 1.   WHY IS THERE A NOTICE?

You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement. The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is called *Mattie Halley, et al. v. Honeywell International, Inc., et al.*, Civil Action No. 2:10-cv-3345. In this notice, the people who sued are called the Plaintiffs, and one of the companies they sued, Honeywell International Inc. is called Honeywell.

### 2.   WHAT IS THIS LAWSUIT ABOUT?

On May 17, 2010, three plaintiffs filed this lawsuit on behalf of themselves and as the representative of a class of similarly situated persons, asserting nuisance and other claims, alleging their properties have been adversely impacted by a chrome ore processing plant and the generation, disposal and alleged historical failure to properly remediate hexavalent chromium contamination and COPR within the Settlement Class boundaries and at several locations along Route 440 in Jersey City known as Study Areas 5, 6, and 7 and Site 119.  The COPR and alleged related hexavalent chromium contamination came from a chromium manufacturing facility formerly operated by the Mutual Chemical Company on Route 440 in Jersey City, New Jersey from 1895 until 1954.  These three plaintiffs alleged that the generation, disposal and historical failure to properly remediate these chromium sites and associated contamination adversely impacted their use and enjoyment of and caused other property damage to their properties.

### 3.   WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims.  A judge can determine that people who have similar claims are members of a class, except for those who exclude themselves from the class. U.S. District Judge Esther Salas in the United States District Court for the District of New Jersey is in charge of this class action.

### 4.   WHY IS THERE A SETTLEMENT?

There has been no trial. Instead, the Plaintiffs and Honeywell agreed to settle this case to avoid the costs and risks of trial. The Settlement provides the opportunity for payment to eligible Class members.  In exchange, under the Settlement, Class Members each give a release, which releases Honeywell for certain claims related to COPR or chromium contamination at Study Areas 5, 6, 7 and Site 119 and within the Settlement Class Boundaries.

Long-Form Notice - Class C

## WHO IS IN THE SETTLEMENT

To see if you can get money from the Settlement, you first have to determine if you are a Class Member.

5.      **HOW DO I DETERMINE IF I'M IN THE CLASS?**

If you received this notice in the mail without requesting it, land records show you may be a current or former owner of residential property covered by this case.  That would make you a class member.  A map showing the area covered by this case is attached.

The Settlement Class is divided into two Classes: "Class A" and "Class C."  Land records show that you may be a member of "Class C".

The area of properties covered in **Class C** is generally comprised of the residential development community known as "Society Hill," which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North.  Settlement Class C includes properties located on both sides of the boundary streets contained in the class definition.

If you are still not sure if you are in the Class, you can call 1-844-322-8243 to see if your property is included in the Settlement.

6.      **WHAT SHOULD I DO IF I MOVE?**

If you move after receiving this notice and before the Settlement is finalized, in order to receive additional important notices including your payment if you are eligible for one, you must call the Claims Administrator at 1-844-322-8243 and give your new address.

## THE SETTLEMENT

7.      **WHAT DOES THE SETTLEMENT PROVIDE?**

The Settlement Agreement, available at the website, www.honeywelljerseycitysettlement.com, describes the details about the Settlement.

In general, the settlement requires Honeywell to place $10,000,017,000 into a settlement fund to be distributed (after payment of certain expenses) to eligible class members.  Thus, the settlement provides for a monetary payment to the owners of each eligible property in Class A and Class C.

## BENEFITS

8.      **WHAT CAN I GET FROM THE SETTLEMENT?**

The Settlement will provide cash payments to those who qualify. The amount of money you will receive will depend on how many people file a claim form seeking payment. The exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible

Long-Form Notice - Class C

members participating.  However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment.

The amount any individual property owner receives will be calculated by the Claims Administrator and will be based on the duration of ownership during the period May 17, 2010 through October 1, 2014.  If you were the sole property owner during this time period, you will receive the entire amount allocated to your property.  If you owned the property during this period, but someone else owned the property either before or after you and also during this time period, payments for your property will be divided among you and the other owner.

9. **WHAT IF I DID NOT OWN MY PROPERTY FOR THE ENTIRE TIME?**

In order to be included in the settlement, you must have owned your property at any time during the period **May 17, 2010** through **October 1, 2014**.

If you owned property during this period, but someone else owned the property either before or after you and also during this time period, payments for your property will be divided among you and the other owner based on how long you each owned the property.

10. **WHAT IF I INHERITED MY PROPERTY?**

If you can demonstrate that you owned the property during the period **May 17, 2010** through **October 1, 2014** then you will be eligible to receive a payment.

11. **WHAT IF THERE ARE MULTIPLE OWNERS OF MY PROPERTY AT THE SAME TIME?**

If you file a valid claim, the Claims Administrator will write a single check payable to all co-owners of the property. The check will be mailed in care of the person to whom this notice was mailed.

12. **WHAT AM I GIVING UP TO STAY IN THE CLASS?**

Unless you exclude yourself from the Settlement (see Question 16), you can't sue, continue to sue, or be part of any other lawsuit against Honeywell to obtain any recovery for injury to property as a result of the disposal, presence, or migration of COPR on, at or from the chromium sites known as Study Areas 5, 6, and 7 and Site 119.  It also means that all of the Court's decisions will bind you.

**THE CLAIMS PROCESS**

13. **HOW CAN I GET A PAYMENT?**

You must complete and return the enclosed Claim and Release Form along with proof that you owned the property at any time during the period May 17, 2010 through October 1, 2014. The Claim and Release Form explains the types of documents that you can submit to show proof of ownership.  You can also submit the Claim and Release Form at the website www.honeywelljerseycitysettlement.com. Please carefully read the Claim and Release Form. If you still have questions about it or the documentation it requests, you can call 1-844-322-8243.  If you submit an incomplete Claim and Release Form or

Long-Form Notice - Class C

provide incomplete documentation, someone may reach out to you to get additional information.

**14.    WHEN WILL I GET MY PAYMENT?**

The Court will hold a hearing on **Month Day, Year** at **Time x.m.** to decide whether to give final approval to the Settlement (*see* Question 23). If the Court approves the Settlement, and the Claims Administrator has determined that you have a valid claim, you should expect to receive your payment within 15 days of when the Settlement becomes final.

**15.    WHAT IF I DISAGREE WITH THE AMOUNT OF MY PAYMENT?**

You have the right to ask the Claims Administrator or the Court to reconsider the decision on your claim if you believe that the Claims Administrator has incorrectly calculated the amount of any payment. Please review the letter carefully when you receive it because there are specific time limitations regarding the reconsideration process. More details are available in the Settlement Agreement, which is available at www.honeywelljerseycitysettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from the Settlement, and you want to keep the right to sue Honeywell on your own about the issues in this case, then you must take steps to exclude yourself or "opt out".  This is the only way to avoid giving Honeywell a Release.

**16.    HOW DO I GET OUT OF THE SETTLEMENT?**

To exclude yourself or "opt out" from the Settlement, you must send a letter to the Claims Administrator that includes the following:

- Your name and address.
- The names and current addresses of any co-owners of land you own or owned identified as being in the Settlement Class.
- A statement saying that you want to be excluded from the Class,
- The address of the property at issue.
- Your signature.
- You must mail your exclusion request, postmarked no later than **Month Day, Year**, to:

Honeywell Jersey City Claims Administration
c/o GCG
PO Box 10122
Dublin, OH 43017-3122

**17.    IF I DON'T EXCLUDE MYSELF, CAN I SUE HONEYWELL FOR THE SAME THING LATER?**

Long-Form Notice - Class C

No. Unless you exclude yourself, you give up the right to sue Honeywell for the claims that the Settlement resolves.

**18.**  **IF I EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I STILL GET A PAYMENT?**

No. You will not get any money if you exclude yourself from the Settlement.

### THE LAWYERS REPRESENTING YOU

**19.**  **Do I have a lawyer in the case?**

Yes. The Court has appointed the lawyers and firms listed below as "Class Counsel," meaning that they were appointed to represent you and all Class Members:

Howard A. Janet,
Robert K. Jenner,
Kenneth M. Suggs
JANET, JENNER & SUGGS, LLC

and

Steven J. German,
Joel Rubenstein
GERMAN RUBENSTEIN LLP

Anthony Z. Roisman
NATIONAL LEGAL SCHOLARS LAW FIRM, P.C.

You will not be charged for these lawyers. Their fees will be paid out of the settlement fund, as explained below.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**20.**  **HOW WILL THE LAWYERS BE PAID?**

The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for an award to cover costs and expenses, as well as for a fee award of $2,504,250, or 25% of the total amount recovered for the Classes.  Class Counsel will also request that $10,000 be paid to each of the two Class Representatives who helped the lawyers on behalf of the whole Class, for a total of $20,000.  To review the attorneys' request for fees in this case, go to www.honeywelljerseycitysettlement.com.

### OBJECTING TO THE SETTLEMENT

**21.**  **HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?**

Long-Form Notice - Class C

If you are a Class Member, you can object to the Settlement or to requests for fees and expenses by Class Counsel. To object, you must send a letter to the Court that includes the following:

- Your name and address,
- The title of the case, *Mattie Halley, et al. v. Honeywell International, Inc., et al.*
- A statement saying that you object to the Settlement in *Mattie Halley, et al. v. Honeywell International, Inc., et al.*
- The reasons you object, and
- Your signature.

Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than **Month Day, Year**, to the Court at the following address:

**Hon. Esther Salas, United States District Judge**

**Martin Luther King Building
& U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101**

## 22. WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND ASKING TO BE EXCLUDED?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses. You may attend and, if you submit a written objection and a Notice of Intention to Appear, you may ask to speak, but you do not have to speak.

## 23. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing at **Time x.m.** on **Month Day, Year**, at the United States District Court for the District of New Jersey in Courtroom ###, before United States District Judge Esther Salas. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.honeywelljerseycitysettlement.com. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

Long-Form Notice - Class C

**24.** **<u>DO I HAVE TO COME TO THE HEARING?</u>**

No. Class Counsel will answer questions Judge Salas may have. But, you may come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, to the proper address, the Court will consider it.

You may also pay your own lawyer to attend, but it's not necessary.

**25.** **<u>MAY I SPEAK AT THE HEARING?</u>**

If you submitted a written objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

- Your name and address,
- The title of the case,
- A statement that this is your "Notice of Intention to Appear," and
- Your signature.
- You must mail your Notice of Intention to Appear, postmarked no later than **Month Day, Year**, to the Claims Administrator

<strong><u>IF YOU DO NOTHING</u></strong>

**26.** **<u>WHAT HAPPENS IF I DO NOTHING AT ALL?</u>**

If you do nothing you will be bound by what the court decides and you will give up your right to sue Honeywell for any of the claims in this lawsuit.  **You will also not get any money from the Settlement.**

<strong><u>GETTING MORE INFORMATION</u></strong>

**27.** **<u>HOW DO I GET MORE INFORMATION?</u>**

You can visit the website at www.honeywelljerseycitysettlement.com, where you will find answers to common questions about the Settlement and other information to help you determine whether you are a Class Member and whether you are eligible for a payment. If you still have questions, you can call 1-844-322-8243 toll-free or write to The Garden City Group, Inc. at  www.honeywelljerseycitysettlement.com.  Please do not contact the Court for further information.

# EXHIBIT E

Short Form Publication Notice

# LEGAL NOTICE

**If you owned residential property near the former chromium plant on Route 440 in Jersey City, New Jersey at any time during the period May 17, 2010 through October 1, 2014, you may be eligible for a payment from a class action settlement**.

### <u>Notice Of Proposed Class Action Settlement And Your Rights</u>

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

Para una notificación en Español, visite www.honeywelljerseycitysettlement.com
o llame 1-844-322-8243

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.

- A settlement has been reached between Honeywell International, Inc. and plaintiffs in a class action lawsuit in which the plaintiffs assert nuisance and other claims, alleging they and their properties have been adversely impacted by the generation, disposal and alleged historical failure to remediate chromium ore processing residue or "COPR" and associated hexavalent chromium at several locations along Route 440 in Jersey City, New Jersey known as Study Areas 5, 6, and 7, and Site 119 and at nearby residential properties.  The COPR and associated hexavalent chromium came from a chromium manufacturing facility formerly operated by the Mutual Chemical Company from 1895 until 1954.  **You may be entitled to receive money as a result of the proposed settlement.**

- Two different areas of residential properties are covered in the settlement: "Class A" and "Class C."  Class A comprises an area within the vicinity of the former Mutual facility on Route 440.  Class C generally comprises the residential development known as Society Hill, located to the West of Class A.  If you owned residential property near the former chromium plant on Route 440 in Class A or Class C at any time during the period May 17, 2010 through October 1, 2014, you may be entitled to receive a settlement payment.  **Please see the map below to determine if your property is covered by the settlement.**

Short Form Publication Notice



- The settlement requires Honeywell to place Ten Million Seventeen Thousand Dollars ($10,017,000.00) into a settlement fund to be distributed (after payment of certain expenses) to eligible class members. The settlement provides for a monetary payment to the owners of each eligible property in Class A and Class C. The exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating. However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment. The exact amount any individual property owner receives will be calculated by the Claims Administrator and will be based on the duration of ownership during the period May 17, 2010 through October 1, 2014. If an individual was the sole property owner during this time period, s/he will receive the entire amount allocated to that property.

- **TO RECEIVE A PAYMENT, YOU MUST FILL OUT A CLAIM AND RELEASE FORM and demonstrate that you own or owned property covered by the settlement.** The claim form is available online at www.honeywelljerseycitysettlement.com, or you can call 1-844-322-8243 to request that a form be sent to you. **You must return the claim and release form by {DATE}.**

Short Form Publication Notice

- **If you do not wish to participate in or be bound by the settlement, you must exclude yourself by filing an "opt-out notice"** available at www.honeywelljerseycitysettlement.com, by {DATE}, or you will be barred from bringing any legal action against Honeywell related to COPR and alleged associated hexavalent chromium contamination at Study Areas 5, 6, 7, and Site 119 and the Settlement Class Areas. **If you exclude yourself, you will not receive any payment under the settlement.**

- The Court will hold a hearing in this case, *Halley, et al. v. Honeywell International, Inc., et al.*, No. 2:10-cv-3345, on {DATE} to consider whether to approve the settlement and class counsel's request for fees, costs, and expenses. You have the right to appear at this hearing personally or through counsel at your own expense, although you do not have to.

- For more information, or to request a more detailed notice, go to www.honeywelljerseycitysettlement.com or call 1-844-322-8243.

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MATTIE HALLEY, SHEM ONDITI, LETICIA MALAVÉ, and SERGIO de la CRUZ,**<br><br>**On Behalf of Themselves and all Others Similarly Situated,**<br><br>　**Plaintiffs,**<br>**v.**<br><br>**HONEYWELL INTERNATIONAL, INC. and PPG INDUSTRIES, INC.,**<br><br>　**Defendants.** | **Civil Action No. 2:10-cv-3345 (ES) (JAD)** |

## ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE

Counsel for Plaintiffs and Honeywell have moved under Federal Rules of Civil Procedure 23(b) and (e) for an order: (1) certifying two settlement classes; (2) preliminarily approving a class settlement on the terms and conditions set forth in the Class Settlement Agreement (the "Settlement Agreement"); (3) appointing Settlement Class Counsel; (4) appointing a Claims Administrator; and (5) approving forms and the procedures for class notice.  Terms capitalized herein and not defined shall have the meanings ascribed to them in the Settlement Agreement. The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement, and all exhibits attached thereto, and has heard the presentations of counsel appearing with respect thereto.  On the basis thereof, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT:**

1.   This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

2.   For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of Settlement Class A and Settlement Class C under the Settlement Agreement (collectively, the "Settlement Classes"), defined as follows:

Settlement Class A:

> Persons who, on or after May 17, 2010, and up to and including October 1, 2014, own or owned any real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class A" on the attached map.  Settlement Class A is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River.  Settlement Class A includes properties located on both sides of the boundary streets contained in the class definition.

Settlement Class C:

> Persons who, on or after May 17, 2010 and up to and including October 1, 2014 own or owned any residential real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class C" on the attached map. Settlement Class C is generally comprised of the residential development community known as "Society Hill", which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North. Settlement Class C includes properties located on both sides of the boundary streets contained in the class definition.

2

3.   In light of the agreement to settle the Action and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied, to-wit:

a.   The Settlement Class is so numerous that joinder of all members is impracticable;

b.   There are questions of law and fact common to members of the Settlement Classes;

c.   The claims of the Settlement Class Representatives meet the numerosity, commonality, typicality and adequacy requirements of Rule 23(a).

d.   The Settlement Class Representatives, represented by counsel experienced in complex litigation, will fairly and adequately protect the interests of the Settlement Classes.

4.   In light of the agreement to settle the Action and the resulting elimination of individual issues that Honeywell contends preclude certification of a litigation class, the questions of law and fact common to all members of the Settlement Classes predominate over questions affecting only individual members of those Classes, and certification of the Settlement Classes is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

5.   If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Classes shall be decertified, all Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped from taking any position relating to class certification.

6.   Shem Onditi is hereby designated as the Settlement Class Representatives for the Class A Settlement Class and Sergio de la Cruz is hereby designated as the Settlement Class Representatives for the Class C Settlement Class.

7.   The following counsel is designated and authorized to act as Settlement Class Counsel: Howard A. Janet, Robert K. Jenner, and Kenneth M. Suggs of JANET, JENNER, & SUGGS LLC, Steven J. German and Joel Rubenstein of GERMAN RUBENSTEIN LLP, and Anthony Z. Roisman of NATIONAL LEGAL SCHOLARS LAW FIRM, P.C.

8.   The Settlement Agreement contains two Settlement Classes: Settlement Class A and Settlement Class C, which together comprise the Settlement Classes.

9.   The members of the Settlement Classes who have not exercised their right to exclude themselves from the Settlement Classes agree to release Honeywell from all claims stemming from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, injuries to business, loss of use and enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever arising out of the ownership of 1-4 family residential property in Settlement Class A area or Settlement Class C area, including without limitation punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that the Class Member ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of this Agreement, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES, that arise out of the release, migration or impacts or effects of COPR, hexavalent chromium, or other chemical contamination (a) originating from the Mutual Facility at any time or (b) present on or released or migrating at or from Study Area 5, Study Area 6 South, Study Area 6 North, Study Area 7, or Site 119 at any time and into the future, including but not limited to property damage, remediation costs, business expenses, diminution of value to property,

4

including stigma damages, loss of use and enjoyment of property, fear, anxiety, or emotional distress as a result of the alleged contamination. Released Claims include claims for civil conspiracy asserted by the members of Settlement Classes A and C. Personal injury, bodily injury, and medical monitoring claims (if any) are not Released Claims. Plaintiffs are not releasing any claims they may have against PPG except as explicitly stated in the Settlement Agreement.

10. The terms and conditions set forth in the Settlement Agreement place the Settlement Agreement within the range of fair and reasonable settlements, making appropriate further consideration at a hearing held pursuant to notice to the Settlement Class. The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

11. A hearing (the "Fairness Hearing") shall be held on _____, 2014, _____ _.m. before the undersigned in Courtroom No. 5A, United States Courthouse, United States District Court for the District of New Jersey.

12. The date of the Fairness Hearing will be included in the Notice of Proposed Class Action Settlement. The purpose of the Fairness Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and should be finally approved; (b) determine whether an order and judgment should be entered dismissing with prejudice the Non-Conspiracy and Conspiracy Claims of the Settlement Class Representatives against Honeywell and PPG and dismissing without prejudice the Civil Conspiracy Claim against Honeywell and PPG with respect to allegations related to Class B brought by Named Plaintiffs who are not Settlement Class Representatives, bringing the litigation of those claims to a conclusion, forever releasing Honeywell from all Released Claims, and permanently barring Class Members from

5

bringing any lawsuit or other action based on the Released Claims; and (c) consider other Settlement-related matters and appropriate attorneys' fees.

13. The Court may adjourn, continue, and reconvene the Fairness Hearing pursuant to oral announcement without further notice to eligible members of the Settlement Classes, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to eligible members of the Settlement Classes.

14. The Court appoints The Garden City Group, Inc. to serve as Claims Administrator.

15. The Court has reviewed the "Notice of Proposed Class Action Settlement and Your Rights" (the "Notice"), attached to the Settlement Agreement, as Exhibits D-1 and D-2, and the Publication Notice, attached to the Settlement Agreement as Exhibit E. The Court approves as to form the Notice and the Publication Notice. The Court also approves the method of directing notice to eligible members of the Settlement Classes, as set forth in paragraph 16 below.

16. Within 30 days of this Order, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States First Class Mail to eligible members of the Settlement Classes whose mailing addresses can be determined through reasonable effort. The Claims Administrator also shall mail copies of the Notice to any other potential members of the Settlement Classes that request copies or that otherwise come to its attention. The Claims Administrator shall also cause the Publication Notice, the content of which shall be substantially as set forth in Exhibit E to the Settlement Agreement, to be published in the Jersey Journal once a week for four consecutive weeks and will also make the Notice available on the website dedicated to this Settlement in both English and Spanish.

17. The Court finds that the foregoing plan for notice to eligible members of the Settlement Classes will provide the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 and applicable standards of due process.

18. Prior to the Fairness Hearing, counsel for Honeywell and Settlement Class Counsel shall jointly file with the Court an affidavit from a representative of the Claims Administrator confirming that the plan for disseminating the Notice and the Publication Notice has been accomplished in accordance with the provisions of paragraph 16 above.

19. Members of the Settlement Classes who wish to exclude themselves from the Class must request exclusion within sixty (60) days of the date of the initial mailing of Notice, and in accordance with the instructions set forth in the Notice. Settlement Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether they submit a Claim and Release Form to the Claims Administrator. Members of the Settlement Classes who submit timely and valid requests for exclusion will not be bound by the terms of the Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim and Release Form to the Claims Administrator.

20. Members of the Settlement Classes who do not request exclusion may submit written comments on or objections to the Settlement Agreement or other Settlement-related matters (including attorneys' fees) within sixty (60) days of the date of the initial mailing of Notice. Any Member of the Settlement Classes who has not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the Member of the Settlement Classes has submitted written objections, may pursue those objections. No Member of the Settlement

Classes, however, shall be entitled to contest the foregoing matter in writing and/or at the Fairness Hearing unless the Member of the Settlement Classes has served and filed by first-class mail, postage prepaid and postmarked within sixty (60) days of the date of the initial mailing of Notice, copies of the statement of objection, together with any supporting brief and all other papers the Member of the Settlement Classes wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Class Member who intends to appear at the Fairness Hearing, provided, however, that counsel is not necessary as the Settlement Class Member may appear and personally object.   Any such objection, brief, notice of appearance, or other related document must be mailed to the Court at the following address: Martin Luther King Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.

21. Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

22. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action as related to Classes A and C, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

23. If the proposed Settlement Agreement is not approved by the Court or for any reason does not become effective, the Settlement Agreement will be regarded as nullified, certification of the Settlement Classes for settlement purposes will be vacated, and the steps and actions taken in connection with the proposed Settlement (including this Order (except as to this paragraph, paragraph 5, and paragraph 24) and any judgment entered herein) shall become void and have no

further force or effect.  In such event, the parties and their counsel shall take such steps as may be appropriate to restore the pre-settlement status of the litigation.

24. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of any of the Plaintiffs, Settlement Class Counsel, Honeywell, any Settlement Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

25.  The court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

**IT IS SO ORDERED:**

Date: _____ _____
                            The Honorable Esther Salas
                            United States District Judge

# EXHIBIT G

Website Notice

# United States District Court
## for the District of New Jersey

### *Mattie Halley, et al. v. Honeywell International Inc., et al.*

### <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND YOUR RIGHTS</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

### <u>OVERVIEW</u>

- A settlement has been reached in a class action involving residential properties in and around Route 440 on the west side of Jersey City, New Jersey. These residential properties are located in neighborhoods in the vicinity of certain historical "chromium sites." The "chromium sites" are properties located along Route 440 where chromium chemical products were manufactured and on which chromium ore processing residue ("COPR") was disposed of between approximately 1895 and 1954. These sites are in various stages of remediation being performed by Honeywell International Inc. ("Honeywell"). The New Jersey Department of Environmental Protection has designated these chromium sites as "Study Areas 5, 6, and 7" and "Site 119."

- The settlement will pay eligible owners of residential real property identified in the area indicated in the map below to settle claims related to alleged loss of use and enjoyment, and other property damage, as a result of the presence of the chromium sites and alleged related hexavalent chromium contamination. The payments will be made in exchange for agreement to a release of claims against Honeywell as more fully set forth in this notice.

### <u>THE LAWSUIT</u>

- On May 17, 2010, three plaintiffs filed this lawsuit on behalf of themselves and as the representatives of a class of similarly situated persons, asserting nuisance and other claims, alleging their properties have been adversely impacted by a chrome ore processing plant and the generation, disposal and alleged historical failure to properly remediate hexavalent chromium contamination and COPR within the Settlement Class boundaries and at several locations along Route 440 in Jersey City known as Study Areas 5, 6, and 7 and Site 119. The COPR and alleged related hexavalent chromium contamination came from a chromium manufacturing facility formerly operated by the Mutual Chemical Company on Route 440 in Jersey City, New Jersey from 1895 until 1954. These three plaintiffs alleged that the generation, disposal and historical failure to properly remediate these chromium sites and associated contamination caused a loss of use and enjoyment, and other property damages to  properties in the surrounding neighborhoods.

1

Website Notice

## THE SETTLEMENT

- There has been no trial in this case. Instead, the Plaintiffs and Honeywell agreed to settle this case to avoid the costs and risks of trial. The Settlement provides the opportunity for payment to eligible Class members.  In exchange, under the Settlement, Class Members each give a release, which releases Honeywell for certain claims related to COPR or chromium contamination at Study Areas 5, 6, 7 and Site 119 and within the Settlement Class boundaries.  (See the map below for the properties covered by the Settlement.)

- The settlement requires Honeywell to place Ten Million Seventeen Thousand Dollars ($10,017,000.00) into a settlement fund to be distributed (after payment of certain expenses) to eligible class members.  The settlement provides for a monetary payment to the owners of each eligible property in Class A and Class C.  The exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating.  However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment.

- You can review the complete Settlement Agreement **here.**

## PROPERTIES BY COVERED BY THE SETTLEMENT

- Two different areas of residential properties are covered in the settlement: "Class A" and "Class C".  Class A comprises an area within the vicinity of the former Mutual facility on Route 440.  Class C generally comprises the residential development known as Society Hill, located to the West of Class A.  **If you owned residential property in Class A or Class C during the period May 17, 2010 through October 1, 2014**, you may be entitled to receive a **settlement** payment.  Please see the map below to determine if your property is covered by the **settlement**.

2

Website Notice



- The Settlement Class is divided into two Classes: "Class A" and "Class C."

- The area of the properties covered in **Class A** is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River. Class A includes properties located on both sides of the boundary streets.

- The area of properties covered in **Class C** is generally comprised of the residential development community known as "Society Hill," which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North. Settlement Class C

3

includes properties located on both sides of the boundary streets contained in the class definition.

- If you are not sure if you are in the Class, you can call 1-844-322-8243 to see if your property is included in the Settlement.

## BENEFITS

### WHAT CAN I GET FROM THE SETTLEMENT?

- The Settlement will provide cash payments to those who qualify. The exact amount of any final payment to the property owners will depend on the Court's award of attorneys' fees and expenses, the costs of administration, and the number of eligible members participating.  However, if all eligible properties participate, it is estimated that each eligible property would receive approximately $1,850 in payment.

  The amount any individual property owner receives will be calculated by the Claims Administrator and will be based on the duration of ownership during the period May 17, 2010 through October 1, 2014.  If you were the sole property owner during this time period, you will receive the entire amount allocated to your property.  If you owned the property during this period, but someone else owned the property either before or after you and also during this time period, payments for your property will be divided among you and the other owner.

### WHAT IF I DID NOT OWN MY PROPERTY FOR THE ENTIRE TIME?

- In order to be included in the settlement, you must have owned your property at any time during the period **May 17, 2010** through **October 1, 2014**.

- If you owned property during this period, but someone else owned the property either BEFORE OR AFTER YOU DURING THIS TIME PERIOD, payments for your property will be divided among you and the other owner based on the amount of time each person owned the property.

### WHAT IF I INHERITED MY PROPERTY?

- If you can demonstrate that you owned the property during the period **May 17, 2010** through **October 1, 2014** then you will be eligible to receive a payment.

### WHAT IF THERE ARE MULTIPLE OWNERS OF MY PROPERTY AT THE SAME TIME?

- If you file a valid claim, the Claims Administrator will write a single check payable to all co-owners of the property. The check will be mailed in care of the person to whom this notice was mailed.

### WHAT AM I GIVING UP TO STAY IN THE CLASS?

- Unless you exclude yourself from the Settlement, you can't sue, continue to sue, or be part of any other lawsuit against Honeywell to obtain any recovery for injury to property in the Settlement Class Areas as a result of the disposal, presence, or migration of COPR on, at or from the chromium sites known as Study Areas 5, 6, and 7 and Site 119.  It also means that all of the Court's decisions will bind you.

## THE CLAIMS PROCESS

### HOW CAN I GET A PAYMENT?

- **TO RECEIVE A PAYMENT, YOU MUST FILL OUT A CLAIM AND RELEASE FORM** and demonstrate that you own or owned property covered by the settlement.  The claim form is available **here**, or you can call 1-844-322-8243 to request that a form be sent to you.  You must return the claim and release form by {DATE}.

- Please carefully read the Claim and Release Form.  If you still have questions about it or the documentation it requests, you can call 1-844-322-8243.  If you submit an incomplete Claim and Release Form or provide incomplete documentation, someone may reach out to you to get additional information.

### WHEN WILL I GET MY PAYMENT?

- The Court will hold a hearing on **Month Day, Year** at **Time x.m.** to decide whether to give final approval to the Settlement (*see* Question 23). If the Court approves the Settlement, and the Claims Administrator has determined that you have a valid claim, you should expect to receive your payment within 15 days of when the Settlement becomes final.

### WHAT IF I DISAGREE WITH THE AMOUNT OF MY PAYMENT?

- You have the right to ask the Claims Administrator or the Court to reconsider the decision on your claim if you believe that the Claims Administrator has incorrectly calculated the amount of any payment. Please review the letter carefully when you receive it because there are specific time limitations regarding the reconsideration process. More details are available in the Settlement Agreement, which is available here.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

- If you don't want a payment from the Settlement, and you want to keep the right to sue Honeywell on your own about the issues in this case, then you must take steps to exclude yourself or "opt out".  This is the only way to avoid giving a Honeywell a Release.

Website Notice

- To exclude yourself or "opt out" from the Settlement, you must send a letter to the Claims Administrator that includes the following:

  - Your name and address.
  - The names and current addresses of any co-owners of land you own or owned identified as being in the Settlement Class.
  - A statement saying that you want to be excluded from the Class,
  - The address of the property at issue.
  - Your signature.
  - You must mail your exclusion request, postmarked no later than **Month Day, Year**, to:

    Honeywell Jersey City Claims Administration
    c/o GCG
    PO Box 10122
    Dublin, OH 43017-3122

## IF I DON'T EXCLUDE MYSELF, CAN I SUE HONEYWELL FOR THE SAME THING LATER?

- No. Unless you exclude yourself, you give up the right to sue Honeywell for the claims that the Settlement resolves.

## IF I EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I STILL GET A PAYMENT?

- No. You will not get any money from the Settlement if you exclude yourself from the Settlement.

### THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in the case?**

- Yes. The Court has appointed the lawyers and firms listed below as "Class Counsel," meaning that they were appointed to represent you and all Class Members:

  Howard A. Janet,
  Robert K. Jenner,
  Kenneth M. Suggs

  JANET, JENNER & SUGGS, LLC

  and

Website Notice

       Steven J. German,
       Joel Rubenstein
       GERMAN RUBENSTEIN LLP

       and

       Anthony Z. Roisman
       NATIONAL LEGAL SCHOLARS LAW FIRM, P.C.

- You will not be charged for these lawyers. Their fees will be paid out of the settlement fund, as explained below.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## HOW WILL THE LAWYERS BE PAID?

- The Court will decide how much Class Counsel will be paid. Class Counsel will ask the Court for an award to cover costs and expenses, as well as for a fee award of $2,504,250, or 25% of the total amount recovered for the Classes.  Class Counsel will also request that $10,000 be paid to each of the two Class Representatives who helped the lawyers on behalf of the whole Class, for a total of $20,000.  To review the attorneys' request for fees in this case, click **here**.

## OBJECTING TO THE SETTLEMENT

## HOW DO I TELL THE COURT THAT I DON'T LIKE THE SETTLEMENT?

- If you are a Class Member, you can object to the Settlement or to requests for fees and expenses by Class Counsel. To object, you must send a letter to the Court that includes the following:
  - o Your name and address,
  - o The title of the case, *Mattie Halley, et al. v. Honeywell International, Inc., et al.*
  - o A statement saying that you object to the Settlement in *Mattie Halley, et al. v. Honeywell International, Inc., et al.*
  - o The reasons you object, and
  - o Your signature.

- Your objection, along with any supporting material you wish to submit, must be mailed and postmarked no later than **Month Day, Year**, to the Court at the following address:

       **Hon. Esther Salas, United States District Judge**

       **Martin Luther King Building
       & U.S. Courthouse**

Website Notice

**50 Walnut Street Room 4015**
**Newark, NJ 07101**

## WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND ASKING TO BE EXCLUDED?

- Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement.  If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

### THE COURT'S FAIRNESS HEARING

- The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses. You may attend and, if you submit a written objection and a Notice of Intention to Appear, you may ask to speak, but you don't have to.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

- The Court will hold a Fairness Hearing at **Time x.m.** on **Month Day, Year**, at the United States District Court for the District of New Jersey in Courtroom ###, before United States District Judge Esther Salas.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check **here**.

- At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

## DO I HAVE TO COME TO THE HEARING?

- No. Class Counsel will answer questions Judge Salas may have. But, you may come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, to the proper address, the Court will consider it.

  You may also pay your own lawyer to attend, but it's not necessary.

## MAY I SPEAK AT THE HEARING?

- If you submitted a written objection, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear and wish to be heard. Your Notice of Intention to Appear must include the following:

  - Your name and address,
  - The title of the case,

8

Website Notice

- A statement that this is your "Notice of Intention to Appear," and
- Your signature.
- You must mail your Notice of Intention to Appear, postmarked no later than **Month Day, Year**, to the Claims Administrator.

## IF YOU DO NOTHING

### WHAT HAPPENS IF I DO NOTHING AT ALL?

- If you do nothing you will be bound by what the court decides and you will give up your right to sue Honeywell for any of the claims in this lawsuit. **You will also not get any money from the Settlement.**

### SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **Submit a Claim and Release Form Along with Proof of Property Ownership** | **This is the only way you can get a payment. A Claim and Release Form is enclosed and must be returned with proof of property ownership within 60 days of the date of this letter.** |
| **Exclude Yourself or "Opt-Out" from the Settlement** | **If you exclude yourself or "opt out," you get no money from the settlement.** Excluding yourself of "opting out" is the only option that allows you to ever to be part of any other lawsuit against Honeywell about the legal claims in this case. |
| **Object** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement. |
| **Go to a Hearing** | If you object, you may also ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | If you do nothing, you will get no payment.  You will also give up your rights to ever sue Honeywell about the legal claims in this case. |

## GETTING MORE INFORMATION

### HOW DO I GET MORE INFORMATION?

- You will find answers to common questions about the Settlement and other information to help you determine whether you are a Class Member and whether you are eligible for a payment on this website: www.honeywelljerseycitysettlement.com.  If you still have questions, you can call 1-844-322-8243 toll-free or write to The Garden City Group, Inc. at

Honeywell Jersey City Claims Administration
c/o GCG
PO Box 10122

9

Website Notice

Dublin, OH 43017-3122

**Please do not contact the Court for further information.**

# EXHIBIT H-1

## *Halley, et al. v. Honeywell International, Inc., et al.*
## Class A Claim and Release Form

**Owner Mailing Address:**
<<Owner Name>>
<<Owner Address 1>>
<<Owner Address 2>>
<<City, State Zip>>

**Covered Property Information:**
**<<Address>>**
<<County, State>>

| INSTRUCTIONS |
|:---:|
|      If you own or owned 1-4 family residential (Class 2) property in the area identified as "Class A" on the below map during the period **May 17, 2010 through October 1, 2014,** you may be eligible for a settlement payment  in this lawsuit against Honeywell International, Inc. if the final settlement is approved by the Court.  YOU MUST COMPLETE THIS CLAIM AND RELEASE FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.  The exact amount of any final payment to class members will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating.  The amount any individual property owner receives will be calculated by the Claims Administrator and will be based on the duration of ownership during the period May 17, 2010 through October 1, 2014. <br><br>      **This Claim and Release Form and any required documentation must be postmarked no later than Month Day, Year.  You may also complete this claim and release form online at: www.honeywelljerseycitysettlement.com.** <br><br>      Please go to www.honeywelljerseycitysettlement.com for more details on documentation that can support your claim and other information. If you still have questions, you can call 1-844-322-8243. |



Note:  Class A is generally bounded by Kellogg Street between the Hackensack River and Society Hill Drive North; Society Hill Drive North between Kellogg Street and Danforth Avenue; Danforth Avenue between Society Hill Drive North and John F. Kennedy Boulevard West; John F. Kennedy Boulevard West between Danforth Avenue and Claremont Avenue; Claremont Avenue between Route 440 and John F. Kennedy Boulevard West; Route 440 between Claremont Avenue and Culver Avenue; and from the intersection of Culver Avenue and Route 440 continuing Northwest to the Hackensack River.  Settlement Class A includes properties located on both sides of the boundary streets contained in the class definition.

| CONTACT INFORMATION | | |
|---|---|---|
| **Name:** _____     _____     _____ | | |
| *(First)*                              *(Middle)*                *(Last)* | | |
| **Telephone No.:** ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___ | | |
| **Email Address:** _____ | | |
| **Current Mailing Address:** _____     _____ | | |
| *(Street)*                                                              *(Unit/Apt #)* | | |

_____   _____   _____
*(City)*                                       *(State)*         *(Zip Code)*

**Social Security No.:** ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___   ~OR~

**Tax ID No.:** ___ ___ - ___ ___ ___ ___ ___ ___ ___

## PROPERTY OWNERSHIP INFORMATION

If you believe you own or owned eligible property, please provide the following information and supply the required proof of ownership information.  If you own or owned more than one property in the "Class A" area, please contact 1-844-322-8243 to request additional claim forms.  One claim form must be submitted for each property you own.

**Address of Eligible Property:**  _____   _____
                                           *(Street)*                                      *(Unit/Apt #)*


_____   _____   _____
*(City)*                                       *(State)*         *(Zip Code)*

**Period of Ownership**

1. When did you purchase or acquire the Property: ____ / ____ (Month, Year)

2. Do you currently own the Property?           Yes      No

*If your answer to Question 2 is "No", please answer question 3.  If your answer to this question is "Yes", please skip to question 4.*

3. If you do not <u>currently</u> own the Property, when did you transfer your interest in, or sell, the Property?  ____ / ____ (Month, Year)

4. Do you currently, or did you previously, own the property with anyone else (for example, a spouse)?

          Yes      No

5.  If your answer to Question 4 is "Yes," please list all other co-owners of the Property.  **Note: Each co-owner must either complete his or her own Claim and Release Form or sign the Release Form below.**

_____
*(Co-owner #1)*
_____
*(Co-owner #2)*
_____
*(Co-owner #3)*

<table>
<tr><td></td></tr>
</table>

| PROOF OF OWNERSHIP |
|---|

The following documents are sufficient to establish proof of ownership.  Please attach a copy of one of the following, and check the box for the document you are attaching:

☐  Deed or Certificate of Title to your Property

☐  Property Tax Assessment

☐  Property Tax Bill

☐  Affidavit of Ownership (attached)

☐  If you currently own the Property, you may also go to this website http://www.njactb.org and search for your name or property address under "Record Search."  Select the "Current Owner / Assessment List" for Hudson County / Jersey City, search for your property, and print out the results.

*Please note that proof of ownership of the Property will be subject to verification.*

| SIGN AND DATE THE CLAIM AND RELEASE FORM |
|---|

**You must sign the Claim and Release Form under penalty of perjury.  Therefore, make sure it is truthful.**

**Certification:**  I hereby certify under penalty of perjury that (1) the above and foregoing is true and correct; and (2) I believe, in good faith, that I currently own title to the Covered Property listed above or that I previously owned title to the Covered Property for some period during the period  May 17, 2010 through October 1, 2014.

**Release of Claims:**  In exchange for and upon receipt of the settlement payment for which I am submitting this claim form, I hereby RELEASE and am forever barred from bringing against Honeywell International Inc. any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, loss of use and enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever arising out of the ownership of 1-4 family residential property in Settlement Class A area or Settlement Class C area, including without limitation punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that I ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of this Agreement, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES, that arise out of the release, migration or impacts or effects of COPR, hexavalent chromium, or other chemical contamination (a) originating from the Mutual Facility at any time through the date of this Claims Form or (b) present on or released or migrating at or from Study Area 5, Study Area 6 South, Study Area 6 North, Study Area 7, or Site 119 at any time through the date of this Claims Form, including but not limited to property damage, remediation costs, diminution of value to property, including stigma damages, loss of use and enjoyment of property fear, anxiety, or emotional distress as a result of the alleged contamination. Released Claims include claims for civil conspiracy asserted by the members of Settlement Classes A and C.  Personal injury, bodily injury, and medical monitoring claims (if any) are not Released Claims.  For

the purposes of this release, the term Honeywell International Inc. includes Honeywell International Inc. and its predecessors, successors, affiliates, assigns, and any related or affiliated companies or other entities, and the employees and agents of each of them.

Property Owner's Signature:

_____

Co-Owner's Signature:

_____

Print Name:

_____

Print Name:

_____

Date: _____

Date: _____

Dates of Property Ownership: _____

If the Property Owner/Claimant is other than an individual or is submitting this form as a legal representative for the actual Property Owner/Claimant, the following additional certification must be provided under penalty of perjury: (1) I am an employee, partner, officer, guardian, or trustee of the Property Owner/Claimant, and as such I am authorized to sign this Claim and Release Form on behalf of the Property Owner/Claimant; or (2) I am otherwise legally authorized to sign this Claim and Release Form on behalf of the Property Owner/Claimant.

_____

Name of Person Signing (type or print)

_____

Capacity of Person Signing
(Guardian, Executor, President, Trustee, etc.)

_____

Signature

_____

Date

## SUBMIT YOUR CLAIM AND RELEASE FORM

Mail this completed Claim Form, and required documentation, postmarked **on or before Month Day, Year**, to:

Honeywell Jersey City Claims Administration
c/o GCG
PO Box 10122
Dublin, OH 43017-3122

**You may also complete this claim and release form online at:**
**www.honeywelljerseycitysettlement.com.**

# EXHIBIT H-2

### *Halley, et al. v. Honeywell International, Inc., et al.*
### Class C Claim and Release Form

**Owner Mailing Address:**
<<Owner Name>>
<<Owner Address 1>>
<<Owner Address 2>>
<<City, State Zip>>

**Covered Property Information:**
**<<Address>>**
<<County, State>>

| INSTRUCTIONS |
|---|
| If you own or owned 1-4 family residential (Class 2) property in the area identified as "Class C" on the below map during the period **May 17, 2010 through October 1, 2014,** you may be eligible for a settlement payment  in this lawsuit against Honeywell International, Inc. if the final settlement is approved by the Court.  YOU MUST COMPLETE THIS CLAIM AND RELEASE FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.  The exact amount of any final payment to class members will depend on the Court's award of attorneys' fees and expenses, costs of administration, and the number of eligible members participating.  The amount any individual property owner receives will be calculated by the Claims Administrator and will be based on the duration of ownership during the period May 17, 2010 through October 1, 2014. <br><br> **This Claim and Release Form and any required documentation must be postmarked no later than Month Day, Year.  You may also complete this claim and release form online at: www.honeywelljerseycitysettlement.com.** <br><br> Please go to www.honeywelljerseycitysettlement.com for more details on documentation that can support your claim and other information. If you still have questions, you can call 1-844-322-8243. |



Note:  Class C is generally comprised of the residential development community known as "Society Hill," which includes the area known as "Droyers Point" within that community, and is generally bounded by Lee Court, Willow Street and Cottonwood Street to the West, Cherry Street to the South, Society Hill Drive North and Kellogg Street to the East and Lyon Court to the North.  Settlement Class C includes properties located on both sides of the boundary streets contained in the class definition.

**CONTACT INFORMATION**

**Name:** _____   _____   _____
           *(First)*                      *(Middle)*                     *(Last)*

**Telephone No.:** ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___

**Email Address:** _____

**Current Mailing Address:** _____   _____
                                         *(Street)*                                          *(Unit/Apt #)*

_____  _____  _____

*(City)*                               *(State)*           *(Zip Code)*

**Social Security No.:** ___ ___ ___ - ___ ___ ___ - ___ ___ ___ ___  ~OR~

**Tax ID No.:** ___ ___ - ___ ___ ___ ___ ___ ___ ___

## PROPERTY OWNERSHIP INFORMATION

If you believe you own or owned eligible property, please provide the following information and supply the required proof of ownership information.  If you own or owned more than one property in the "Class C" area, please contact 1-844-322-8243 to request additional claim forms.  One claim form must be submitted for each property you own.

**Address of Eligible Property:** _____  _____

                                          *(Street)*                                          *(Unit/Apt #)*

_____  _____  _____

*(City)*                               *(State)*           *(Zip Code)*

**Period of Ownership**

1. When did you purchase or acquire the Property: ____ / ____ (Month, Year)

2. Do you currently own the Property?         Yes      No

*If your answer to Question 2 is "No", please answer question 3.  If your answer to this question is "Yes", please skip to question 4.*

3. If you do not <u>currently</u> own the Property, when did you transfer your interest in, or sell, the Property? ____ / ____ (Month, Year)

4. Do you currently, or did you previously, own the property with anyone else (for example, a spouse)?

        Yes      No

5.  If your answer to Question 4 is "Yes," please list all other co-owners of the Property.  **Note: Each co-owner must either complete his or her own Claim and Release Form or sign the Release Form below.**

_____

*(Co-owner #1)*

_____

*(Co-owner #2)*

_____

*(Co-owner #3)*

| PROOF OF OWNERSHIP |
|---|

The following documents are sufficient to establish proof of ownership.  Please attach a copy of one of the following, and check the box for the document you are attaching:

☐  Deed or Certificate of Title to your Property

☐  Property Tax Assessment

☐  Property Tax Bill

☐  Affidavit of Ownership (attached)

☐  If you currently own the Property, you may also go to this website http://www.njactb.org and search for your name or property address under "Record Search."  Select the "Current Owner / Assessment List" for Hudson County / Jersey City, search for your property, and print out the results.

*Please note that proof of ownership of the Property will be subject to verification.*

| SIGN AND DATE THE CLAIM AND RELEASE FORM |
|---|

**You must sign the Claim and Release Form under penalty of perjury.  Therefore, make sure it is truthful.**

**Certification:**  I hereby certify under penalty of perjury that (1) the above and foregoing is true and correct; and (2) I believe, in good faith, that I currently own title to the Covered Property listed above or that I previously owned title to the Covered Property for some period during the period  May 17, 2010 through October 1, 2014.

**Release of Claims:**  In exchange for and upon receipt of the settlement payment for which I am submitting this claim form, I hereby RELEASE and am forever barred from bringing against Honeywell International Inc. any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, loss of use and enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys fees, and claims of any kind or nature whatsoever arising out of the ownership of 1-4 family residential property in Settlement Class A area or Settlement Class C area, including without limitation punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that I ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of this Agreement, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES, that arise out of the release, migration or impacts or effects of COPR, hexavalent chromium, or other chemical contamination (a) originating from the Mutual Facility at any time through the date of this Claims Form or (b) present on or released or migrating at or from Study Area 5, Study Area 6 South, Study Area 6 North, Study Area 7, or Site 119 at any time through the date of this Claims Form, including but not limited to property damage, remediation costs, diminution of value to property, including stigma damages, loss of use and enjoyment of property fear, anxiety, or emotional distress as a result of the alleged contamination. Released Claims include claims for civil conspiracy asserted by the members of Settlement Classes A and C.  Personal injury, bodily injury, and medical monitoring claims (if any) are not Released Claims.  For the purposes of this release, the term Honeywell International Inc. includes Honeywell International Inc.

and its predecessors, successors, affiliates, assigns, and any related or affiliated companies or other entities, and the employees and agents of each of them.

Property Owner's Signature:                           Co-Owner's Signature:

_____             _____

Print Name:                                           Print Name:


_____             _____

Date: _____             Date: _____


Dates of Property Ownership: _____

If the Property Owner/Claimant is other than an individual or is submitting this form as a legal representative for the actual Property Owner/Claimant, the following additional certification must be provided under penalty of perjury:  (1) I am an employee, partner, officer, guardian, or trustee of the Property Owner/Claimant, and as such I am authorized to sign this Claim and Release Form on behalf of the Property Owner/Claimant; or (2) I am otherwise legally authorized to sign this Claim and Release Form on behalf of the Property Owner/Claimant.

_____             _____
Name of Person Signing (type or print)                Capacity of Person Signing
                                                      (Guardian, Executor, President, Trustee, etc.)


_____             _____
Signature                                             Date

## SUBMIT YOUR CLAIM AND RELEASE FORM

Mail this completed Claim Form, and required documentation, postmarked **on or before Month Day, Year**, to:

Honeywell Jersey City Claims Administration
c/o GCG
PO Box 10122
Dublin, OH 43017-3122

**You may also complete this claim and release form online at:**
**www.honeywelljerseycitysettlement.com.**