## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**LETICIA MALAVÉ,**

**On Behalf of Herself**
**and all Others Similarly Situated,**

    **Plaintiff,**

**v.**

**PPG INDUSTRIES, INC.,**

    **Defendant.**

**Civil Action No. 2:10-cv-3345 (ES) (JAD)**

## ORDER AND FINAL JUDGMENT APPROVING CLASS-ACTION SETTLEMENT

WHEREAS, Plaintiff in the above-captioned class action (the "Action") and PPG Industries, Inc. ("PPG") entered into a Class Action Settlement Agreement (the "Settlement Agreement"), (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement); and

WHEREAS, PPG and the Plaintiff in the Action moved under Federal Rule of Civil Procedure 23(b) for an order certifying the class for settlement purposes, and under Rule 23(e) for an order preliminarily approving the proposed settlement of the Settlement Class Members' claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Settlement Agreement;

WHEREAS, in its Order entered on September 16, 2020 (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action on behalf of the following settlement classes:

**Settlement Class B:**

Persons who, on or after May 17, 2010 and up to and including June 5, 2019, own or owned any real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class B" on the attached map. Settlement Class B is generally bounded by Ocean Avenue between Bayview Avenue and Grand Street; Grand Street between Ocean Avenue and Communipaw Avenue; Communipaw Avenue between Grand Street and before Communipaw turns northeast; Suydam Avenue, Pine Street, and Whiton Street southwest of Communipaw Avenue; Distillery Drive; Pacific Avenue from Communipaw Avenue to Caven Point Avenue; Caven Point Avenue between Pacific Avenue and Garfield Avenue; Garfield Avenue between Caven Point Avenue and Bayview Avenue; and Bayview Avenue between Garfield Avenue and Ocean Avenue. Settlement Class B includes Class 2 Residential Property (1-4 Family) properties located on both sides of the boundary streets contained in the class definition.

Settlement Class B Subclass Zone 1: Persons who, at any time during the Class Ownership Period, owned or own real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class B Subclass Zone 1" on the attached map.

Settlement Class B Subclass Zone 2: Persons who, at any time during the Class Ownership Period, owned or own real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class B Subclass Zone 2" on the attached map.

Settlement Class B Subclass Zone 3: Persons who, at any time during the Class Ownership Period, owned or own real property identified as Class 2 Residential Property (1-4 Family) located within the area identified as "Class B Subclass Zone 3" on the attached map.

The Class Ownership Period constitutes the period beginning on May 17, 2010 and ending on June 5, 2019.

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to potential members of the Settlement Classes and directed that appropriate notice of the Settlement be given to potential members of the Settlement Classes; and

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Claims Administrator caused to be mailed to potential members of the Settlement Classes the Notices of Proposed Class Action Settlement and Your Rights ("Notice") beginning on October 18, 2020, caused to be published the Notice of Proposed Class Action Settlement

("Publication Notice"), and published a copy of the Notice on a website maintained by the Claims Administrator; (2) an Affidavit Regarding Mailing of the Notice of Proposed Settlement and Processing of Claim and Release Forms and Exclusion Requests was filed with the Court prior to the Fairness Hearing; and (3) the Affidavit of Regarding Mailing filed with this Court demonstrates compliance with the Preliminary Approval Order with respect to the Notice and the Publication Notice and that in addition to the means of notice ordered by the Court, the Claims Administrators sent a second mailing, published an additional publication notice and purchased internet banner ad impressions targeted to zip codes 07304 and 07305 resulting in over 2,000,000 impressions, such that the best notice practicable under the circumstances was, in fact, given; and

WHEREAS, on September 22, 2020, PPG served notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), on the U.S. Attorney General and on the attorneys general for each state in which a potential claimant resides and no official has taken any action to oppose the proposed Settlement; and

WHEREAS, the Court extended the deadline up to and including January 18, 2021 for potential claimants to submit claims, request exclusion from the class, or object to the settlement and there have been no objections to the settlement; and

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order, on October 14, 2020, PPG established and funded an escrow account at a federally chartered bank in the amount of $5 Million Dollars ($5,000,000.00) as the Settlement Fund; and

WHEREAS, on January 28, 2021 at 2:30 pm, this Court held a hearing on whether the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class Members (the "Fairness Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chosen to appear at the Fairness Hearing; having considered all of the files, records, and proceedings in the Action, the benefits to the Class Members under the Settlement Agreement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiff, the Class Members, and PPG.

2. The Settlement Class Representative and her counsel fairly and adequately represent the interests of the Class Members in connection with the Settlement Agreement.

3. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Plaintiff and her counsel, and PPG and its counsel, and the representatives of the Plaintiff and PPG were represented by capable and experienced counsel.

4. The form, content, and method of dissemination of the notice given to potential members of the Settlement Classes, including both published and electronic notice and individual notice to all potential members of the Settlement Classes who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

5. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

6. Class Members shall be permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

7. The certification of the Settlement Classes, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed.

8. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

9. After this Order and Judgment has become Final, and all periods for appeal or request for review have either expired or have been resolved (hereafter "the Effective Date"), PPG and its predecessors, successors, affiliates, assigns, and any related or affiliated companies or entities and the employees and agents of each of them shall be released from any and all manner of actions, causes of action, suits, debts, judgments, rights, demands, damages, compensation, loss of use and enjoyment of property, expenses, attorneys' fees, litigation costs, other costs, rights or claims for reimbursement of attorneys' fees, and claims of any kind or nature whatsoever arising out of the ownership of Class 2 Residential Property (1-4 Family) in Settlement Class B in the Eighth Amended Complaint, including without limitation punitive damages, in either law or equity, under any theory of common law or under any federal, state, or local law, statute, regulation, ordinance, or executive order that any Class Member ever had or may have in the future, whether directly or indirectly, that arose from the beginning of time through execution of this Agreement, WHETHER FORESEEN OR UNFORESEEN, OR WHETHER KNOWN OR UNKNOWN TO ALL OR ANY OF THE PARTIES, that arise out of the claimed release, migration, deposition, or impacts or effects of COPR, hexavalent chromium, or any other chemical contamination present on, originating from or released, emanating, or migrating at or from (a) the Garfield Avenue Facility; (b) Hudson County Chromium Sites 114, 121, 132, 133, 135, 137, 143, 186, and 207; or (c) the following properties: 33 Pacific Avenue, 800 Garfield Avenue, 816 Garfield Avenue, 78-104

Halladay Street; 84, 86-90, 98-100 and 108 Forrest Street, 457 Communipaw Avenue, Pacific Avenue/Caven Point Avenue, North and South Halladay Street, Carteret Avenue, Forrest Street, Garfield Avenue, at any time through the date of this Agreement, including but not limited to property damage, remediation costs, diminution of value to property, including stigma damages, loss of use and enjoyment of property, fear, anxiety, or emotional distress as a result of the alleged contamination (the "Released Claims"). Released Claims also include claims for civil conspiracy asserted by the members of Settlement Class B. Personal injury, bodily injury, and medical monitoring claims (if any) are not included in Released Claims.

10. Upon the Effective Date, all Class Members (whether or not they file a claim) shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims.

11. All claims asserted by Plaintiff against PPG in the Eighth Amended Complaint are hereby dismissed, with prejudice, with each party to bear its own costs.

12. The expenses of administering the Settlement Agreement shall be paid to the Claims Administrator from the Settlement Fund in the manner set forth in the Settlement Agreement.

13. Incentive awards to the Settlement Class Representative Leticia Malave and the Estate of former Class Representative Mattie Halley in the amount of $10,000 each are reasonable and are approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

14. Attorneys' Fees for Settlement Class Counsel in the amount of $1,250,000 are reasonable and are approved. Reimbursement for Settlement Class Counsel's Expenses in the amount of $243,098.41 are reasonable and approved. The manner of *pro rata* redistribution and

reimbursement of joint Honeywell (Classes A&C) and PPG (Class B) litigation expenses to be reimbursed to the Honeywell claimants, in a final amount to be calculated by the Claims Administrator as provided for in the Memorandum in Support of the Joint Motion for Final Approval, as updated at D.E. 512, are reasonable and are approved. Claims Administration expenses of $98,379.17 are reasonable and approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

15. Each Class Member who has submitted a timely and complete Claim and Release Form to the Claims Administrator shall be paid the amount determined by the Claims Administrator to be awarded to that Class Member in accordance with the terms of the Settlement Agreement and the formulas in D.E. 512. A Class Member may appeal his, her, or its award by filing a letter of appeal with this Court within thirty (30) days of the entry of this Order. Appeals may be made solely on the basis that the Claims Administrator has incorrectly calculated the amount of the award under the terms of the Settlement Agreement.

16. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the parties to the Settlement Agreement, including PPG and all Class Members, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

17. If this Order and Judgment is not a final judgment as to all claims presented in the Action, the Court hereby determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the appeal of all claims as to which final judgment is entered under the Settlement Agreement.

IT IS SO ORDERED.

Honorable John Michael Vazquez
United States District Judge
 Date: 3/15/21